UNITED STATES COURT FOR

THE SOUTHERN DISTRICT OF INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2013 MAY 31  PM 2: 58
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

MARK A. WHITE, Appellate

V.

UNITED STATES OF

AMERICA,   Respondent

CASE NO: 03-2875

1:98-CR-0038-LJM-KPF-3

Seeking permission to file an Application for Certification of Appeal ability (C.O.A) Pursuant to 28 U.S.C 2253 (c) (3) based on a constitutional violation and new interpretation of fed R. Crim P. Rule 52 (b).

### INTRODUCTION

Please listen to this:

Cicero advised that you must not spring at once into the fact specific part of your presentation, since "it forms no part of the question and, men are at first desirous to learn the very point that is to come under judgment" Cicero, CICERO ON ORATORY AND ORATORS 143 (CA. 45 BC, Ralph A. Micken trans (1986).

"Always start with a statement of the main issue, before fully stating the facts" is the insightful advice of the Supreme Court <u>Justice Antonin Scalia</u> and renowned writer on advocacy and the effective use of the English language.

Bryan A. Garner provided in a 2008 published book entitled "<u>Making Your Case – The Art of Persuading Judges</u>" Pg.25, Thomson/West publishing Co. St Paul, Minn 55164.

The principle question or issues presented in this submission are these:

[1]

RECEIVED
MAY 31 2013
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

1.) Whether District Judge Larry J. McKinney committed a clear miscarriage of justice. When he violated clearly established law, by overruling Lilly v. Virginia 527 U.S. (1999) A United States Supreme Court decision?
2.) Whether the Appellate court's approach to "plain error review" violated defendant Whites Fourteenth and Sixth amendments rights to appellate review, while defendant Mark A. White's case was still pending direct review and not yet final?
3.) The need to correct a clear error or prevent the continuation of this manifestation of injustice.

## STANDARD of REVIEW

The standard of review for a Pro Se complaint is liberal if this court can reasonably read this pleading to state a valid legal claim. This Honorable Court should grant this action despite any failure to cite proper legal authority, confusion of legal theories or prior syntax. HAINES V. KERNER 404 U.S. 519 (1972).

STARE DECISIS is not an inexorable command, but instead reflects a policy judgment that in most matter's, it is more important that the applicable rule of Law be settled and that it be settled right. The policy is at its weakest when; The United States Supreme Court interprets the Federal Constitution. Because the Supreme Court's interpretation can be altered only by constitutional amendment or by overruling the Supreme Court's prior decisions. Burnett V. Coronado Oil & Gas Co. 285 U.S. 393 406. 76 Led 815, 52 S.ct 443 (1932).

## ISSUE ONE

In June of 1999 the United States Supreme Court ruled on Lilly v. Virginia 527 U.S. (1999) during the pendency of defendant White's trial, and during the course of the trial. District Judge Larry J. McKinney allowed the admission of out of Court statement's to be heard before the jury, through the recollection of Special Agent Daniel Neukam. This resulted in a violation of defendant White's Sixth amendment confrontation clause right, when Linda Wagnor objected in light of Lilly V. Virginia 527 U.S. (1999) to the admission of the use of the purchased testimony. Because they were purchased and that purchased information under circumstances not reliable and that is historically entrenched, as well rooted exception to the hearsay rule. District Judge Larry J. McKinney overruled Lilly V. Virginia 527 U.S. (1999) even though Ms. Wagnor objected and stated on the record "I understand that you and I disagree on that, and the record reflects it and if we all have to do this again it will be my fault." See exhibit (A) pg.5669, 5670.

[2]

At this point District Judge Larry J. McKinney is admitting and acknowledging his fault in violating clearly established law. By his admittance of this being his fault. Because he's well knowledgeable of the law. The United States Supreme Court has told lower courts that they are not to anticipate the overruling of a Supreme Court decision, but are to consider themselves bound by it until and unless the court overrules it. See, <u>State Oil V. Khan 522 U.S. 3, 20, 118 ct 275, 139 Led 2d 199(1997)</u>. <u>Rodriquez De Quijas V. Shearson /American Express, IN 490 U.S. 477, 484 109 S.ct 1917, 104 Led 2d 526 (1989).</u>

However, the United States Supreme Court rendered its opinion in Lilly V. Virginia in June of 1999, making it the existing law of the land, "meaning established law" and for a District Judge to overrule clearly established law is a clear miscarriage of Justice "which by all rights" is a showing of a substantial right being violated. The effects it had on the jury verdict was influenced by the clear and erroneous error committed by the District Judge Larry J. McKinney for allowing the jury to hear testimony evidence that should have been excluded, according to <u>Lilly V. Virginia 527 U.S. (1999)</u>, of clearly established law. When the United States Supreme Court has made clear, "That the Lower Courts have soundly been informed not to anticipate the overruling of a Supreme Court's decision.

The error committed seriously affects the fairness, integrity and public reputation of judicial proceedings. This warrants a reversal. However, when reviewing for clear error, this court will affirm, if the District court's account of the evidence is plausible in light of the record viewed in its entirety. See, <u>Anderson 470 U.S. at 573, 74</u> and reverse only if this court "is left with a definite and firm conviction that a mistake has been committed. See, <u>U.S. Gypsum Co. 333 U.S. at 395</u>.

Lower courts are not to anticipate the overruling of a United States Supreme Court decision. But are to consider themselves bound by it until and unless the Supreme Court overrules it. However, out of step with current trends in the relevant case may be. The government may contest by stating that the overwhelming testimony evidence may be enough. Well, the jury foreman, Joel Greenberg, said that it was too many inconsistencies in the witness's version of events. See exhibit (B). However, the jury foreman also stated that "the deceased victim Marcus Willis was still helpful to jurors". Greenburg said, "It was almost as if Willis was speaking to them from the grave", when a police officer testified to what Willis told him. This information helped corroborate other testimony about the drug organization. He said, "Now if the judge would not have violated clearly established law, then the jury would not have heard this testimony and the verdict would not have been influenced by this erroneous error.

[3]

## ISSUE TWO

Under the intervening authority of Henderson V. United States 133 S.ct 1121 C2013 and has far back as United States V. Schooner Peggy 5 U.S. 103 c 984 L2d 857 1 cranch 103,110 2 Led 49 (1801) A clear miscarriage of justice has occurred, according to fed R. crim P. Rule 52 (b) which requires an appellate court to correct errors that were not brought to the courts attention. The U.S. Supreme Court also states that, no procedural principle is more familiar to the United States Supreme Court than that of a constitutional right or a right of any other sort may be forfeited in criminal as well as civil cases by failure to make a timely assertion of the right before a tribunal having jurisdiction to determine it. The general rule is that an appellate court must apply the law in effect at the time it renders its decision. See, Ziffrin V. United States 318 U.S. 73, 78 (1943). In deed, Chief Justice Marshall wrote long ago, "It is in the general truth that the province of an Appellate court is only to enquire whether a judgment when rendered was erroneous or not. But if subsequent to the judgment and before the decision of the Appellate court. A law intervenes and positively changes the rule which governs. The law must be obeyed or its obligation denied." In such a case, the court must decide accordingly to existing laws, and if it be necessary to set aside a judgment, rightful when rendered, but which cannot be affirmed but in violation of the law. The judgment must be set aside United States V. Schooner Peggy 5 U.S. 103 c 984 f.2d 857 1 CRANCH 103, 110 2Led 49 (1801).

## SUMMARY OF FACTS

In the petitioner case, defendant White was still pending direct review, when the United States Supreme Court ruled in Crawford V. Washington 541 U.S. 36 (March 8 2004) was decided. So Crawford applies here, because defendant White's case was not yet final and still pending direct review. See, Griffith V. Kentucky 479 U.S. 314,332, 107 S.ct 708, 93 Led 2d, 649 (1989). Defendant White's first appeal was denied on April 9th, 2002 when it was remanded back to the district court for resentencing which occurred on June 13th, 2003. However, on December 30th, 2003 defendant White filed a timely appeal with the Seventh Circuit Court of Appeals, appealing his sentence. During the pendency of his appeal the United States Supreme Court ruled on Crawford V. Washington 541 U.S. 36 (2004). This decision changed the law and the way that the confrontation clause should be applied. According to the Sixth Amendment of the United States Constitution, and the general rule, is that an appellate court MUST apply the law in effect at the time it renders its decision. See, Thorpe V. Housing Authority of Durham, 393 U.S. 268, 281 (1969) See, Ziffrin V. United States 318 U.S. 73, 78 (1943). However, on January 12th, 2005 the United States Supreme Court rendered its decision in United States V. Booker 543

[4]

U.S. 220, 160 Led 2d 621, 125 S.ct 738 (2005), **which this court and the Seventh Circuit Court of Appeals applied to defendant White's case.** While overlooking his Sixth Amendment confrontation clause violation that affected the outcome of the jury verdict. See exhibit (B), where the jury foreman states that "it was almost as if the deceased person was speaking to them from the grave." " Them meaning the jury." Ordinarily when evidence that should have been excluded is erroneously admitted against a defendant, the trial court's error is remedied on Appeal by reversing the conviction and remanding for a new trial. See, E.g. Miles V. State 728 SW2d 382, 389 C.Tx.Crim APP (1987), See, Carmen V. Texas 529 U.S. 513, 146 Led 2d 577, 120 Sct 1620, (May 1st,2000).

However, the Sixth Amendment provides that in ALL criminal prosecutions the accused shall enjoy the right to be confronted with the witnesses against him. Well, in defendant White's case, he was found not guilty and later found by the Seventh Circuit to have no reasonable foreseeability of any kind of wrong doing in the unavailability of Marcus Willis. So in 2005, when this court and the Seventh Circuit rendered its decision in defendant Mark A. White's case it had an obligation to follow the Supreme Court precedent. See, U.S. V. Gillespie 974 f.2d 796, 804 (1992).

### To correct a plain error that existed in front of the court Under Sua Sponte

The District Court has the power to correct and notice plain error under Sua Sponte in the current proceeding to grant relief, either upon its own responsibility or motion E.q. Also, the District Court has statutory authority to modify a sentence that was imposed in violation of the constitution of the United States. On January 13th, 1969 the United States Supreme Court ruled in Thorpe V. Housing Authority of Durham that appellate court's must apply the law in effect at the time of review. The United States Supreme Court in Johnson V. United States 520 U.S. 461, 468 (1997) concluded that, where a trial courts decision was clearly correct under circuit law when made, but becomes "clearly" contrary to the law at the time of appeal "that" it is enough that an error be plain at the time of appellate consideration. However, Henderson V. United States 133 S.ct 1121 (2013) states that it is enough that an error be plain at the time of appellate consideration for the second part of the [ four-part] olano test [ to – be satisfied] Johnson supra at 468,117 S.ct 15514, 137 Led 718. The defendant points out that, at the time of his direct review Crawford V. Washington 541 U.S. 36 (2004) should have been applied to his case and his conviction set aside and vacated. Due to the intervening change of law and the new interpretation of the confrontation clause governed by the sixth amendment. However, at the time of defendant trial, Lilly V. Virginia 527 U.S. (1999) was the existing law and the district Judge committed clear error by violating clearly established law. By allowing the Jury to hear testimony that

[5]

should have been excluded according to the Sixth Amendment of the United States Constitution. Defendant White also asserts that his due process rights are being violated under the fifth and fourteenth amendment, which seriously affects the fairness, integrity and public reputation of judicial proceedings. By not correcting this clear error of law, which is truly resulting in a clear miscarriage of justice. In United States V. Marcus 560 U.S. 130 S.ct 2159 176 Led 2d 1012 (2010) the Supreme Court determined that, reversal was warranted because, (1) The appellate court's approach to "plain error" review contradicted with the Supreme Court's interpretation of the "plain error" rule.

ISSUE 3

The need to correct this manifestation of injustice.

The District Judge Larry J. McKinney is clearly knowledgeable of the law, since he is the Chief Justice for the Southern District of Indiana. First, an error in an order dated 3/6/2009; District Judge Larry J. McKinney denied defendant White's 2255 for being time barred. The District Judge asserts that Crawford V. Washington does not apply. When it is clearly obvious that Crawford V. Washington is the existing law, and in 2004 it should have been applied to the defendants case. Defendant's case was still pending direct review and not yet final. See, Griffith V. Kentucky 479 U.S. 314 (1987). So If the District Court or the Appellate court would have followed the precedent of the Supreme Court, then the defendant would have never been in a position to be time barred or have his fifth, sixth and fourteenth amendments violated. Even if the Judge felt compelled to overrule Lilly V. Virginia 527 U.S. (1999) a United States Supreme Court decision. "Which is where the error derived from" the facts remain that the United States Supreme Court has construed the language in Lilly V. Virginia 527 U.S. (1999) is to exclude uncomforted testimony made to police while in custody, at a preliminary hearing, before a grand jury or at a former trial, so when the district judge overruled Lilly V. Virginia 527 U.S. (1999) he knew at that moment that he was violating defendant Mark A. White's fifth, sixth and fourteenth amendment rights governed by the United States Constitution to be confronted with the witnesses against him. U.S. Constitutional Amendment 6, Lilly V. Virginia 5.

However, in 1985 the rules committee amended rule 52 (A) to clarify that clear error review applies to findings of fact "whether based on oral or documentary evidence" fed R. Crim P 52 (A) (1985). The district court continues to commit error by trying to apply Whorton V. Bockting 549 U.S. 406 (2007) to defendant White's case, essentially saying that Crawford V. Washington does not apply retroactively to defendant White's case. Contrary to what the district judge thinks, defendant White's case was still

pending direct review 4 years before <u>Whorton V. Bockting</u> was ever thought to be decided in 2007. Furthermore, the defendant points out that district judge Larry J. McKinney denied his 2255 on 3/6/2009 for being time barred. The defendant filed his 2255 from the date the United States Supreme Court denied his Writ of Certiorari which was January 8th, 2007. Leaving defendant White to file a timely 2255 by January 8th, 2008, which defendant White did. Since the conclusion of a judgment is not final until rehearing is denied or the time to file for rehearing with the United States Supreme Court. However, in an order dated 8/2/2010 district Judge Larry J. McKinney stated that, Mr. White's direct appeal was concluded on January 8th 2007. When the United States Supreme Court denied White's petition for rehearing. As to the denial of his petition for Writ of Certiorari, See Exhibit C. With this being said, defendant White filed a petition seeking Certificate of Appeal ability with this court, See exhibit D and has been diligently fighting for his constitutional rights to be heard on the merits, and it wasn't until <u>Henderson V. United States 133 U.S. 1121 (2013)</u> that defendant White's constitutional right should have been corrected and restored under fed R. Crim P. rule 52(B) "meaning".

The appellate court had an obligation to apply the existing law at the time of appellate review. See, <u>Johnson 520 U.S</u>... The defendant further asserts that, due to ignorance of the law that mistakes can amount to constitutionally deficiency. This clearly violates defendant White's due process of law as well as clearly established law. Since a conviction may be set aside on the grounds of a fundamental miscarriage of justice. The legacy of Roberts in other courts vindicates the framers wisdom in rejecting a general reliability exception [to the confrontation clause] the framework is so unpredictable that it fails to provide meaningful protection from even core confrontation violations. Reliability is an amorphous, it not entirely subjective concept. The unpardonable vice of the Robert test however, is not its unpredictability, but its demonstrated capacity to admit core testimony statements that the confrontation clause meant to exclude. <u>Crawford 124 S.ct at 1372 (2004)</u>. Because the government relied on Roberts and its progeny in their brief their argument are now largely irrelevant. See, <u>United States V. Saner 313 f. sup 2d 896 April 14th 2004</u>, for the reasons stated above. (1) There is a error (2) The error is plain (3) The error does affect the substantial rights of defendant White's (4) By not correcting this error does seriously affect the fairness and integrity of public reputation of judicial proceedings.

It is clear from the jury foreman's statements that the deceased person's testimony altered the verdict, and if it wasn't for the constitutional violation of the district court, the jury's verdict would have resulted in a different ruling.

[7]

The defendant prays upon the court to set aside and correct side judgment in defendant White's case. The defendant is a first time offender who has been locked up for almost 16 years on the grounds of a constitutional violation and a clear miscarriage of justice.

### CERTIFICATE OF SERVICE

The defendant swears that the foregoing

Is a true bill and testament of facts

And shall be held under the penalty of

Perjury if there is anything not to be true.

Respectfully Submitted,

X   Mark A. White

x *M. White* (signature)

x 5.29.2013

[8]