**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 1:98-cr-0038-LJM-KPF-3 |
| | ) | |
| MARK WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Selected Matters**

**I.**

District courts generally lack subject-matter jurisdiction to revisit sentences already imposed upon defendants. *United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003). Congress has authorized district courts to modify sentences in very limited circumstances.

The defendant seeks modification of his sentence through his filing of May 31, 2013, ostensibly based on 28 U.S.C. § 2253(c)(3). That statute pertains to appellate review of certain district court orders, but does not authorize a district court to vacate a conviction or modify a sentence.

"Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States,* 540 U.S. 375, 381 (2003). Any motion filed in the district court that imposed the sentence, and substantively within the scope of 28 U.S.C. § 2255(a), is a motion under § 2255, no matter what title the petitioner plasters on the cover. *Melton v. United States,* 359 F.3d 855, 857

(7th Cir. 2004) (internal citations omitted); *see also Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007) ("A motion in a criminal case--whether nominally under Fed.R.Crim.P. 33, or bearing an ancient title such as *coram vobis* or *audita querela*--may be treated as one under § 2255, because the caption on a document does not matter.").

Portions of the filing referred to herein suggest that the defendant is not seeking relief from this court, but from the Court of Appeals. If that is entirely the case, he should so notify this court. If the defendant does seek relief from this court, it is apparent that the relief he seeks is within the scope of 28 U.S.C. § 2255, and to that extent he shall have 21 days from the issuance of this Entry in which to show cause why the filing should not be treated as such a motion.

**II.**

The request to proceed *in forma pauperis* [dkt 18] and the motion for attorney representation [dkt 17] are each denied as inapt to the filing discussed in Part I of this Entry.

IT IS SO ORDERED.

Date: 05/08/2014

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Mark White
05671-028
United States Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808