UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 1:98-cr-038-LJM-MJD-3 |
| v. ) | |
| ) | |
| MARK A. WHITE, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S *PRO SE* MOTION TO MODIFY/REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

COMES NOW the United States of America, by Josh J. Minkler, United States Attorney, and Melanie C. Conour, Assistant United States Attorney, in response to defendant Mark A. White's (White) *pro se* motion pursuant to § 3582(c)(2) asking this Court to reduce his previously imposed sentence of 480 months' imprisonment on the basis of an amendment to the United States Sentencing Guidelines which reduced the offense levels for controlled substance offenses on November 1, 2014, makes the following response.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *See Dillon v. United States*, 560 U.S. 817, 827 (2010).

In Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, makes clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive

amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). The "applicable guideline range" is defined in application note 1(A) as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."

White's motion should be denied because his offense level has not changed. At his initial sentencing, White was found responsible for a drug quantity in excess of at least 500 kilograms of cocaine and more than 1.5 kilograms of cocaine base, which converts to a total of 130,000 kilograms of marijuana, a quantity which results in the base offense level of 38. PSR ¶ 47. White's criminal history category was a category II. The sentencing remand resulting from White's direct appeal did not alter the base offense level of 38, it only resulted in the murder cross reference being removed. (Supplemental Addendum to the Presentence Report[1] ¶ 2.) In addition, White's base offense level was increased by two levels for possession of a firearm (Suppl. Addendum to PSR ¶ 3) and increased by two more levels for obstruction of justice (Resentencing Tr. at 16).

White's base offense level remains unchanged at a level 38, and White's sentencing range does not change by application of the new drug quantity table. Therefore, the Court is

---

[1] The Supplemental Addendum to the Presentence Report removing the murder cross-reference pursuant to 2A1.1 was prepared following remand by the Seventh Circuit for resentencing.

without authority to reduce his sentence.

WHEREFORE, the United States respectfully requests the Court deny defendant's motion, and grant such other and further relief as the Court deems appropriate.

    Respectfully submitted,

    JOSH J. MINKLER
    United States Attorney

By:   s:/Melanie C. Conour
    Melanie C. Conour
    Assistant United States Attorney
    Office of the United States Attorney
    10 West Market St., Suite 2100
    Indianapolis, IN 46204
    Phone: (317) 226-6333
    E-mail: Melanie.Conour@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2015, a copy of the government's foregoing Response to Defendant's Motion to Modify/Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) was mailed, by First-Class U.S. Mail, postage prepaid and properly addressed to the following:

Mark A. White
Reg. No. 05671-028
F.C.I. Terre Haute
P.O. Box 33
Terre Haute, IN 47808

                                               s:/Melanie C. Conour
                                               Melanie C. Conour
                                               Assistant United States Attorney
                                               Office of the United States Attorney
                                               10 West Market St., Suite 2100
                                               Indianapolis, IN 46204
                                               Phone:  (317) 226-6333
                                               E-mail:  Melanie.Conour@usdoj.gov