UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF INDIANAPOLIS INDIANA

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION

2015 JUN -8 PM 3: 12

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

UNITED STATES OF AMERICA )
)
vs. ) 1:98-CR-00038-LJM-KPF
)
MARK A. WHITE )

## SHOWING CAUSE TO SUPPLEMENT
## AMENDMENT 782 & 18 U.S.C. 3553(a) FACTORS

COMES NOW, Defendant Mark A. White, pro se, in this matter and respectfully asks this Court to reduce the sentence of imprisonment pursuant to 18 U.S.C. §3582(c)(2). Defendant Mark A. White, acting pro se, respectfully requests this honorable Court pursuant to Haines v. Kirner, 404 U.S. 519, 52, 92 S. Ct. 594, 30 L.Ed 2d 652 (1972) to construe this motion liberally.

## LEGAL ARGUMENT

Under 18 U.S.C. §3553(A) expressly instructs district court to consider the nature and circumstances of the offense and the history and characteristics of §3582(c)(2).

Defendant White believes this Court was not given the proper information pertaining to his juvenile record, which clearly places White in criminal history category 1, under 4A1.1(b)

White was committed to the Indiana Boys School on April 29, 1992, and discharged September 9, 1992. (See Attachment A) At the time of White's original sentence, the PSI stated they were unable to obtain any record of this arrest, which caused White to be

sentenced to a higher category. However, under 4A1.1(b), as defined by law, this language applies to conviction, not arrest, and Defendant White was not convicted of a crime until September 4, 1999. So White should be placed in category 1, reducing his level from 42 to 40.

According to 18 U.S.C. §3582(c)(2), District Courts are authorized to modify and impose sentence in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. A District Court then may reduce the term of imprisonment.

<u>After</u> considering the factor set forth in §3553(A) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statement issued by the Sentencing Commission. The United States Supreme Court has clarified that §3582(c)(2) requires a two step inquiry. However, in determining the factors and Amendments of 706, 750, and 782, which have all been lowered by the Sentencing Commission, in 1998, the threshold weight of cocaine base to reach the highest offense level of 38 was 1.5 kilograms, in 2007, under Amendment 706 to the sentencing guidelines, this amount was again raised to 8.4 kilograms.

Under Amendment 782 to the sentencing guidelines, the amount of cocaine base was once again raised, this time to 25.2 kilograms for base offense level 38. The commission has made the new Amendment retroactive, but with the requirement that reduced sentences cannot take effect until November 1, 2015.

White would like to point out that Amendment 750 has been subsequently overlooked, and applying Amendments 750 and 782 changes White's sentencing range drastically, minusing another 4 points. The miscalculation of criminal history points, should place White at level 36. 188-235. If this Court were to grant all 6 points and place White in the correct criminal history category. If this court refuses to place White in category 1 and leave him in category 2, with the illegal use of his juvenile record, White should be at a level 38, 362-327 in which White asks for the low end of the sentencing range.

Since sentencing disparities is a factor of 3553(A)(6) in United States v. Zakharov, 468 F.3d 1171 (9th Cir. 2006), a case in which a defendant convicted of possession and conspiracy to possess with intent to distribute 9,200 kilograms of cocaine was sentences to 240 months. Also, in United States v. Perlaza, 439 F.3d 1149, 1155, 1158 (9th Cir. 2006), where 9 defendants were all sentenced to 200 months or below for smuggling about 2,000 kilograms of cocaine. Also, in Rodolfo Trujillo District Court No. 2:92-CR-00256-DDP-1 the defendant in this case was sentenced to 360 months for 2,915 kilograms of cocaine.

"Quoting the Ninth Circuit Court of Appeals in United States v. Trujillo N. 11-50353. In Pepper v. United States, 131 S.Ct., 179 L.Ed. 2d 196 (2011), and Call v. United States, 552 U.S. 38, 169 L.Ed. 2d 445 (2007) The Supreme Court made clear that post-sentencing or post-offense rehabilitation particularly in light of its tendancy to reveal a defendant's likelihood of future

3

criminal conduct - was a critical factor to consider in the imposition of a sentence. See <u>Pepper v. United States</u>, 131 S.Ct. 179 L.Ed. 2d 196 (2011). In <u>Kimbrough v. United States</u>, 552 U.S. 85, 91, 169 L.Ed. 2d 481 (2007), the court also emphasized that <u>unwarranted disparities between offenders</u> and the concern that such disparities would result in imposing sentences "greater than necessary" to achieve the objective of sentencing was an important factor for district courts to consider.

Mr. White was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission on three different occasions - Amendment 706, 750, and 782. Pursuant to 28 U.S.C. §994(P) and asks this Honorable Court to please apply all 3 amendments or at least place Mr. White in his correct criminal history category and apply Amendments 750 and 782 subtracting 6 points, leaving 188-235 months

## CONCLUSION

I Mark A. White would like to apologize to this Honorable Court for the role I played in this offense, and would like to share with the Court a personal growth and change within me. I had never considered the importance of my adolescent choices, until I had a conversation with my beautiful daughter Andrea, who is now 22 years old. When I was faced with the realization that I may never be allowed to love her the way a father should love his child, nor would I ever be allowed to hold her hand or

my son's hand as a child or watch them play, or go see them at any of their school programs...Which truly made me look at myself and the choices of my past...I had the same realization with my son who is now 21 years old. I have 5 nieces and nephews, 2 brothers, 1 sister, my mother and my father, and my sweet granny who we all love and would love to have me home.

Now your Honor, I will be the first to admit that I have made some mistakes and I'm sincerely remorseful for a lot of my past choices, and I've paid a great penalty for my actions. So I would truly like to apologize to the Court for my role that I played in that conspiracy; since I was the only defendant never offered a plea deal so I could accept my responsibility in this case. I was 23 years old in 1997 and I'll be 41 this year on July 10th. I'm now a grandfather and I would truly love to have the opportunity to be a part of my grandson's life and a part of my family's life outside the walls of a prison. So I only ask that you have some compassion and look at the man I am today, as I stand at the mercy of the Court.

Success is knowing and loving God.

I, Mark A. White, trust in God and respectuflly submit.

Thank You,
*Mark A. White*
*June 3, 2015*
Mark A. White
05671-028

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the forgoing instrument upon the government by mailing a copy to the U.S. Attorney's address listed below.

*Mark A. White*
Mark A. White

Dated: JUNE 3, 2015

| Name | WHITE, MARK ANTHONY | | DOC921797 | | |
|---|---|---|---|---|---|
| | (last) | (first) | (middle) | Number | Inst. |
| Alias | | SS No. | DOB 7/10/74 | Race Black | STATUS |
| Crime 1 | Possession of Cocaine or Narcotic | | Sntc. | JTC | Inmate |
| DOS 4-29-92 | County Marion | Court Superior | | Cause No. 49D099204JD001610 | |
| Crime 2 | | | Sntc. | JTC | TBS |
| DOS | County | Court | | Cause No. | FD |

Date Rcvd. 5-6-92   Max. Exp.
Commuted On     To    Ex. Ord. No.
Rel. Date     Rel. To
Rtd.     Rtd. W/New C.
Dec. Del.     Reinstated
Discharge Date 9-9-92    Via
Escape     Rtd. From Esc.
Remarks

(OVER)

State Form 36148

THIS IS A TRUE AND ACCURATE COPY OF A DOCUMENT
ON FILE WITH THE INDIANA STATE ARCHIVES
INDIANA COMMISSION ON PUBLIC RECORDS
6440 E. 30TH STREET
INDIANAPOLIS, IN 46219