# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

December 29, 2015

To:   Laura A. Briggs
      UNITED STATES DISTRICT COURT
      Southern District of Indiana
      United States Courthouse
      Indianapolis , IN 46204-0000

| | |
|---|---|
| No. 15-2812 | UNITED STATES OF AMERICA, <br> Plaintiff - Appellee <br><br> v. <br><br> MARK A. WHITE, <br> Defendant - Appellant |
| **Originating Case Information:** | |
| District Court No: 1:98-cr-00038-LJM-MJD-3 <br> Southern District of Indiana, Indianapolis Division <br> District Judge Larry J. McKinney | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:         No record to be returned

This notice sent to:

[]     United States Marshal          [X]     United States Probation Officer

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                                     **Received by:**

12/29/2015                                                   _Maggie Gilstrap_
                                                             Deputy Clerk, U.S.District Court

form name: **c7_Mandate**(form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

Submitted November 25, 2015
Decided December 7, 2015

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Before

DIANE P. WOOD, *Chief Judge*
WILLIAM J. BAUER, *Circuit Judge*
MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 15-2812 | UNITED STATES OF AMERICA, Plaintiff - Appellee<br><br>v.<br><br>MARK A. WHITE, Defendant - Appellant |

| **Originating Case Information:** |
|---|
| District Court No: 1:98-cr-00038-LJM-MJD-3<br>Southern District of Indiana, Indianapolis Division<br>District Judge Larry J. McKinney |

The following are before the court:

1. **MOTION FOR APPOINTMENT OF COUNSEL**, filed on August 31, 2015, by pro se Appellant.

2. **APPELLANT'S BRIEF**, filed on September 22, 2015, by pro se Appellant.

Appellant Mark White seeks counsel to represent him in his appeal, which is timely only with respect the denial of a motion to reconsider the denial of his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. The district

No. 15-2812                            Page 2

court denied the original motion on the ground that White's offense involved 500 kilograms of cocaine and 1.5 kilograms of crack cocaine (the equivalent of 130,000 kilograms of marijuana), and his base offense level of 38 has not been lowered by the recent amendments to the crack cocaine guidelines. *United States v. Irons*, 712 F.3d 1185, 1189 (7th Cir. 2013); *United States v. Poole*, 550 F.3d 676, 687-80 (2008); U.S.S.G. § 1B1.10(a)(2)(B). In his motion to reconsider, White argued that the drug weight attributed to him was incorrect and the court should recalculate the weight. The court denied reconsideration and explained that White had made no showing that the court misunderstood his arguments.

White already has filed his opening brief in the appeal, and he argues that the original drug amount needs to be recalculated and that his criminal history should have been calculated to be only level 1 instead of 2. He suggests that the sentencing court should have determined an individual amount of drugs for each co-defendant, proposing that each of the 9 defendants be held responsible for only 55 kilograms of the total 500 kilograms of cocaine. But White was convicted of money laundering and conspiracy to distribute cocaine, and in a drug conspiracy, "each conspirator is responsible not only for drug quantities directly attributable to him but also for amounts involved in transactions by coconspirators that were reasonably foreseeable to him." *United States v. Turner*, 604 F.3d 381, 385 (7th Cir. 2010), *quoting United States v. Acosta*, 534 F.3d 574, 585 (7th Cir. 2008). White's conspiracy involved large amounts of cocaine, he was involved for five years, and he did not challenge the amount of drugs attributed to him in his direct appeal. *United States v. Thompson*, 286 F.3d 950 (7th Cir. 2002). Under the current drug quantity table, 450 kilograms or more of cocaine results in a base offense level of 38, and White's base offense level remains 38. U.S.S.G. § 2D1.1(c)(1) (2014). Because his guidelines range remains unchanged, the district court lacked the authority to reduce his sentence pursuant to § 3582(c)(2). *Irons*, 712 F.3d at 1189; *United States v. Davis*, 682 F.3d 596, 610 (7th Cir. 2012); U.S.S.G. § 1B1.10(a)(2)(B). Accordingly,

**IT IS ORDERED** that the request for counsel is **DENIED** and the judgment of the district court is summarily **AFFIRMED**.

form name: **c7_Order_3J**(form ID: **177**)