IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

MARK A. WHITE,  )
    Petitioner,  )
    )
v.  )   Case No. 1:98-CR-038-LJM-KPF-3
    )
UNITED STATES of AMERICA,  )   RESPONSE TO ORDER
    Respondent.  )   TO SHOW CAUSE

    Comes now Mark A. White, acting Pro Se, trying diligently to adhere and follow the Rules and Procedures of this Honorable Court. Petitioner White was on the notion that this Court did not obtain the authority to grant Petitioner White with the relief White seeks when asked by this Honorable Court, if White wanted his motion forwarded to the Appellate Court. Petitioner White under the assumption that, since this Court did not possess the authority, then the Appellate Court would be the correct Court.

    This Court never ruled on Petitioner White's motion until after the Appellate Court's decision in Petitioner's White habeas proceeding. Petitioner White paid the sanction fee in his plight of diligence to seek justice from the continuance miscarriage of justice that has prejudiced White since the abandonment of his post conviction counsel in White's initial collateral review proceedings.

    The rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the Court's discretion, McCleskey v. Zant, 499 U.S. 467, 490 111 S. Ct. 1454, 113 L. Ed. 2d 517, (1991). However, Congress has authorized district courts to modify sentences in very limited circumstances. These rules reflect an equitable judgement that only where a prisoner is impeded or obstructed in complying with clear established federal procedures will a federal habeas court excuse the prisoner from the unusual

sanction or default. See, Strickler v. Green, 527 U.S. 263, 289, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999). So allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel, when an attorney's errors caused a procedural default in an initial-review collateral proceeding acknowledges. As an equitable matter, that the initial-review of collateral proceedings, if undertaken without the ineffective counsel, may not have been sufficient to ensure that the proper consideration was given to White's substantial claim. The U.S. Supreme Court in Martinez v. Ryan, states that, ineffectiveness or incompetence of counsel during federal post conviction proceedings shall not be a ground for relief "cause", however, is not synonymous with "a ground for relief". A finding of cause and prejudice does not entitle the prisoner to habeas relief, it merely allows a federal court to consider the merits of a claim that otherwise would have been procedurally defaulted in White's case. Grounds for relief is his ineffective assistance of trial counsel, a claim that AEDPA does not bar. White relies on the ineffectiveness of his post conviction attorney to excuse his failure to comply with procedural rules, not as an independent basis for overturning his conviction. Since 2255 precludes White from relying on the ineffectiveness of his post conviction attorney as a ground for relief, it does not stop White from using it to establish "cause" under Holland v. Florida, 560 U.S. 130 S.Ct. 2549, 177 L. Ed. 2d 130 (2010).

In light of the recent 7th Circuit opinion in Joseph Lombardo v. United States, case number 15-2860, on April 25, 2016. The Court stated, we find that Lombardo has made a substantial showing of the denial of his right to effective assistance of counsel, see 2253(c)(2). The parties shall address whether Lombardo is entitled to equitable tolling because of ineffective assistance of counsel in his initial-review of collateral proceedings, see Trevino v. Thaler, 133 S. Ct. 1911 (2013); Martin v. Ryan, 132, S. Ct. 1309 (2012); Ramirez v. United States, 799 F.3d 845, 852-54 (7th Cir. 2015).

In two of the cases cited, the United States Supreme Court suggests that the landscape has changed regarding the effects of negligent counsel during initial-review of collateral proceedings. In the foregoing cases, they have explained how they have significantly departed from its earlier approach in Coleman v. Thompson, 501 U.S. 722 (1991) and that in certain cases, extraordinary circumstances may justify the reopening of a habeas corpus judgement based on ineffective assistance

of post conviction counsel. However, for the Petitioner to be entitled to equitable tolling of a statute of limitations, the Petitioner must establish that he has been pursuing his rights diligently. The Petitioner has been pursuing every legal avenue since learning of counse's unprofessional conduct and the complete form of incompetence of Attorney Childress-Jones has caused in her miscalculating of the AEDPA deadline, caused mental impairment and a form of dishonesty with her egregious behavior. Petitioner White's showing of cause is based on the recent 7th Cir. opinion in <u>Lombardo v. United States</u>, and the egregious conduct of ineffective assistance of post conviction counsel. Because Petitioner White wrote letters to Attorney Childress-Jones and made repeated phone calls to her office to no avail. Attorney Childress-Jones, did not investigate or research the Procedural Rules or the finality determination. The Petitioner renders that, AEDPA of 1996 is the presumption strength and is reinforced by the fact that equitable principles have traditionally governed the substantive law of habeas corpus. When Congress codified new rules governing this previously judicially managed area of law it did so without losing sight of the fact that the writ of habeas corpus plays a vital role in protecting constitutional rights. "It did not seek to end every possible delay at all cost." However, the United States Supreme Court has followed a tradition in which courts of equity have sought to relieve <u>hardship</u>, which, from time to time, arise from a hard and fast adherence to more absolute legal rules, which if strictly applied threatens the evils of archaic rigidity. The flexibility inherent in equitable procedures enables courts to meet new situations that demand equitable intervention and to accord all the relief necessary to correct this particular injustice.

The question here is whether White has showed cause to excuse a procedural default and the paid sanction handed down by the Court when the 7th Circuit Court of Appeals has changed its proceedings and approaching of ineffective assistance of post conviction counsel? Since equitable tolling excuses the procedural default due to the misconduct of a professional attorney, whose incompetence has amounted to egregious behavior, which creates an extraordinary circumstance that warrants equitable tolling.

So without a proper evaluation of the procedural history of White's claim, the Court continues to engage in a complete miscarriage of justice by refusing

to show equity of justice. Since the sole basis of this error is founded on fraud, negligence, incompetence, and capriciousness, "which is a conscious intent of wrongdoing."

"In the words of Mr. Justice Holmes, speaking for the United States Supreme Court, likewise in regard to a question of procedure, universal distrust creates universal incompetence, Graham v. United States, 231 U.S. 474, 480 58 L. Ed. 319, 324, 34 S. Ct. 148; if in a rare instance a district judge abuses the discretionary authority, the want of which precludes an effective, independent judiciary. There is always the opportunity for corrective review by a Court of Appeals and ultimately by the Supreme Court." The infringement of White's Constitutional Rights has been dawadled by this court and an officer of the court since attorneys are officers of the court. Since they are permitted to practice law, Ex parte Garland, (U.S.) 4 Wall 333, 71 L. Ed. 366 (1867). "Justice Cardozo stated for the New York Court of Appeals, members in the bar is a privilege burden with conditions. The attorney was received into that ancient fellowship for something more than private gain. He became an officer of the Court and like the Court itself, an instrument or agency to advance the ends of justice. He might be assigned as counsel to the needy, in criminal or civil causes, and serving without pay. People ex. Rel. Karlin v. Culkin, 248 NY 465, 470-471, 162 NE 487, 489 (1928). C.F.E. Brown, lawyers and the promotion of justice 253-254 (1938); because the lawyer is bound by his professional oath to render gratutious service to poor persons. It has long been customary for the Court to assign counsel to those who cannot furnish their own attorney. H. Drinker legal ethics 62-63 (1963) R-Smith, Justice and the poor 100 (196) in addition to the inherent power of courts to assign attorneys on the general theory that they ARE AGENTS of the court and ministers of justice.

So in White's initial 28 U.S.C. § 2255, this Court construed White's attorney as an agent, like an agent was something other than an attorney of law or an officer of the Court. This Court improperly denied White's motion without discussing how his post conviction counsel's performance affected the integrity of the proceedings. After White's post conviction counsel abandoned White and left him with a jurisdictionally out of time habeas corpus appeal. Petitioner White ask this Court to examine all the circumstances and bear in mind the need

for invoking the rule and integrity to demonstrate why extraordinary circumstance justify relief, pertinent and sincere consideration included please. A change in the Supreme Court's approach to the fundamental rules for deciding habeas corpus cases have changed. The diligence of the Petitioner of whether alternative remedies were available. Petitioner White's only chance of raising ineffective assistance of trial counsel was in his initial 28 U.S.C. § 2255, which is mirrored to 28 U.S.C. § 2254, which is the initial review for collateral proceedings.

Petitioner White would like to point out that this 28 U.S.C. § 2253(c)(2) motion is not the same as his previous motion to this Court. The issues presented are quite different in questions of law and facts. The only similarity is the effect the deceased person had on White's jury. The jury, the judge, and everyone who listened to the deceased person speak from the grave. So within the interest of justice Petitioner White has showed due diligence and cause to have his claims heard on the merits of law. Petitioner White asserts any additional showing of cause to please refer to White's initial 2255 and White's 2253 in 2009.

### ERRORS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

1.) The omission of the district judge's statement on the record stating, (that jury heard us <u>treat him</u> as if <u>he</u> was right there on the stand); "meaning" the deceased person testimony. This error was so obvious and prejudicial without an objection by White's trial counsel, that the error affected the outcome of the verdict and White's substantial rights.

2.) Attorney's failure to object to an error in the Court's guideline calculation that results in a longer sentence for the defendant can demonstrate constitutionally ineffective performance of trial counsel.

3.) Attorney's failure to investigate and raise clearly established federal law during the pendency of the defendant on direct review can demonstrate constitutionally ineffective of trial counsel.

4.) Trial counsel's ignorance of the relevant law can be objectively deficient

under Strickland v. Washington, 466 U.S. 668 (1984).

### ERRORS OF POST CONVICTION INEFFECTIVE ASSISTANCE

1.) The miscalculation of the AEDPA deadline to adequately file White's initial 28 U.S.C. § 2255 post conviction appeal in a timely manner.

2.) The failure to investigate and research the rules and federal procedure of Constitutional Law.

3.) The complete incompetence and ineffective assistance as an attorney and officer of the court, defrauded Petitioner White which prejudiced him and abandonment of his legal right.

Petitioner White has showed cause why this Court should not dismiss his motion and under Miller El v. Cockrell, White has demonstrated a substantial claim which has merit to over-come the default and sanction by the Court because, had it not been for the errors of the attorney, the outcome in White's proceedings would have been different, absent the error. Therefore, a good cause showing and in the interest of justice.

I, Mark A. White, Respectfully Submit,

_Mark A. White_
Mark A. White (USMS No. 05671-028)
FCI Hazelton
P.O. Box 5000
Bruceton Mills, West Virginia 26525
Petitioner, Pro Se

Dated this 27 day of June, 2016.