NO-03-2875
UNITED STATES DISTRICT COURT
IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT



1:98-cr-38-JMS-MJD-03

UNITED STATES OF AMERICA
Plaintiff - Appellee

v.

MARK A. WHITE
Defendant - Appellant

## MOTION PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 52(b)

"A CONVICTION UNDER AN UNCONSTITUTIONAL LAW
IS NOT MERELY ERRONEOUS, BUT IS ILLEGAL AND VOID"
<u>SIEBOLD AT 376</u>
WHITE'S ARGUMENT IS BASED ON INTERVENING CHANGE
IN LAW TO WHICH THE COURT REFUSE TO RECOGNIZE

M.A White  4.23.18
Mark A. White
No. 05671028
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

## OPENING STATEMENT

White brings to the Court's attention, in ex parte, <u>Siebold</u>, 100 U.S. 371, 25 L. Ed. 717 (1880). The Court addressed why a substantive Rule must (pg. 616) have retroactive effect regardless of when the defendant's conviction became final. However, White's claim of plain error was committed by a three judge panel with regards to applying <u>Apprendi v. New Jersey</u>; and, <u>Crawford v. Washington</u>. At this time, White asks this Court to review a decision in <u>Mack v. McCann</u>, 530 F.3d 523 (2007). Where it states, "although <u>Apprendi</u> is not retroactive, <u>it applies in cases where a defendant's sentence was still pending direct appeal</u> at the time <u>Apprendi</u> was decided. However, this Court has recognized that because of the new sentencing proceedings, Mack's case was still on direct appeal. Also, White contends that, this Court's decision has resulted in an unreasonable application of clearly established federal law. As determined by the U.S. Supreme Court and contrary to the court's position. <u>A full review of the record will provide that White's case was still pending at the time of Apprendi and Crawford was decided</u>. And a refusal to examine the record is a form of cruel and unusual punishment and a fundamental miscarriage of justice by the court. However, <u>before Siebold, the law might have been thought to establish that, so long as the conviction and sentence were imposed by a court of competent jurisdiction</u>, no habeas relief could issue. <u>In siebold</u>, however, the petitioner's attacked the judgments on the ground that they had been convicted under unconstitutional statutes. The court explained that [if] this position is well taken, <u>it affects the foundation of</u> the whole proceedings, Id at 376, 25 L.Ed. 717.

<u>A conviction under an unconstitutional law is not merely erroneous,</u>

i

but is illegal and void, and cannot be a legal cause of imprisonment. Also, the Supreme Court recognized in United States v. Olano, that the court's interpretation of Federal Rule of Criminal Procedure 24(c) was plainly erroneous, eventhough it had yet to be said by an appellate court, because the text of the Rule was so clear. However, this equally applies to the Seventh Circuit's erroneous interpretation of Rule 52(b), because like Rule 24(c), the text of Rule 52(b) is very clear. However, it is the duty of the court to ensure that, a defendant right to be heard and must never be reduced to a formality. Puckett v. United States, 129 S. Ct. 1423, 1429, 123 L. Ed. 2d 266 (2009). Also, this is not a 2255 motion, this is a motion pursuant to Federal Rule of Criminal Procedure 52(b). Which by its expressed terms can be filed to this Court and is not under any time constraints. So, its quite important that, the court take care of the "pain" in "plain error" to maintain the careful balance of Rule 52(b). Strikes between judicial efficiency and the redress of injustice. Puckett, 556 U.S. at 135.

The intervening change in law has made this error in White's case reviewable for plain error review. Since White's conviction and sentence rest on an invalid reasoning in light of Siebold, 100 U.S. 371, 25 L.Ed. 717(1880).

Rule 52(b) plain error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court. This rule is a restatement of existing law. Wiborg v. United States, 163 U.S. 632, 658, 41 L. Ed. 289, 16 S. Ct. 1127 (1896). However, if it be found that the court had jurisdiction to try the petitioner or that in its proceedings his constitutional rights have been denied and the remedy of habeas corpus is available, ex parte Lang, 18 Wall 163, 178, 21 L.ed. 872 (1874).

Comes now the Petitioner Mark A. White, seeking review by this Honorable Court, pursuant to Federal Rule of Criminal Procedure 52(b).

The error he presents is an error of clearly established law committed by the three judge panel during White's direct appeal. Who violated Fed. R. Crim. Proc. 52(b) through the panels erroneous interpretation of Rule 52(b). Which was plainly erroneous because the text of the Rule is so clear. See, Henderson v. United States, 568 U.S. 266, 133 S. Ct. 1121, 185 L. Ed. 2d 85 (2013). In fact, prior to the Supreme Court's decision in Henderson, "The entire Seventh Circuit interpretation of Rule 52(b) was plainly erroneous," as it was being applied by the justices. Given the fact that trial errors cannot be seperated from appellate errors, and it is both a duty and obligation of the Justices to know what the law is, and apply it accordingly.

However, the panel's erroneous interpretation of Rule 52(b) has led the panel's failure to apply the settled law as it was at the time of White's direct appeal was decided. Specifically the panel failed to apply the new Supreme Court decision of Apprendi v. New Jersey, U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348, decided June 26th (2002). As well as the decision in Crawford v. Washington, 541 U.S. 36, 158 L. Ed. 2d 177, 124 S. Ct. 1354, decided March 8th, 2004. White also points out that United States v. Booker, 543 U.S. 220, decided january 12th, (2005) was applied and recognized by the panel in United States v. White, 466 F.3d 827 (7th Cir. 2005) and remanded back in light of U.S. v. Booker.

However, it is the duty of the panel to apply Apprendi v. New Jersey, Crawford v. Washington and United States v. Booker. See, Thorpe v. Housing

1

Authority of Durham, 393, U.S. 268, 281, 89 S. Ct. 518, 21 L. Ed. 2d 474 (1969),
as it was stated by Chief Justice Marshell long ago! The province of an appellate
court is only to enquire whether a judgment when rendered was erroneous or not,
but if subsequent to the judgment and before the decision of the appellate
court, a law intervenes and positively changes the rule which governs, the
law must be obeyed, or its obligation denied... In such a case the court must
decide according to existing laws, and if it be necessary to set aside a judgment
fightful when rendered. But which can not be affirmed but in violation of
law, the judgment must be set aside. United States v. Schooner Peggy, 1 Cranch
103, 110, 2 L. Ed. 49 (1801). However, in Wiborg v. United States, 163 U.S.
632, 41 L. Ed. 289, 16 S. Ct. 1127, (1896). "States" the court of appeals
should no doubt correct a plain forefeited error that affects the conviction
or sentencing of a defendant.

## APPLICATION OF APPRENDI

Petitioner White would like to bring to the court's attention a statement
of then Chief Judge Flaum in United States v. Macedo, 406 F.3d 778 (7th Cir.
2003) at the time of Macedo's sentencing on September 11, 2002. "The Sixth
Amendment and the reasoning of Apprendi were not yet understood to apply."
So with this statement how could this panel adequately adjudicate White's
Apprendi claim? When the understanding of clearly established law was misunder-
stood by the Court? So, when the panel failed to properly apply the new Supreme
Court decision of Apprendi v. New Jersey, 530 U.S. 466 (2000) to White's direct
appeal the panel interpretation of Fed. Rules of Crim. Proc. 52(b) was plainly
erroneous as well as the opinion of Apprendi itself and how it was being applied
in the Seventh Circuit.

2

Because Apprendi set forth that any fact (other than a prior conviction) that increases the sentence beyond the statutoty maximum must be submitted to the jury and proven beyond a reasonable doubt. Also, White through his counsel did object to the P.S.I. calculation and raised this issue at sentencing and on his first direct appeal. (Case no. 99-4019), arguing that the district court erred by failing to submit drug quantity to the jury because drug quantity determines the maximum sentence under 18 U.S.C. 841(A). See, <u>United States v. Nance</u>, 236 F.3d 820 (7th Cir. 2000). And the panel incorrectly found that the defendant did not object as such and plain error was the approproate standard of review. So, "the panel then set forth to proceed on plain error review. That, White must show that, the jury would not have been able to find that the conspiracy distributed over 5 kilograms of powder cocaine. The amount necessary to support the sentence imposed by the court and based on evidence that the defendant cannot make this showing." However, it was at this pivotal point where the panel's erroneous interpretation of Rule 52(b) and the Apprendi decision that creates this plain or clear error being presented today. <u>The Apprendi error does not require White</u> to show the panel that the jury would not have been able to find this element. Which was ultimately decided by the panel. So, to hold this to be true "means" that we would allow the panel of three judges to replace a jury of twelve and render Apprendi a [nulity] under the plain error review.

However, the essence of a new rule is the time it became settled for Fed. R. of Crim. Proc. 52(b) to apply for appellate court's to apply the rule. So, when the Supreme Court decision was made, it was clear that, Apprendi requires that any fact that increases a range of punishment must be submitted to the jury, and found by them (the jury) beyond a reasonable doubt. It is

3

therefore not a question of whether in the panel's opinion [of] what the jurors would have believed or what they would have found, "but" rather the position of law after Apprendi became settled law. <u>So it is not ever</u> the position after Apprendi to allow such a fact to circumvent the jury's verdict and be affirmed by a panel of three judges.

Therefore the panel's erroneous interpretation and understanding of Rule 52(b) and Apprendi has led to this erroneous finding. Because the error is clear and simple, when White was deprived of that <u>fact</u>, which increased the maximum penalty, not being presented to the jury and the defendants made that showing, therefore White's Apprendi error was plain, when the district court failed to present the element of drug quantity to the jury and the panel erroneously applied Rule 52(b) and the reasoning of Apprendi and affirmed White's sentence in violation of Apprendi.

Therefore White is entitled to be resentenced with a maximum sentence of 20 years. However, the panel's opinion set forth testimony relating that a less than 5 kilogram transaction occurred (testimony by Officer Neukam). Thus the panel of 3 judges were never present at trial, so it is not their place to later credit certain testimony over other testimony. When neither one of the judges ever stepped foot in the court room. Thus the jury could have discredited the given testimony of every witness except that of Officer Neukam's and therefore the conviction would not support a 40 year sentence. Thus, White needed to only show the fact that the drug quantity was never presented to the jury. Which it was not, and this is where the plain error occurred. However, "Chief Justice's Flaum, Easterbrook and Williams, "states" in <u>United States v. Macedo</u>, 406 F.3d 778, that as of September 11, 2002, the

4

Sixth Amendment and the reasoning of Apprendi were not yet understood." So, this statement alone confirms that, for over 2 years, after Apprendi that the entire Seventh Circuit interpretation of clearly established law was clearly erroneous. So, according to Wiborg v. United States, 163 U.S. 632, 41 L. Ed. 289, 16 S. Ct. 1127 (1896). In order to prevent an injustice, courts will, in criminal cases, correct a fundamental error even though the question was not properly saved. So this panel should correct this error and order that White be resentenced with a maximum of 20 years. As one's liberty should not be based on three Judges taking the place of twelve jurors, not construing White's Apprendi claim on what they believe would of, could of, or what should of been credited and found by the jury. "But rather based on clearly established law."

## APPLICATION OF CRAWFORD

Petitioner, White argued on appeal the nature of Willis' hearsay statements, because they violated White's rights under the confrontation clause, which bars the admission of such testimony because the central concern of the confrontation clause is to ensure the reliability of the evidence against a criminal defendant, by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact.

White argued that there was no indication of reliability or trustworthyness of Willis' hearsay statements. The district court applied Ohio v. Roberts, 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531. Which was relied upon by the panel when it concluded its first direct review. However White's direct review spanned from December 1999, through May 3, 2005 and this is where the panel

5

failed to apply the "new settled law" under Crawford v. Washington, 541 U.S. 36. Because the law prior to Crawford was unsettled.

Therefore, as of March 8th, 2004, under Thorpe v. Housing Authority of Durham, 393 U.S. (1969) and under Fed. R. Crim. Proc. 52(b) the panel failed to apply Crawford and Apprendi while affirming White's sentence and conviction on an erroneous interpretation of the law, or a deliberate intention to violate White's constitutional rights, and that affirmation was therefore in violation of clearly established law. See, United States v. Schooner Peggy, 5 U.S. 103, 1 Cranch 103, 110, 2 L. Ed. 49 (1801). However, the court's refusal to apply the new standard of law has resulted in a fundamental miscarriage of justice. Which in turn has resulted in White's loss of liberty in a most egregious fashion. Because applying the new settled law would have rendered Willis' statements inadmissable under Crawford, which had a prejudicial affect on the verdict. However, had the panel applied the correct interpretation of clearly established law, "White's conviction would have been vacated." But since the panel erroneously failed to apply Crawford, through Rule 52(b) When Crawford overruled Ohio v. Roberts, 448 U.S. 56 (1980) establishing settled law, where before the law was unsettled, and that such statements as those made by Willis, violated White's Sixth Amendment rights under the confrontation clause of the Sixth Amendment.

Therefore, the panel's actions, or lack thereof, under Rule 52(b) is a clear miscarriage of justice, which affects the integrity, fairness and public reputation of the judicial proceedings.

In the instant case the Seventh Circuit failed to apply Apprendi, which

6

affects White's sentence, and Crawford, which affects White's conviction, which otherwise would have required the court to vacate White's conviction and order a new trial absent the admission of the hearsay testimony.

## CONCLUSION

The Petitioner is requesting to this Court to exercise its <u>sua sponte authority</u> to re-open White's case and correct the reviewing panels error of law. White contends that the panel's decision in <u>U.S. v. Thompson</u>, 286 F.3d 960 (7th Cir. 2002) of which he is a party, was erroneous and creates a clear miscarriage of justice by depriving him of his fundamental constitutional rights under the due process clause of the Fifth Amendment and the confrontation clause of the Sixth Amendment.

Further, White contends that the panel's misapplication of the plain error standard of Rule 52(b) in effect deprived him of a <u>fair appellate review</u> of his constitutional claims, as the foregoing argument clearly shows, the panel's failure to apply clearly established law has affected White's substantial rights resulting in the loss of his liberty.

1. Findings solely by the Judge is plain error.

2. It's enough that the error was plain at the time of the appeal.

3. The U.S. Supreme Court's resolution of unsettled law that was split in the circuit courts of appeal is applicable to the proceedings in this case and White's substantial rights.

4. The erroneous interpretation of Fed. R. of Crim. Proc. 52(b) by the court and Chief Judge Flaum's confirmation that the Sixth Amendment and the reasoning of Apprendi was not yet understood in the 7th Circuit two years after Apprendi v. New Jersey was decided, constituting clearly established law, affects the judicial and public reputation of the proceedings in the instant case. Also, White contends that if the Chief Judge's reasoning is misunderstood, then how could the court adequately adjudicate White's proceedings? So, when it comes to the forth prong of plain error review it's clear that Mr. White also enjoys a reasonable probability of success, for who wouldn't hold a rightly diminished view of our court if the court will allow an individual to linger longer in prison than the law requires, only because the court is unwilling to correct their own obvious mistakes, United States v. Umena, 772 F,3d 1328, 1333 (2014).

Quoting Justice Gorsuch, "The lone peril in the present case seems that, the possibility that, the court might permit the government to deny someone his liberty longer than the law permits, only because the court refuse to correct an obvious judicial error." Hicks v. United States, 137 S. Ct. 2000 (2017). However, because the trial court and appellate court has had from 1999 until 2005 to correct and apply the right standard of clearly established law because the trial court and appellate court should have known the law and all the plain errors that fall within the rules. Ambit courts must apply the federal rules as they are written. See, Leatherman v. Tarrant County Narcotics Intelligence and Cordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 122 L. Ed. 517 (1993). And no basis is apparent for reading into Rule 52(b) an exception for factual errors.

However, in light of the high standard of proof beyond a reasonable doubt, this Court cannot save this sentence on the grounds that "any reasonable jury would have convicted" see, U.S. v. Armour, 840 F.3d 904 (7th Cir. 2016). This same assumption of "would have convicted" standard was applied to White. "A standard prior to today" that, has allowed the court to disavow the extravagant protection envisioned by the framers of the constitution. However, in U.S. v. Martin, 286 F.3d 609, March 1, 2002, this Court stated that there is no error plain or other wise if the defendant's sentence do not exceed 20 years. Opinion by Flaum, Bauer, Wood Jr.

---

However, on April 9th, 2002, in U.S. v. Thompson, 286 F.3d 960, White, Boddie, and Spradley all received sentences over 20 years. Opinion by Ripple, Evans, and Williams. This is another confirmation of the misunderstanding of the reasoning of Apprendi and the Sixth Amendment by this Appellate Court. So, the panel's neglect and total disregard of White's constitutional rights displays a complete failure of the panel's ethical obligation and duty of the court, has prejudiced White in the most egregious and extreme way. As White's loss of liberty has been taken based on an erroneous interpretation of clearly established law and Fed. R. of Crim. Proc. 52(b).

However, based on the Seventh Circuit judicial stance of Fed. R. of Crim. Proc. 52(b) the entire Seventh Circuit understanding was that "they did not have the authority to correct plain error review of clearly established law if a defendant did not object below, or if the law became settled on appeal."

[So] the mere fact that the court did not know this standard of law warrants reversal and vacation of conviction.

9

However, there is no question that the hearsay testimony as to Willis provided injurious effect to the jury's verdict and under Crawford this testimonial statement would not have been allowed.

So in Judge McKinney's order dated March 6th, 2009, regarding White's Crawford claim, states that, White cannot benefit from Crawford because White's case was "<u>Might be thought to have been final</u> prior to Crawford" at the time Crawford was decided.

However, White's direct appeal did not become final until (2005) long after Crawford was decided, again another error by the court.

It was the failure of the panel that is presented within this instant petition that has caused White to file subsequent pleadings raising these issues. So the denial of those pleadings as to being procedurally defaulted is because there was a time and place for these issues to be addressed. "Which was on White's direct appeal".

However, if it were not for the panel's failure to apply or render the law that was in effect at the time of the opinion of this Court, "White would never had to file these additional pleadings." There is no doubt the Supreme Court's holding in <u>Ex Parte Siebold</u>, 100 U.S. 371, 25 L. Ed. 717 (1880) recognized long ago that substantive rules must have a retroactive effect, regardless of when the defendant's conviction became final. At the time of that decision mere error in the judgment or proceeding under and by virtue of which a party is imprisoned constituted no ground for issuance of a writ. Id at 375, 25 L. Ed. 717.

"A conviction under an unconstitutional law is not merely erroneous, but is illegal and void and cannot be a legal cause of imprisonment."

So, accordingly, this Honorable panel should find that the factors of Olano are met, and that White's conviction should be vacated on his Crawford claim or his sentence vacated under Apprendi and immediately released. Since White has served 20 years, 6 months and counting. Because his maximum under Apprendi is 20 years, White states firmly that this error is not harmless, see, Siebold Supra, in any form due to White's loss of liberty. And the fact that White has served over the 20 years maximum. And a refusal to correct will result in a form of cruel and unusual punishment since White's conviction was affirmed in violation of Crawford and Apprendi which were both settled law at the time of the reviewing panel's decision.

However, White points to Judge McKinney's denial order. Based on his erroneous reasoning: "While to the extent that White's conviction might be thought to have been final prior to Crawford." The judge's interpretation of White's procedural standings is based on an assumption that White's conviction "might be thought" to have been final has caused White to lose his life and liberty. [Yet] Judge McKinney could have ordered the clerk of the court to check the dates in regard to White's procedural posture in order to determine that White's conviction was not final.

However, had the district court and court of appeals ordered an inspection of the record of this case to determine when White's conviction became final as to the dates. The U.S. Supreme Court states in Shinseki v. Sanders, 556 U.S. 396, 407, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009) and Kotteakos v.

11

United States, 328 U.S. 750, 765, 90 L. Ed. 1559, 1566, 66 S. Ct. 1239 (1946).
That, instead of relying on presumptions, a <u>court of appeals must</u> "engage
in [a] full - record assessment and that, the denial of constitutional guaranties
in trials for crimes is in itself prejudice. So White points the court's atten-
tion to exhibit a pages 5668-5669-5770, "quoting Judge McKinney, I understand
that you and I disagree on that, <u>the record reflects it</u>. If we all have to
do this again <u>it will be my fault</u>."

However, this error of law prejudiced White, and the judge's assumption
as to White's case being <u>thought</u> to have being final prejudice White. So the
judge's admittance of culpability and, this court's actions have resulted
in the complete miscarriage of justice and a clear violation of White's due
process rights. Because Judge McKinney, A.U.S.A. office, the staff attorneys,
and law clerks all know that White's direct appeal started December 1999 through
May 2005.

"A court has no authority to leave in place a conviction or sentence
that violates a substantive rule, regardless of whether the conviction or
sentence became final before the rule was announced."

Respectfully submitted,

*Mark A. L. White* 4-23-15
Mark White

CERTIFICATE OF SERVICE

I, Mark A. White, hereby certify that a copy of this motion pursuant to Fed. R. Crim. P. 52(b) was mailed via the U.S. Postal System (postage prepaid) to teh following party on this 23 day of April 2018 to the following party:

        Southern District of Indiana
          United States Courthouse
    46 East Ohio Street, Room 105
        Indianapolis, IN  46204

                                  Respectfully submitted,

                                  *M. A. White*  4-23-18
                                  Mark A. White
                                  No. 05671028
                                  FCI Hazelton
                                  P.O. Box 5000
                                  Bruceton Mills, WV  26525