IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

FILED
DISTRICT COURT
INDIANAPOLIS DIVISION

2019 OCT 22 PM 2:02

| | |
|---|---|
| MARK A. WHITE, <br>     MOVANT, <br><br> V. <br><br> UNITED STATES OF AMERICA, <br>     RESPONDENT. | Oct. 16, 2019 <br><br> Cs. No. 1:98-cr-0038-~~LOM~~-JMS-KPF <br><br> MOTION REQUESTING RECALCULATION OF SENTENCE PURSUANT TO THE FIRST STEP ACT OF 2018 SEC. 404 |

COMES NOW, Mr. Mark A. White, per Indiana Public Defender, Ms. Sara J. Varner, and respectfully submits this 18 USC §3582(c)(1)(B) Motion requesting a "Recalculation" of my Dec. 10, 1999 sentence of 480[1] months, pursuant to the First Step Act of 2018, Sec. 404 which made the Fair Sentencing Act Retroactive at Sec. 2 and 3, to all persons who committed, convicted and sentenced for a 21 USC §841 Crack Cocaine offense. While crack cocaine is the "Covered Offense", Mr. White's crack cocaine offense lacked a charged drug quantity within his Count one Conspiracy, thus, his case involves an "Undetermined" drug quantity, a relevant conduct drug quantity (at sentencing) of crack cocaine and cocaine powder (in a single conspiracy count) and a resulting sentence of 480 months. Mr. White argues that his sentence should be reduced to time served, and granted immediate release

---

[1] Mr. White initially had a life sentence which was reduced to 480 months.

1

due to the sentence Mr. White would have received had the Fair Sentencing Act been in existence at the time of the §841 offense, i.e. a Concurrent Sentence of 235 months, (A sentence just shy of 20 years) See presentation infra at pg. 5 .

Brief History

On Sept. 4, 1999 Mr. White was convicted for the crimes of Conspiracy to possess with intent to distribute a controlled substance in violation of 21 USC §841(a)(1) and 21 USC §846, (Count one) and Count two - four money laundering. This conviction manifested by a finding of guilt by a jury in the Southern District of Indiana.

Subsequent to this 1999 conviction, Mr. White, on Dec. 10, 1999 received a life sentence that was reduced to 480 months, a fine of 5,000.00, restitution of 25,000.00 and a supervised release of 5 years. Mr. White forthwith appealed to the 7th Circuit[2], and a writ of certiorari was denied (date unavailable) A timely §2255 was filed, and on March 6, 2009 the Southern District of Indiana denied relief. (Cs. No. 1:08-cv-30-LJM-DML).

Now, Mr. White resepctfully submits this 18 USC §3582(c)(1)(B) motion seeking a Recalculation of sentence pursuant to the 2018 First Step Act, sec. 404, and the 2010 Fair Sentencing Act, Sec. 2 & 3.

---

[2] There was an original sentencing and first appeal with a remand, a resentencing took place in light of U.S. v. Thompson, 286 F3d 950(7th Cir. 2002) because the court said: In Thompson 286 F3d @955, we affirmed White's conviction but remanded for resentencing. We held that the District Court's factual findings did not sufficiently support the murder cross-reference enhancement because the record did not reveal that White could reasonably foresee that Willis could be killed with malice aforethought in furtherance of the conspiracy. White 406 F3d @830

18 USC §3582(c)(1)(B)

Mr. White addresses this authoritative vehicle because some Courts have questioned whether it is the correct vehicle for seeking relief pursuant to the First Step Act, sec. 404, more specifically, whether relief should be provided in a "Plenary Sentencing[3] or by "recalculation" of the sentence. The District Court's in the 7th Circuit province has continuously found that "Recalculation" of the sentence is most appropriate.

In U.S. v. Glore, 2019 US Dist. LEXIS 67521 (ED Wis), a case where the movant was attempting to have a full resentencing, not just a recalculation on the cocaine base, but on every part of the sentence. A discussion about the effects on the decision and analysis in Dillon v. US, 560 US 817 (2010) was conducted resulting in the Court finding two important points that is relevant to resentencing pursuant to The First Step Act:

1) Citing U.S. v. Delaney, 2019 US Dist LEXIS 28792 (WD Vir.) ( Modifications of sentence under the First Step Act are goverened by 18 USC §3582(c)(1)(B)) with U.S. v. Copple, 2019 US Dist LEXIS 20130 (SD Ill.)(Rejecting the suggestion that the "proper vehicle" to implement Sec.404 was a motion under 3582(c)(2), and expressing the belief that the "Better" vehicle to impose a reduced term of imprisonment is 3582(c)(1)(B)), and

2) The Court found that the First Step Act did not expressly provide for plenary resentencing or reconsideration of prior

---

#Plenary: full, complete, entire

3

      sentencing decisions, the First Step Act simply permits a court to reimpose a reduced sentence as if the Fair Sentencing Act's increased cocaine base requirements were in effect at the time the covered offense[4] was committed.)

With that being said, let's review the subject matter of interest.

Mr. White was charged and found guilty of a 21 USC §841(a)(1) and §846 offense involving an "undetermined" qualtity of a controlled substance. During the sentencing, the sentencing court determined that Mr. White was responsible for "5 or 6" kilograms of crack cocaine and attributed 550 kilograms of cocaine (Sentencing pg. 28)[5] Mr. White <u>was not</u> charged with 2 seperate drug counts, all drugs (Crack and Powder Cocaine) came from count one. (count 2-4 was money laundering)

The "5 or 6" Kilograms would be a <u>BOL of 2.8g - 8.4K</u> and as a <u>First time, non-violent offender</u> that would amount to offense level 34, CH I for a sentence of 151-188. Under Sec. 2 of the Fair Sentencing Act via Sec. 404 of The First Step Act, the <u>low end</u> of that guideline would be applicable, i.e. 151 months.

The 550 Kilograms of cocaine however, would carry a BOL of 38,

---

[4] Sec. 404 of the First Step Act (404(a)) defines "covered offense" as a violation of a Federal Criminal Statute, the statutory penalties for which was modifide by sec. 2 or 3 of the fair Sentencing Act of 2010...that was committed before Aug. 3, 2010.

[5] Significantly, the 550 kilograms of powder cocaine was the quantity to the conspiracy as a whole rather than White's individual conduct reasonably forseeable to him pursuant to §1B1.3(a)(1) pursuant to <u>US v.Davison</u>, 761 F3d 683(7th Cir. 2014) to attributed the whole 550 kilograms of powder to White's base offense level and individual drug quantity, would thus be erroneous, in and of itself. <u>Davison Id</u>, @686 (reversing district court's finding that defendant was responsible "for 16.9 Kilograms of crack" in the context of a 3582(c)(2) proceeding because the district court failed to make the appropriate finding of fact concerning what drug quantities were "reasonably forseeable" to defendant.)

4

for an offense of <u>38, CH I of 235-293 months</u>.  The <u>Low End</u> for <u>a First time , Non-violent Offender</u> would be <u>235 months</u>.

These two drug quantities (which was not charged, but determined as Relevant Conduct at Sentencing) was acquired by review of Count one, thus, the sentence of 480 months was manifested by the <u>concurrent sentence</u> doctrine.  It therefore, goes to reason that such concurrent sentencing would still be applicable, esp. since 404 of the First Step Act only authorizes a "recalculation" of the sentence.[6]

This situation amounts to a conundrum, i.e. a question or problem having a conjectural answer, meaning, the result will amount to an inference from defective or presumptive evidence.  The problem of course, was the failure to charge a drug quantity.  To correct this problem, and provide Mr. White with relief of <u>time served</u> and <u>release</u> is to follow the "concurrent sentence" doctrine which requires a person to be sentenced on both sentences at the same time, <u>as one sentence</u>, with the larger sentence controlling.  In this case, the 235 months would control the 151 months sentence for a single sentence of 235 months.  235 months is just shy of 20 years.  Mr. White has already served approximately 22 years, and has therefore served the legal amount required for a situation where there was no drug amount charged nor found by the jury beyond a reasonable doubt.

---

[6] The District Court could go below the new mandatory minimum with a recalculation because there was no drug quantity charged, thus, no mandatory minimum manifested.

See <u>Edwards v. U.S.</u>, 2019 US Dist LEXIS 146571 (ND Ill). The Edwards case is the identical situation as Mr. White, i.e. no drug quantity charged nor found by a jury, also multiple drug types in the conspiracy count. The Edward Court held:

> "If a defendant is not charged with a statutorily specified weight of controlled substance, then the maximum statutory penalty is no more than 20 years.[7] Those same penalty structures apply to a conspiracy offense."

In closing, and just like Edwards, Mr. White has served over 20 years, and has used his time wisely with continuous Educational studies, e.g. College, Spanish, Psychology, Media and Liberal studies, Criminology, Relationship Building, Computer applications, VT Building Trades, Creative Writing, recieved my GED, and has learned much from his mistakes. Mr. White is eligible for a reduced sentence pursuant to the First Step Act, and he is a low level risk at recidivism.

WHEREFORE, Mr. White requests this Honorable District Court to reduce his sentence to time served and immediate release.

Respectfully,

*/s/ Mark A. White*
Mark A. White

---

[7] The jury did not find beyond a reasonable doubt that Edwards was accountable for 1.5 kilograms of crack cocaine, let alone any amount of crack cocaine. Because no such amount was specified in the jury verdict the court cannot hold Edwards to a higher statutory penalty. The 7th Cir. agrees, as it held previously in this case, that in light of Apprendi, the sentencing court committed error by not telling the jury to determine the kind and quantity of drugs.