To the clerk of the court                               12-9-19.

Can you please forward this letter to the judge that is Reviewing my First Step Act motion section 404 filed 10-22-19.                Case. No 1:98-CR-0038

Dear Judge. This is Mark A. White 05671-028 And my First step Act 404 motion is currently before you And I Really need to Share A few things with you before you make decision in my case As this is my only chance At freedom. I have been lock up 22 years for A drug charge with no drugs or A jury determination of A drug Amount. Even though the A.U.S.A. Accused us of selling 5 kilograms of powder cocaine, This was not the Amount that the Jury was instructed to determine or that Judge McKinney sentenced me to. Because, once you Review my P.S.I You will see that the Probation Office gave me 1.5 kilogram of Cocaine Base And 550 kilograms of Powder cocaine. So At sentencing on Page 28, you will see that Judge McKinney sentenced for 5 or 6 kilograms of crack And the entire 550 kilograms of Powder that the entire conspiracy was held for. However, my Jury was only instructed to find A measurable Amount So "Judge Harry D. Leinenweber" opinion is very important here.

1. United States v Edwards 2019 U.S. dist lexis (8-8-19) 146571
2. United States v Sedgwick Johnson 2019 dist lexis 104935
3. United States v Pride 2019 U.S. dist lexis 97768.

"my life and liberty is in your hands. So please have Mercy" "Judge Leinenweber states" The district court committed error by not telling the jury to determine the kind And Quantity of drugs that was distributed which were relevant to the statutory maximum penalties faced in count one, And since the Jury was not instructed that it need not find no specific weight Then the maximum is 20 years 21 U.S.C. 841. Those same penalty structures Apply to A conspiracy offense. 21 U.S.C 846. "Which me Mark White" Asserts that the Fair Sentencing Act modified the statutory penalty for this violation, Rendering this offense A covered offense under the First step Act.

"Which Judge Leinenwber states"
The court concurs with the growing number of district courts that have rejected the government's position. And under Alleyne, the government cannot rely on a drug quantity that the Probation office included in the P.S.R. when that drug quantity differed dramatically from the quantity found by the jury. And to hold "the defendant" to a higher statutory here, where the jury did not find beyond a reasonable doubt, that Edwards was accountable for 1.5 kilograms of crack. "Just as I Mark White was not by a jury" let alone any amount of crack cocaine. And since no such amount was specified in the jury verdict, "Judge Leinenwber states" the court cannot hold Edwards to a higher penalty. "Just like I Mark White is asking you to do Judge, "meaning" do not hold me to a higher standard. "Also Judge Leinenwber states" that the Seventh Circuit appears to agree as it previously held that in light of Apprendi that the sentencing court committed error by not telling the jury to determine the kind and quantity of drugs. So the relevance of Apprendi in the present context is clear. "Meaning" any mistake this court made in instructing the jury is one it must bear for present purposes United States v Pride No. 1:07 CR 20, 2019 U.S. dist lexis 97768 WL 2435684 At 4. "Finding that the court could not rely on the drug weight found in the P.S.R. in light of Apprendi and Alleyne."
So I'm asking you as a child of God, to please send me home for Christmas, as I am a first time non-violent offender who has completed the victim of impact course, the inside and out Prison Exchange Program. And drug education and many other classes over my 22 years in prison. Also during my last attempt under 782 Amendment, Judge McKinney stated that, due to the amount of cocaine and cocaine base involved in my case that White's guideline range was not lowered, just as Judge Leinenwber did to William Edwards and Johnny Jackson

2.

"Which Judge Leinenweber states" The court concurs with the growing number of district courts that have rejected the government's position, and under Alleyne, the government cannot rely on a drug quantity that the Probation office included in the P.S.R. when that drug quantity differed dramatically from the quantity found by the jury. And to hold "the defendant" to a higher statutory here, where the jury did not find beyond a reasonable doubt, that Edwards was accountable for 1.5 kilograms of crack. "Just as I Mark White was not by a jury" let alone any amount of crack cocaine. And since no such amount was specified in the jury verdict, "Judge Leinenweber states" The court cannot hold Edwards to a higher penalty. "Just like I Mark White is asking you to do Judge, "meaning" do not hold me to a higher standard. "Also Judge Leinenweber states" That the Seventh Circuit appears to agree as it previously held that in light of Apprendi that the sentencing court committed error by not telling the jury to determine the kind and quantity of drugs. So the relevance of Apprendi in the present context is clear. "Meaning" any mistake this court made in instructing the jury is one it must bear for present purposes United States v Pride No. 1:07 CR 20, 2019 U.S. dist Lexis 97768 WL 2435684 At 4. "Finding that the court could not rely on the drug weight found in the P.S.R. in light of Apprendi and Alleyne. So I'm asking you as a child of God, to please send me home for christmas, as I am a first time non-violent offender, who has completed the victim of impact course. The Inside And Out Prison Exchange Program. And drug education and many other classes over my 22 years in prison. Also during my last attempt under 782 Amendment. Judge McKinney stated that, due to the amount of cocaine and cocaine base involved in my case that White's guideline range was not lowered, Just as Judge Leinenweber did to William Edwards and Johnny Jackson

2.

But since the jury was not instructed to determine a drug amount and both of those defendants were enhanced and sentenced for crack cocaine or cocaine base. Just as I Mark A. White was I ask that you please grant me immediate release and a second chance at life. Since my daughter Andrea Bailey was 4 years old when I left and have no memory of me outside these walls and my grandson is 5 years old who has never seen me outside of prison and I have neices and nephews ranging from 21 to 1 years old who has never seen me outside of prison and my oath and right hand to God, that I will not commit another crime as I have learned my lesson. I promise to God. As the book of James 5:12 say that I should not swear. So please have mercy on me and grant my family a second chance with me and a Christmas to always remember. May the spirit of God work and rest in your heart.

Sincerely
Mark A. White
12-8-19

Psalms 35.

Dear God, I know that you can do it without me. But I cannot do it without you. So I trust and believe in you God and I will always depend on you God. So Judge please have mercy on me and my family in Jesus name I pray.
M.A. White