*PLEASE READ* ↓    ORG

And even though the Seventh Circuit opinion does not explicitly describe the government's position on appeal, *id.*, it is reasonable to infer that the government advocated affirming Williams's apparently mandatory 10-year sentence under § 841(b)(1)(A). So, although Williams did not plead guilty to any amount of crack cocaine, this Court is bound by the Seventh Circuit's characterization that Williams was convicted of the 50-gram offense under § 841(b)(1)(A).
3

At sentencing, Williams did *not* argue that any facts used to determine his mandatory minimum should have been charged in the indictment and either expressly proven to a jury beyond a reasonable doubt or admitted in his guilty plea. Gov.'s Resp. at 3. That is, he did not make an argument foreshadowing *Alleyne*, which was decided by the Supreme Court the following year. *See Alleyne*, 570 U.S. at 103.
4

For a more recent example of a similar definition of "offense," take *Gamble v. United States*, 139 S. Ct. 1960, 204 L. Ed. 2d 322 (2019). There, the Supreme Court explained that the term "offense" was understood-at least at the founding-to be "defined by a law" so that conduct that violates both state and federal law is not one offense but two. *Gamble*, 139 S. Ct. at 1965.
5

It is worth noting that the sole basis offered by the government against the rule of lenity's application is that the First Step Act is not ambiguous. In another case, perhaps a fuller adversarial presentation on this issue would explore whether the rule can ever be applied to sentencing reduction statutes, as distinct from first-instance penalty provisions.
6

As another court has explained, "[c]onstruing section 404 in the context provided by *Alleyne* ..., courts should reject a reading of the statute that would preclude eligibility for relief under the First Step Act due to a judicial finding of drug quantity many years ago." *United States v. Allen*, 384 F. Supp. 3d 238, 242-43 (D. Conn. 2019) (citing *Rust v. Sullivan*, 500 U.S. 173, 191, 111 S. Ct. 1759, 114 L. Ed. 2d 233 (1991), for the proposition that Congress "legislates in light of constitutional limitations.").
7

Note additionally that under *Alleyne*, each mandatory-minimum threshold is an element of a crime (not just a sentencing factor), so 21 U.S.C. § 841(b)(1)(A), § 841(b)(1)(B), and § 841(b)(1)(C) are each distinct *crimes*. *See Alleyne*, 570 U.S. at 103. Williams was convicted-or at least, the parties and Seventh Circuit assumed he was, *see supra* n.2-under § 841(b)(1)(A). The statutory penalty for the offense at § 841(b)(1)(A) has changed, so the First Step Act applies to Williams.
8

*See Booker*, 2019 U.S. Dist. LEXIS 103189, 2019 WL 2544247, at *3 n.2; *see also United States v. Coleman*, 382 F. Supp. 3d 851, 857-58 (E.D. Wis. 2019); *United States v. Glore*, 2019 WL 1761581, at *3 (E.D. Wis. April 22, 2019); *United States v. Rivas*, 2019 WL 1746392, at *8 (E.D. Wis. April 18, 2019); *see also, e.g., Wright*, 2019 U.S. Dist. LEXIS 119638, 2019 WL 3231383, at *4; *Johnson*, 2019 U.S. Dist. LEXIS 104935, 2019 WL 2590951, at *4

DISHOT 

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

ORY

that Congress intended "covered offense" to refer to the crime of conviction-not the actual conduct determined by the judge at sentencing.7

Finally, as for any concern the government might have about the sheer volume of litigation, Gov.'s Resp. at 11, that is only weak evidence of congressional intent. It does not outweigh the competing textual and contextual signals that the word "offense" means the offense of conviction.

### III. Conclusion

For the reasons explained above, Williams is eligible for relief under the First Step Act. The remaining procedural question is whether to hold an in-person re-sentencing. The Act does not say explicitly that a district court must do so. It simply states that the district court "may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2020 ... were in effect at the time the covered offense was committed." First Step Act § 404(b). Courts within the Seventh Circuit have typically decided that the First Step Act does *not* require an in-person resentencing, and this Court is inclined to agree.8 But the Seventh Circuit has not decided the issue. The parties in this case submitted filings that all seem to assume{2019 U.S. Dist. LEXIS 19} that an in-person resentencing is not required. Out of an abundance of caution, the parties must position papers on whether the resentencing requires Williams' presence or instead the Court may decide the new sentence on the already-filed briefs (as well as the prior presentence report and prior sentencing record). The positions papers are due by September 9, 2019. The defense counsel's motion [1827] to reset the status hearing is granted to September 16, 2019 at 9:30 a.m.

ENTERED:

/s/ Edmond E. Chang

Honorable Edmond E. Chang

United States District Judge

DATE: August 25, 2019

Please Read

### Footnotes

1

Citations to the record are noted as "R." followed by the docket number and the page or paragraph number.

2

It bears noting that Williams did *not* plead to crack cocaine (he pled only to cocaine) and did not specific a quantity of cocaine. Plea Colloquy Tr. at 3:10-4:9, 14:16-16:9. That means that under *Alleyne*, no mandatory minimum should have applied at the time of sentencing. *Alleyne v. United States*, 570 U.S. 99, 103, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). Instead, Williams should have been sentenced under 21 U.S.C. § 841(b)(1)(C), which has no mandatory minimum and a maximum term of 20 years.

Having said that, the sentencing court clearly sentenced Williams as if he had pled to the 50-gram offense, which before the Fair Sentencing Act would have garnered him a mandatory minimum of 10 years. The sentencing judge explicitly stated that his hands were tied by a 10-year mandatory minimum. R. 1406, Sentencing Tr. at 21:22-22:15. More importantly, the Seventh Circuit also treated the issue as if Williams had been sentenced under 21 U.S.C. § 841(b)(1)(A). *Long*, 748 F.3d at 331.

DISHOT

9

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.