LETTER OF CONTRITION

Chief Justice Magnus-Stinson
Mark A. White #05671-028


    I often sit and talk to God about how remorseful I am for
my past acts of my youth and how much I have changed mentally
from the 23 year old who stood before Judge McKinney as I have
learned from my teachers, professors and spiritual advisors
that I have encountered over the 23 years that I have been in
federal prison. So, as I close my eyes and picture my 4 year
old daughter running to me in 1997, I now envision my now 5
year old granson by my daughter, running to me saying grandpa,
or my niece and nephews who have never seen their uncle Milk
outside these prison walls. As Milk  is a name that my 77 year
old granny gave me as a child. So, as I thought about this
letter I thought about mentioning all the classes and programs
I have taken, or if systematic racism or systematic injustice
play a role in my conviction or sentence. But then I thought
about it, and I just wanted you to know that, the young man that
stood before the court 23 years ago is gone. As I am now a 46
year old first time non-violent offender who's heart and thoughts
have changed for the better, as my mother and father are both
62 years old who would love to see their son walk out of federal
prison, as Covid-19 is attacking all American citizens as all
lives matter. So am I sorry? Yes. I am remorseful? Yes. And
have I learned my lesson? Yes. So as I implore the Virgin Mary
for help, I ask her son Jesus Christ to please place in your
heart a sentence reduction or an immediate release if it is
God's will. Because, there is nothing that I can do without God's
help and the victory of Jesus Christ through his blood. So I
pray in Jesus name amen.


Date  8-20-2020                          Mark A. White.

                                         M.A. White

*Exhibit A*

Despite what the government argues in its discussion of *Dillon v. United States,* 560 U.S. 817, 130 S. Ct. 2683, 177 L. Ed. 2d 271, (2010), taking *Alleyne* into account in this way is not tantamount to applying *Alleyne* to Williams' case retroactively. *See* Gov.'s Resp. at 12-14. Instead, it is simply acknowledging that *Alleyne* was the legal backdrop to the First Step Act and using that backdrop to help elucidate an otherwise close question of statutory interpretation. So of course *Alleyne* does not apply retroactively to Williams' case. But it does provide**{2019 U.S. Dist. LEXIS 18}** another clue that Congress intended "covered offense" to refer to the crime of conviction-not the actual conduct determined by the judge at sentencing.7

Finally, as for any concern the government might have about the sheer volume of litigation, Gov.'s Resp. at 11, that is only **{402 F. Supp. 3d 450}** weak evidence of congressional intent. It does not outweigh the competing textual and contextual signals that the word "offense" means the offense of conviction.

### III. Conclusion

For the reasons explained above, Williams is eligible for relief under the First Step Act. The remaining procedural question is whether to hold an in-person re-sentencing. The Act does not say explicitly that a district court must do so. It simply states that the district court "may ... impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2020 ... were in effect at the time the covered offense was committed." First Step Act § 404(b). Courts within the Seventh Circuit have typically decided that the First Step Act does *not* require an in-person resentencing, and this Court is inclined to agree.8 But the Seventh Circuit has not decided the issue. The parties in this case submitted filings that all seem to assume**{2019 U.S. Dist. LEXIS 19}** that an in-person resentencing is not required. Out of an abundance of caution, the parties must position papers on whether the resentencing requires Williams' presence or instead the Court may decide the new sentence on the already-filed briefs (as well as the prior presentence report and prior sentencing record). The positions papers are due by September 9, 2019. The defense counsel's motion [1827] to reset the status hearing is granted to September 16, 2019 at 9:30 a.m.

ENTERED:

/s/ Edmond E. Chang

Honorable Edmond E. Chang

United States District Judge

DATE: August 25, 2019

*~~DOCKETED~~ united states v Ahmad willirms 2019 u.s. dist Lexis 144080 NO-08-CR-00401 August 25, 2019 decided*

### Footnotes

1

Citations to the record are noted as "R." followed by the docket number and the page or paragraph number.

2

*Right here*

It bears noting that Williams did *not* plead to crack cocaine (he pled only to cocaine) and did not specific a quantity of cocaine. Plea Colloquy Tr. at 3:10-4:9, 14:16-16:9. That means that under *Alleyne,* no mandatory minimum should have applied at the time of sentencing. *Alleyne v. United States,* 570 U.S. 99, 103, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013). Instead, Williams should have

1ygcases

1

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

05671028

*Exhibit A*

been sentenced under 21 U.S.C. § 841(b)(1)(C), which has no mandatory minimum and a maximum term of 20 years.

Having said that, the sentencing court clearly sentenced Williams as if he had pled to the 50-gram offense, which before the Fair Sentencing Act would have garnered him a mandatory minimum of 10 years. The sentencing judge explicitly stated that his hands were tied by a 10-year mandatory minimum. R. 1406, Sentencing Tr. at 21:22-22:15. More importantly, the Seventh Circuit also treated the issue as if Williams had been sentenced under 21 U.S.C. § 841(b)(1)(A). *Long*, 748 F.3d at 331. And even though the Seventh Circuit opinion does not explicitly describe the government's position on appeal, *id.*, it is reasonable to infer that the government advocated affirming Williams's apparently mandatory 10-year sentence under § 841(b)(1)(A). So, although Williams did not plead guilty to any amount of crack cocaine, this Court is bound by the Seventh Circuit's characterization that Williams was convicted of the 50-gram offense under § 841(b)(1)(A).

1ygcases

2

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

05671028

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND 2020 FEB 27   PH 1: 09

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

UNITED STATES OF AMERICA

    *Plaintiff,*

    v.

JERROD FENWICK,

    *Defendant.*

Criminal No. ELH-08-0086

## MEMORANDUM

Through counsel, Jerrod Fenwick has filed a "Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines in light of *Hughes v. United States*, 138 S. Ct. 1765 (2018)." ECF 1608 (the "Motion"). The Motion is supported by multiple exhibits. Defendant also filed a supplemental exhibit. *See* ECF 1609. The government has filed a response in opposition. ECF 1620. Mr. Fenwick has replied. ECF 1623.

No hearing is necessary to resolve the Motion. Local Rule 105.6.

The defendant was one of 28 people indicted on February 21, 2008, on racketeering and other charges. ECF 1 (Indictment).[1] Mr. Fenwick entered a plea of guilty on November 4, 2009, to a charge of conspiracy to participate in the activities of a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). *See* ECF 740; ECF 741 (Plea Agreement); ECF 1608-1 (Plea Agreement). The underlying racketeering activity was conspiracy to distribute narcotics. ECF 741 at 4, ¶ 6(a). Notably, the plea was entered under F.R. Crim. P. 11(c)(1)(C). ECF 1608-1, ¶ 9.

Under the Plea Agreement, the defendant's base offense level was 32, based on a drug quantity of at least one kilogram of heroin. *See* U.S.S.G. § 2D1.1(c) ECF 741, ¶ 6(a). The parties

---

[1] The filings in the case are not electronically available until August 22, 2008, with ECF 350.

agreed to a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), because a firearm was possessed in connection with the offense. ECF 741, ¶ 6(a). He also agreed to a four-level enhancement as a *supervisor* or manager in a criminal activity with five or more persons. *See* U.S.S.G. § 3B1.1; ECF 741, ¶ 6(a). After a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, the parties anticipated a final offense level of 35. ECF 741, ¶ 6(b).

Under the terms of the C plea, the parties agreed to a sentence range of 210 months to 228 months of imprisonment. ECF 1608-1, ¶ 9. That sentencing range corresponds to an offense level of 35 and a Criminal History Category of III. The parties also agreed that the sentence would run concurrent with the sentence the defendant was serving in case WDQ-07-0444. ECF 741, ¶ 7.

On November 4, 2009, the Rule 11 proceeding was conducted by Judge William D. Quarles, Jr., to whom the case was then assigned. *See* ECF 1608-2 (transcript). The terms of the Plea Agreement were carefully reviewed with the defendant by the Court. *Id.*

Sentencing was held on February 23, 2010. ECF 866. Judge Quarles determined that defendant had a Criminal History of IV. *See* 873 (Statement of Reasons), § III. However, the prosecutor explained that the parties had anticipated a criminal history category of III. *See* ECF 1608-3 (transcript) at 2-3. The government represented that, notwithstanding the determination of a criminal history category of IV, the government was "maintaining the agreement[.]" *Id.* at 3. Judge Quarles said: "I will give the parties the benefit of their bargain." *Id.* at 4.

Accordingly, the Court imposed a sentence of 210 months imprisonment, concurrent with the sentence the defendant was then serving in Case WDQ-07-044. *See* ECF 872 (Judgment). That sentence corresponded to the bottom of the anticipated guidelines range for an offense level of 35 and a Criminal History Category of III (*i.e.*, 210 to 228 months).

Amendment 782 reduced by two levels the offense level associated with various drug quantities under § 2D1.1 of the Guidelines. And, Amendment 782 was made retroactive on July 18, 2014. *See* ECF 1620 at 2, n.1. It is undisputed that, as revised, the defendant now has a final offense level of 33. Coupled with a Criminal History Category of IV, his Advisory Guidelines Sentencing Range is now 188 to 235 months.

It is clear, under *Hughes*, 138 S. Ct. 1765, that the defendant is eligible for relief under 18 U.S.C. § 3582(c)(2) and Amendment 782. As the defendant indicates, his Plea Agreement, rearraignment, and sentencing hearing are "replete with examples of how his guideline range was part of the framework the court relied upon in accepting the agreement and imposing the sentence." ECF 1608 at 2.

Moreover, for the reasons stated by the defense, the Court rejects the government's contention that the Court is unable to consider the Motion. And, for the reasons stated by the defense, the Court believes that a sentencing reduction is appropriate, in light of all of the factors under 18 U.S.C. § 3553(a).

In my view, given all the factors under 18 U.S.C. § 3553(a), a sentence at the low end of the revised guidelines is appropriate.

An Order follows.

Date:   February 27, 2020                         _____/s/_____
                                                  Ellen L. Hollander
                                                  United States District Judge

*Exhibit e*

227 (1999) was handed down prior to the commencement of trial and should have alerted the

appellants to the fact that serious questions could be raised about the proper characterization of

aggravating factors, United States v. Nance, 236 F.3d 820, 823 (7th Cir. 2000), the appellants

failed to make their argument to the district court.  Neither did the appellants object to a

finding of the controlled substance quantity being made by the preponderance of the evidence

standard by the district court at sentencing.  Therefore, the appellants forfeited the Apprendi

argument, and plain error review applies.  United States v. Olano, 507 U.S. 725, 730 (1993);

United States v. Westmoreland, 240 F.3d 618, 633 (7th Cir. 2001).

Plain error review requires a determination of (1) whether there was error at all, (2)

whether it was plain, (3) whether it affected the defendant's substantial rights, and (4) whether

it seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

United States v. Mietus, 237 F.3d 866, 875 (7th Cir. 2001), quoting Johnson v. United States,

520 U.S. 461, 466-67 (1997).  Appellants have the burden of establishing plain error on

appeal.  United States v. Patterson, 23 F.3d 1239, 1255 (7th Cir. 1996).  The Supreme Court

has held jury instructions omitting an element of the offense are subject to harmless error

analysis.  United States v. Neder, 571 U.S. 1 (1999).  This Court has held that this rule

applies to Apprendi errors; assuming the error was plain and affected substantial rights,

reversal was not required unless the error "seriously affected the 'fairness, integrity, or public

reputation of the judicial proceedings.'"  Mietus, 237 F.3d at 875.

   a.   **Spradley, Boddie, White, and Jones.**

*Right HERE*
↙

The indictment charged a conspiracy to possess with intent to distribute and to

distribute more than five kilograms of cocaine.  However, an erroneous jury instruction

omitted the quantity of drugs as an element of the offense. As Spradley, Boddie, White, and Jones were sentenced to terms of imprisonment above the maximum penalty of twenty years provided under 21 U.S.C. § 841(b)(1)(C), the government concedes error occurred which was plain. Assuming substantial rights were effected by the imposition of sentences exceeding twenty years, reversal is not required. As in Mietus, id., the claim for relief fails because a properly instructed jury would certainly have found beyond a reasonable doubt that the quantity of cocaine exceeded five kilograms.

By its verdicts of guilty, the jury found beyond a reasonable doubt that each of the appellants was a member of the charged conspiracy to possess and distribute cocaine. As to the quantity of cocaine involved, the evidence supports no conclusion other than the amount exceeded five kilograms and no reasonable jury could have found otherwise. Nance, 236 F.3d at 826. Unlike Westmoreland, where properly admissible evidence supported but one finding, that the amount of cocaine was insufficient to sustain a life sentence, the evidence in the instant case unequivocally supports the opposite finding, that the amount of cocaine exceeded the quantity necessary to sustain a life sentence.

In reaching its verdicts of guilty, the jury necessarily credited the testimony of the criminal participants, regardless of any inconsistencies in their testimony or impeachment. The testimony of each of the co-conspirator witnesses, Robert, Edmonson, Cork, Cox, and Gates, considered individually, establishes the quantity of cocaine possessed and distributed by the Spradley organization exceeded five kilograms. The same is true of the customers of the organization, Coby and Douglas, as well as two minimal suppliers, Pierce and Green. Each of these witnesses personally received, supplied, handled, or observed more than five kilograms

the court's instructions to consider each defendant and each count separately.  The court did

not abuse its discretion in finding joinder was proper and refusing severance.

Finally, Johnson and Thompson fail to sustain their respective burdens to show that no

rational trier of fact could have found the essential elements of the crimes charged against

them beyond a reasonable doubt.  Thompson's arguments that he was not accountable for five

kilograms of cocaine and that the two-level enhancement for weapon possession was

erroneously applied, likewise fail.  The court found that Thompson was personally involved in

at least five kilograms of cocaine and that he possessed a weapon more than once during the

course of the conspiracy.  The factual determinations were not clearly erroneous and the

guidelines were correctly applied.

## VII.  ARGUMENT

**A.   The Defendants Were Not Prejudiced by the District Court Exceeding The
Statutory Maximum Sentence in The Absence of a Jury Finding of Drug Quantity.**

### 1.    Standard of Review

Applicability of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000) is a question of law

reviewed de novo.   United States v. Rogers, 228 F.3d 1318, 1321 (11th Cir. 2000).  As the

appellants did not object to the failure to submit the drug quantity to the jury, the standard of

review is plain error.   United States v. Parolin, 239 F.3d 922, 930  (7th Cir. 2001).

### 2.    Legal Analysis

Spradley, Boddie, White, Jones, and Walker allege that because their sentences of

imprisonment exceed twenty years and there was no jury finding as to drug quantity, their

sentences were imposed in violation of Apprendi.  Although Jones v. United States, 526 U.S.

Exhibit
d

## COURT RULINGS ON OBJECTIONS TO PRESENTENCE REPORT

### UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA
### UNITED STATES V. MARK WHITE , DOCKET NO. IP 98-38-CR-03

#### By the Defense

**Objection No. 1, Paragraph Nos. 44 and 50:** Overruled - Court finds no reason to give a reduction for role.

**Objection No. 2, Paragraph No. 45:** Sustained - Court finds the defendant did not obstruct justice.

**Objection No. 3, Paragraph No. 48:** Overruled - The gun ehancement is correct.

**Objection No. 4, Paragraph No. 47:** Overruled - Court finds at least 550 kilograms of cocaine and 5 to 6 kilograms of crack cocaine was foreseeable to the defendant, who was high up in the conspiracy.

**Objection No. 5, Paragraph No. 55:** Overruled - Amount of money of at least $10 million is conservative.

**Objection No. 6, Paragraph No. 64:** Adjusted offense level is 43.

The Court ruled all other objections to the presentence report concerning evidence at trial, and credibility of the witnesses, are overruled.

#### By the Government

**Objection No. 1, Paragraph No. 51:** Overruled.  The defendant did not obstruct justice.

CERTIFIED BY:

Barbara J. Roembke
Supervising U.S. Probation Officer

BJR/jem

The 7th Circuit And The government
has stated on the record And in there
opinions. That the defendants never made
these objection. Which is not true.
And a clear miscarriage of law and
legal error of law. when the objections
are right here.

INSTRUCTION NO. _52_

The evidence received in this case need not prove the actual percentage or purity of cocaine that was part of the alleged transaction by the defendant.

The government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, cocaine.

INSTRUCTION NO. __16__

Each of the defendants is charged in Count 1 of the indictment with conspiracy to possess with the intent to distribute and to distribute cocaine in violation of Title 21, United States Code, Sections 841(a)(1) and 846.  Section 841(a)(1) reads, in its pertinent parts as follows:

> "...[I]t shall be unlawful for any person knowingly or intentionally --
> (1)  to ... distribute, ... or possess with intent
> to ... distribute ... a controlled substance....

Section 846 provides, in its pertinent parts, reads as follows:

> "Any person who ... conspires to commit any offense defined in [Title 21, United States Code, Section 841(a)(1)]"

shall be punished in a certain manner as provided in the statute.

INSTRUCTION NO. _____

In order to convict a defendant of conspiracy to possess with the intent to distribute and to distribute cocaine, a Schedule II, Narcotic Controlled Substance, in violation of 21 U.S.C §§ 841(a)(1) and 846, as charged in Count 1 of the Indictment, the government would have to prove the following elements:

    (1)    A conspiracy existed knowingly to possess with the intent to distribute and to distribute cocaine; and

    (2)    The defendant knowingly and intentionally became a member of the conspiracy.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

INSTRUCTION NO. _2/5_

The alleged conspiracy was to possess with intent to distribute and to distribute cocaine, which is the crime charged in Count 1 and not the actual unlawful distribution and possession with intent to distribute. In other words, it is immaterial whether or not the purpose of the alleged conspiracy was accomplished.

Exhibit
2

Case 1:98-cr-00038-JMS-MJD   Document 167-1   Filed 08/28/20   Page 15 of 23 PageID #:
1806
Page 18 of 24
se Information       EXHIBIT B
ase 1:98-cr-00038-LJM-MJD   Document 62   Filed 08/24/15   Page 27 of 39 PageID #: 634

09/04/1999   COURTROOM MINUTES - Jury cont. their deliberation. Jury returns with their verdicts. Verdicts are read
by the Court. Jurors are pulled and discharged. Court is adjourned. eod 09/08/99 [DLD]

09/04/1999   VERDICT - guilty verdicts: Counts 1,7,8,22 (See Verdict Forms) eod 09/08/99 [DLD]

11/02/1998   APPEARANCE - CJA William Dazey appointed for all proceedings on Voucher #0716823 (Nunc Pro
Tunc) (KPF) eod 09/08/99 [MHK]

09/14/1999   ENTRY ASSIGNS SENTENCING DATE to 12/10/99 at 09:00AM Room 202 (LJM) c/m eod 09/14/99
[DLD]

09/17/1999   MOTION for witness fees and expenses. cs DEFT eod 09/17/99 [DLD]

09/21/1999   ORDER directing payment of witness fees and expenses. cm LJM eod 09/21/99 [DLD]

10/21/1999   ENTRY ASSIGNS CONF to 11/05/99 at 11:00AM Room 204 (LJM) c/m (Atty conf to discuss sentencing
issues) eod 10/21/99 [SJD]

11/05/1999   ORDER on Briefing. Attorney conference held. The Court now orders defense briefing on sentencing
issues on or before 11/15/99, and Government response thereto on or before 11/22/99. cm LJM eod
11/05/99 [DLD]

11/15/1999   SENTENCING MEMORANDUM cs DEFT eod 11/16/99 [DLD]

11/16/1999   OBJECTION to Proposed Guideline Computation. cs DEFT eod 11/18/99 [DLD]
*And drug amount the government never said happen*

11/22/1999   RESPONSE to DEFTS' Objection to proposed guideline computation. cs PLTF eod 11/22/99 [DLD]
*And drug amounts the government said never happen*

12/07/1999   ENTRY - Court is called into session for oral argument on defts' objections to proposed guideline
computations. Government, by counsel, and DEFTS, with counsel, are present. Court hears argument of
counsel and takes the matter under advisement. Court is adjourned. cm LJM eod 12/07/99 [DLD]

12/07/1999   ORDER - OVERRULES Defts' Objections to Guideline Calculation cm/LJM eod 12/08/99 [SJD]

12/09/1999   ORDER - on Defts' Objections to Guideline Calculation (Second Order) cm/LJM eod 12/09/99 [SJD]
*And drug amount the government said never happen*

12/10/1999   SENTENCING HELD J & C forthcoming. eod 12/10/99 [DLD]

12/10/1999   JUDGMENT ENTERED COUNT/FINDING: 21 USC 841 (a)(1)and 846 - Conspiracy to Possess with
Intent to distribute and to distribute cocaine, Count 1, 18 USC 1956(a)(1)(A) and (h) Conspiracy to commit
money laudry Count 7,8, 18 USC 1956(a)(1)(B) Conducting Financial Transaction with Proceeds from
Unlawful Activity, IMPRISONMENT: Count 1 - Life, Counts 7,8,22 - 240 months SUPERVISED
RELEASE: 5 years Standard & Special conditions of Supervision - See Judgment ASSESSMENT: 400.00
FINE: 5,000.00 COUNT(S) DISMISSED: Count 2-4, 13 cm LJM OBV 33 PG 209 eod 12/14/99 [DLD]

12/17/1999   NOTICE OF APPEAL from the final judgment entered on 12/14/99 c/s DEFT eod 12/17/99 [GRN]

12/17/1999   DOCKETING STATEMENT c/s DEFT/APPELLANT eod 12/17/99 [GRN]

12/17/1999   {"Circuit Rule 26.1 Disclosure Statement"} c/s Attorney for DEFT/APPELLANT eod 12/17/99 [GRN]

12/17/1999   SHORT RECORD SENT TO CA w Notice, Info Sheet & Docket Sheet Designation of record letter sent to

*The government said it happen* (handwritten, left margin vertical)

Exhibit F

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>Mark White | ) <br> ) <br> ) Case No:  1:98CR00038-003 <br> ) USM No:  05671-028 <br> ) |
| Date of Original Judgment:  12/10/1999 <br> Date of Previous Amended Judgment:  06/13/2003 <br> *(Use Date of Last Amended Judgment if Any)* | ) Pro Se <br> ) <br> *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the motion is:

☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months is **reduced to** _____ .

*(Complete Parts I and II of Page 2 when motion is granted)*

Due to the amount of cocaine and cocaine base involved in his case, Mr. White's guideline range was not lowered by the two-level reduction to the base offense level of drug offenses. As such, he is not eligible for a reduction in sentence pursuant to Amendment 782.

> A CERTIFIED TRUE COPY
> Laura A. Briggs, Clerk
> U.S. District Court
> Southern District of Indiana
>
> By _____ Deputy Clerk

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.

IT IS SO ORDERED.

Order Date:  07/14/2015 _____

Effective Date: _____
*(if different from order date)*

*LARRY J. McKINNEY, JUDGE*
United States District Court
Southern District of Indiana

*Exhibit G*

FULL DISCLOSURE PERMITTED

This Document is for Official Use Only By the U. S. District Court; the Defendant; the Defense; and the U. S. Attorney in Sentencing Matters. Public Reproduction or Dissemination is Prohibited.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | **PRESENTENCE INVESTIGATION REPORT** |
| | ) | |
| Mark A. White | ) | Docket No.  IP 98-38-CR-03 |

---

**Prepared For:**       The Honorable Larry J. McKinney
                        U.S. District Court Judge

**Prepared By:**        Barbara J. Roembke
                        Supervising U.S. Probation Officer
                        101 U.S. Courthouse
                        46 E. Ohio Street
                        Indianapolis, IN  46204
                        (317) 229-3750

**Assistant U.S. Attorney**            **Defense Counsel**
Melanie Conour and John Dowd          William Dazey  (Appointed)
Fifth Floor, U.S. Courthouse          8375 Pendleton Pike, Ste. 200
Indianapolis, IN 46204                Indianapolis, IN  46226
(317) 226-6333                        (317) 899-4071

**Sentence Date:**      December 10, 1999

**Offense:**    <u>Count 1:</u>    Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine (21 U.S.C. §§ 841(a)(1) and 846)
10 years to life/$4,000,000 fine/minimum 5 years TSR

                <u>Count 7:</u>    Conspiracy to Commit Money Laundering (18 U.S.C. 1956(a)(1)(A) and (h))
20 years/$500,000 fine or twice the proceeds/3 years TSR

                <u>Count 8:</u>    Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(a)(1)(B) and (h))
20 years/$500,000 fine or twice the proceeds/3 years TSR

                <u>Count 22:</u>    Conducting Financial Transactions with Proceeds from Unlawful Activity (18 U.S.C. § 1956 (a)(1)(B))
20 years/$500,000 fine or twice the proceeds/3 years TSR

**Release Status:**     Detained without bond since October 25, 1997; currently in MCJ

**Date Report Prepared:**      10/15/99              **Date Report Revised:**

- Exhibit C

Mark A. White

## PART A.    THE OFFENSE

### Charge(s) and Conviction(s)

1.    Mark White, the defendant, was named along with 11 other defendants in a 25-Count Superseding Indictment filed by a Southern District of Indiana Grand Jury on June 30, 1998. He appeared before a U. S. Magistrate on July 8, 1998, and was detained. The defendant was specifically charged in Count 1, Conspiracy to Possess with Intent to Distribute and to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a) (1) and 846; Count 2, Murder of a Informant to Prevent Communication with Law Enforcement, in violation of 18 U.S.C. § 1512(a)(1)(C); Count 3, Murder of Informant with Intent to Retaliate, in violation of 18 U.S.C. § 1512(a)(1)(B); Count 4, Using a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c); Count 7, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(A) & (h); Count 8, Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B) & (h); and Counts 13 and 22, Conducting Financial Transactions with Proceeds from Unlawful Activity, in violation of 18 U.S.C. § 1956(a)(1)(B). Mr. White was originally arrested by local law enforcement on October 25, 1997. He was subsequently charged by way of a federal Criminal Complaint filed November 26, 1997, and was taken into federal custody on December 5, 1997. He appeared for an initial hearing on the complaint on December 5, 1997, and the government requested detention. A hearing was held December 12, 1997, at he was ordered detained.

2.    On March 3, 1998, a Superseding Indictment was filed under IP 98-144-CR. On the same date, a 22-Count Indictment was filed under IP 98-38-CR. The defendant appeared for an initial hearing on March 10, 1998, and his detention was continued. The Superseding Indictment under IP 98-144-CR, was subsequently dismissed on July 13, 1998.

3.    On July 7, 1999, a jury trial commenced before Judge Larry J. McKinney. On September 4, 1999, the jury returned a guilty verdict as to Counts 1, 7, 8, and 22. A verdict of not guilty was returned on Counts 2-4 and 13. Mark White has been detained in the Marion County Jail since his arrest on October 25, 1997. Disposition is set for December 10, 1999, at 9:00 a.m.    ✓ same witness

4.    As previously noted in this report, William Gray and Darren Brown were acquitted of all counts and the jury was unable to reach a verdict on Thomas Alexander and on one count as to Stephanie Johnson. All remaining co-defendants and related cases have been convicted by a jury or entered pleas of guilty and have been sentenced or are awaiting sentencing.

EXHIBIT H

Right Here ↓

## JURISDICTIONAL STATEMENT

A Superceding Indictment charged the appellants with Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §841(a) and 846 and various other criminal offenses

The United States District Court for the Southern District of Indiana had jurisdiction pursuant to 18 U.S.C. §3231.

Judgments of Conviction were entered as follows: Spradley, December 13, 1999; Boddie, White, and Jones, December 14, 1999; Thompson, November 18, 1999; Walker, December 20, 1999; and Johnson, November 19, 1999.

Notices of Appeal were filed as follows: Spradley, December 16, 1999; Boddie, White, and Jones, December 17, 1999; Thompson and Walker, December 23, 1999; and Johnson, November 29, 1999.

This Court has jurisdiction over the appeals pursuant to 28 U.S.C. §1291 and 28 U.S.C. §1294(1).

I

Exhibit
H

## ISSUES PRESENTED FOR REVIEW

1.     Whether sentences imposed for conspiracy to possess with intent to distribute cocaine and cocaine base exceeded the maximum sentence for the offenses in the absence of a jury finding as to drug quantities.

2.     Whether the court erred in imposing sentencing enhancements for the drug conspiracy offense of conviction by reference to first degree murder.

3.     Whether a sentencing enhancement may constitutionally be based on conduct for which a defendant was acquitted.

4.     Whether the District Court erred in not directing disclosure of cooperating defendants' pre-sentence reports to defendants.

5.     Whether Appellants Stephanie Johnson, Willie Boddie, Anthony Thompson, and Ellis Walker were entitled to severance from the trials of the remaining defendants.

6.     Whether the District Court erred in admitting evidence of numerous random and unrelated acts of violence.

7.     Whether the District Court Erred in Admitting Willis' Hearsay statements, pursuant to Fed. R. Evid. 804(b)(6).

*Exhibit H*

## DISCLOSURE STATEMENT

The undersigned, counsel of record for Anthony Thompson, Stephanie Johnson, Anthony D. Spradley, Willie Boddie, Mark A. White, Dennis Jones, and Ellis Walker, furnish the following list:

1.   The full name of every party or amicus the respective attorneys represent in this case:  Anthony Thompson, Stephanie Johnson, Anthony D. Spradley, Willie Boddie, Mark A. White, Dennis Jones, and Ellis Walker.

2.   No such party or amicus is a corporation.

3.   The names of all law firms whose partners or associates have appeared for the respective parties in the case or are expected to appear for the respective parties in this Court:   Richard L. Ford, 3947 Village Drive, New Palestine, Indiana 46163, represents Anthony Thompson; Michael J. Donahoe, Epstein & Frisch, One Virginia Avenue, Suite 200, Indianapolis, Indiana 46204, represents Stephanie Johnson; Jessie A. Cook, 400 Wabash Avenue, Suite 212, Terre Haute, Indiana 47808,  represents Anthony Spradley; Jeffrey A. Baldwin, Baldwin & Dakich, 151 N. Delaware Street, Suite 1470, Indianapolis, Indiana 46204, represents Willie Boddie; William H. Dazey, Jr., Qualkinbush & Dazey, 8375 Pendleton Pike, Suite 200, Indianapolis, Indiana 46226,  represents Mark A. White; Kent R. Carlson, 63 West Jackson Blvd., Suite 1515, Chicago, IL 60604, represents Dennis Jones; and Richard S. Kling, 565 W. Adams, Suite 600, Chicago, Illinois 60661, represents Ellis Walker.  Prior attorneys include Frederick Mann, Centre Building, Suite 601, 205 E. Central Blvd., Orlando, Florida 32801,  William J. Rawles, One North

Exhibit H

Pennsylvania Street, #800, Indianapolis, Indiana 46204,  Richard Jones, 1214

North Rural Street, Indianapolis, Indiana 46201, Robert Hammerle, Hammerle,

Foster, Allen & Long-Sharp, 501 Indiana Avenue, Suite 200, Indianapolis, Indiana

46202, James M. MacAbee, 63 E. Court Street, P.O. Box 160, Franklin, Indiana

46131, and Carl L. Epstein, 151 N. Delaware Street, Suite 1835, Indianapolis,

Indiana 46204, Linda Wagoner, 111 Monument Circle, #752, Indianapolis, IN

46204, Benedict L. Samai, 3833 N. Meridian Street, #328, Indianapolis, IN

46208.


Richard L. Ford
Attorney for Anthony Thompson

Michael J. Donahoe
Attorney for Stephanie Johnson


Jessie A. Cook
Attorney for Anthony Spradley

Jeffrey A. Baldwin
Attorney for Willie Boddie


William H. Dazey, Jr.
Attorney for Mark A. White

Kent R. Carlson
Attorney for Dennis Jones


Richard S. Kling
Attorney for Ellis Walker



**WestVirginiaUniversity.**

EBERLY COLLEGE OF ARTS AND SCIENCES

November 24, 2017

To Whom It May Concern:

At West Virginia University, I have been teaching American literature for almost twenty years. In the fall of 2017, I had the opportunity to teach a 200-level English course inside a men's medium-security federal prison at the Hazelton Correctional Center in Bruceton Mills, West Virginia. This class, *ENGL 275: Justice and Literature*, was part of the Inside-Out Prison Exchange program, a higher education program that brings college students and incarcerated students together to take a class inside a prison.

My class consisted of fourteen "outside" undergraduates from West Virginia University and sixteen "inside"/incarcerated men at the FCI, Hazelton. In addition to a significant amount of reading, the students wrote six 500-word responses to the literature and a six-page final essay. They also collaborated in small groups on final projects that generated ideas for effective programs in and out of prisons. The students presented these projects to the class, providing visual and textual materials to illustrate their ideas.

Mark Anthony White, one of the inside students, was a conscientious and valuable member of class. He completed every assignment on time and often wrote far more than was required. He contributed to class discussion, provided important insight, and made connections between our readings. He demonstrated remarkable commitment to his education. I am looking forward to continuing to work with Mr. White in the Think Tank, a group of Inside-Out alumni who design and implement positive programming for the facility.

Please feel free to contact me for any additional information.

Sincerely,

Katy Ryan
Eberly Distinguished Professor of Outstanding Teaching
Associate Professor of English
English Department
West Virginia University
Morgantown WV 26506
304.241.4101
kohearnr@mail.wvu.edu