UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | )<br>)<br>) |
| v. | ) Cause No. 1:98-cr-00038-JMS-MJD-03<br>)<br>) |
| MARK A. WHITE, | )<br>) |
| Defendant. | ) |

**RESPONSE TO MOTION TO REDUCE SENTENCE**

The United States of America opposes Mark White's motion to reduce his sentence pursuant to § 404 of the First Step Act of 2018. White is ineligible for relief because his statutory penalties have not changed. His guideline range also remains the same. White's argument is primarily based on repeating a claim that the Seventh Circuit denied on direct appeal 18 years ago.

Thus, the Court should deny his motion.

## BACKGROUND[1]

### *Crimes, Convictions and Sentencing*

The Seventh Circuit, on direct appeal, summarized the facts of White's crime as follows:

> Defendants Willie Boddie, Stephanie Johnson, Dennis Jones, Anthony Spradley, Anthony Thompson, Ellis Walker, and Mark White were charged with crimes arising out of their participation in a large, Indianapolis-based drug conspiracy. The conspiracy reigned from 1992 to 1997 and involved the trafficking of hundreds of kilograms (kilos) of cocaine, the accumulation and laundering of substantial profits, and two short-lived business pursuits. The conspiracy seemed invincible until November 1996, when Marcus Willis, working on behalf of law-enforcement officials, arrived on the scene. He worked for law enforcement for approximately eight months (through June of 1997) until he was murdered in one of the defendant's vehicles. Not long after this murder, charges were filed against each of the defendants and several others . . .

*United States v. Thompson*, 286 F.3d 950, 956 (7th Cir. 2002).

For his part, White was charged with: conspiracy to distribute cocaine, tampering and retaliating against a witness (two counts), a firearm count, and three counts of money laundering. (Dkt. 1.) White went trial and was convicted on four of those counts: conspiracy to possession with intent to

---

[1] Throughout this response, the United States will make the following references: (Dkt. = Docket Number); (PSR = Presentence Investigation Report); (SPRS = Supplemental Presentence Investigation Report, compiled on remand).

2

distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846; two counts of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956; and conducting financial transactions with proceeds from unlawful activity, in violation of 18 U.S.C. § 1956.  (PSR p. 1.)

Initially, White's guideline range was life based on trafficking more than five kilograms of cocaine and the murder cross-reference, under U.S.S.G. § 2D1.1(d)(1), for killing Willis.  *Thompson*, 286 F.3d at 956; (PSR ¶¶ 41, 104.)  The Court sentenced Willis to life imprisonment.  (Dkt. 1, p. 18.)  However, on appeal, the Seventh Circuit found that murder cross-reference should not have been applied, and remanded.  *Thompson*, 286 F.3d at 960–61.

Also pertinent here, White raised a claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *Thompson*, 286 F.3d at 966–67.  The Seventh Circuit rejected that claim:

> All the defendants, except Johnson, challenge their sentence based on the rule established in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L.Ed.2d 435 (2000), that any fact (other than a prior conviction) that increases the sentence beyond the statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. The defendants claim that the district court erred by failing to submit drug quantity to the jury because drug quantity determines the maximum sentence under 21 U.S.C. § 841(a). *See United States v. Nance,* 236 F.3d 820, 825 (7th Cir. 2000) (holding that it is *Apprendi* error not to submit drug quantity to the jury). Because the defendants did not object below, plain error is the appropriate standard of review. *Id.* To

> succeed on plain error review, the defendants must show that a jury would not have been able to find that the conspiracy distributed over five kilos of cocaine, the amount necessary to support the sentences imposed by the court. *See Id.* at 826. Based on the evidence presented at trial, the defendants cannot make that showing.

*Thompson*, 286 F.3d at 966–67.

Remand did not otherwise alter White's guidelines calculations. (*See* SPSR.) His base offense level was 38 because he was responsible for at least 500 kilograms of cocaine and more than 1.5 kilograms of cocaine base. (SPSR ¶ 2.) Two levels were then added for possession of a weapon, resulting in an offense level of 40. (SPSR ¶¶ 3, 7, 19, 22.) With a criminal history category of II, his guideline range was 324 to 405 months. (SPSR ¶¶ 20, 22.)

At the sentencing hearing, however, the Court found that two more levels should be added for obstruction of justice. (Dkt. 47 (citing Resentencing Tr. 16).) Thus, White's guideline range, with an offense level of 42, was 360 to life.

The Court sentenced White to 480 months' imprisonment. (Dkt. 1, p. 21.)

### *White's Motions to Reduce His Sentence*

In 2015, White moved to reduce his sentence, under 18 U.S.C. § 3582(c)(2), citing Amendment 782 to the guidelines. (Dkt. 39.) The

government opposed the motion because White's guideline range had not changed. (Dkt. 47.)

The Court denied White's motion, finding:

> Due to the amount of cocaine and cocaine base involved in his case, Mr. White's guideline range was not lowered by the two-level reduction to the base offense level of drug offenses. As such, he is not eligible for a reduction in sentence pursuant to Amendment 782.

(Dkt. 54.)

Four years later, on October 22, 2019, White filed a motion to reduce his sentence under the First Step Act. (Dkt. 142.) He further filed a supplemental brief on August 28, 2020. (Dkt. 167.)

## DISCUSSION

### I. White is Ineligible for a Sentence Reduction Because His Statutory Penalties Have Not Changed

The First Step Act applies to "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010."[2] The Act provides that the court may

---

[2] The Fair Sentencing Act was enacted on August 3, 2010, and did not apply retroactively. Initially, there was uncertainty whether that Act excluded all defendants whose offenses were committed before August 3, 2010, or only defendants already sentenced before that date. In *Dorsey v. United States*, 567 U.S. 260 (2012), decided on June 21, 2012, the Court held that the Act applied to any defendant sentenced on or after August 3, 2010, regardless of

"impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(c) states, "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

The Fair Sentencing Act did not impact White's sentence. (*See* Dkt. 54.) Neither his statutory nor guidelines range has changed.

White's statutory range remains the same. When sentenced, under § 841(b)(1)(A), White's statutory minimum sentence was 10 years because of the 500 kilograms of cocaine attributable to him. (PSR ¶ 103.) The Fair Sentencing Act increased the amount of crack necessary to fall under § 841(b)(1)(A), but not cocaine. Thus, currently, 500 kilograms of cocaine also easily clears the five-kilogram threshold under § 841(b)(1)(A), and White's statutory minimum remains 10 years. § 841(b)(1)(A). He is ineligible for a sentence reduction.

Nor is this a multi-object conspiracy where one component's penalties changed and the other did not. *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020); *United States v. Mockabee*, 435 F. Supp. 3d 949 (S.D. Ind. Jan. 27, 2020). White's crack cocaine responsibility of 1.5 kilograms, did not

---

when the offense occurred. This did not help the defendant, who was sentenced before August 3, 2010.

clear the pertinent threshold under § 841(b)(1)(A)—previously, 50 grams or more of crack, and currently 280 grams. Thus, White's mandatory minimum was based on his cocaine responsibility, not his crack responsibility, and his statutory sentence has not changed.

Thus, White is ineligible for relief under the First Step Act because his statutory penalties were not modified.

Beyond that, White's guideline range remains the same. (*See* Dkt. 142, p. 4.) When White was sentenced, his base offense level was 38 based on a drug responsibility of at least 500 kilograms of cocaine. (SPSR ¶ 2.) That remains true now. Today, the 500 kilograms of cocaine attributable to White easily clears the threshold of 450 kilograms of cocaine necessary for level 38. *See* U.S.S.G. § 2D1.1(c)(1) (2018). That is, of course, why the Court denied White's motion to reduce his sentence under Amendment 782. (Dkt. 54.) White is ineligible for a reduction.

White, however, primarily reiterates his argument on direct appeal regarding *Apprendi*. (Dkt. 142, p. 4; Dkt. 167, pp. 2–14.) But that claim is not available here and, even if it were, the Seventh Circuit's ruling is law the of case. "One an appellate court either expressly or by necessary implication decides an issue, the decision is binding upon all subsequent proceedings in the same case under the law-of-the-case doctrine." *Dobbs v. DePuy*

*Orthopaedics, Inc.*, 885 F.3d 455, 458 (7th Cir. 2018) (citing *Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991)) (internal quotations and brackets omitted). White cannot relitigate this claim here.

His other counterarguments are incorrect and irrelevant. He makes a confusing argument about the concurrent sentence doctrine, (Dkt. 142, p. 5), but that doctrine is inapplicable because it merely permits an appellate court to pretermit decisions about convictions with concurrent sentences, *Ryan v. United States*, 688 F.3d 845, 849 (7th Cir 2012). He also raises an argument under *Hughes v. United States*, 138 S. Ct. 1765 (2018), (Dkt. 167, pp. 1–2), but *Hughes* involved eligibility for sentence reductions after plea agreements and White went to trial, *Hughes*, 138 S. Ct. at 1771.

White's statutory minimum remains the same, therefore he is not eligible for relief.

## CONCLUSION

For the reasons stated above, this Court should deny White's motion to reduce his sentence.

    Respectfully submitted,

    JOHN E. CHILDRESS
    Acting United States Attorney

    By:   s/Brian Reitz
            Assistant United States Attorney

CERTIFICATE OF SERVICE

I certify that on November 24, 2020, a copy of the foregoing was filed electronically and that a copy was mailed the following business day, by first class U.S. Mail, postage prepaid and properly addressed to the following:

Mark A. Lane
Reg. No. 05671-028
UPS Leavenworth
United States Penitentiary
P.O. Box 1000
Leavenworth, KS 66048

        s/ Brian Reitz
        Brian Reitz
        Assistant United States Attorney
        Office of the United States Attorney
        10 W. Market St., Suite 2100
        Indianapolis, Indiana 46204-3048
        Telephone: (317) 226-6333
        Fax: (317) 226-6125
        E-mail: Brian.Reitz@usdoj.gov