**FILED**

**12/11/2020**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

United States District Court For

The Southern District of Indiana

MARK A. WHITE             )
VS.                       )
UNITED STATES OF AMERICA  )          Case No.  1:98-CR-0038-JMS
                          )
                          )
                          )

Reply to the government's response, pursuant to the first step act sections 404, where congress enacted section 404 to rectify wrongs. It would be untenable to assume that congress, when acting to rectify wrongs, meant to direct courts to perpetuate unconstitutional practices.

Comes now, petitioner White replying to the government's response concerning a "covered offense" which appears to be the issue we are grappling with today. Before congress enacted the "fair sentencing act" virtually all defendants convicted and sentenced of a 841 (A((1) were sentenced under "Post-McMillan Vs. Pennslyvania"477 US 79 (1986) sentencing regime that constructed a 10 to life sentencing range by merging sections 841(b)(1)(a), (B) and (C.) While there is nothing in section 841 (b) language that suggest congress intended or has given the courts the authority to merge its precise "statutory provision or penalties" fashion until United states V. Alleyne 570 US 99 (2013). So, {McMillan's} one-size fits all approach

"coined" the term "sentencing-factors," which is a complete violation of he fifth and sixth amendment. Considering In Re Winship 397 U.S. 358 (1970) and United states V Gaudin 515

/

U.S. 506 (1995) when taken together, which is a clear violation of Mr. White's constitutional rights. However, prior to <u>U.S. Vs. Alleyne</u> and <u>Apprendi Vs. New Jersey 530 U.S. 466 (2000)</u>, there had been much debate about how to define "elements" versus "sentencing factors" when the supreme court "clarified our understanding" of what constitutes an element of a crime. The determination that a "fact" is an element of the offense, rather than a "sentencing factor" or a sentencing consideration, it is an element that must be charged in the indictment and submitted to the jury. And proven by the government beyond a reasonable doubt <u>Jones Vs. United States 526 U.S. 227 (1999)</u>. In addition, the Supreme Court endorses the following principles, quoting the late Associate Justice of the Supreme Court, Antonin Scalia's, concurring opinion. See {Jones ante_147 L. ed 2d at 455} where Justice Scalia wrote in 1999, "it is unconstitutional for a legislature to <u>remove from the jury</u> the assessment of facts that increase the prescribed range of penalties of which a criminal defendant is exposed." Jones 526 U.S., at 253, 143 L. ed 2d 311, 1195.ct 1215 (emphasis added). With that being stated Chief Justice, the A.U.S.A. knew at the commencement of Mr. Whites trial in 1999, that they were not allowed to remove from the jury, the assessment of facts, but choose to do so anyway. During this atrocious act, this office of competent {A.U.S.A. for the court} tried to justify their unconstitutional actions by stating on pages 28-29 of <u>Exhibit C</u> of their appeal brief that "the attorneys for the defendants did not say anything." Meaning that" as long as no one spoke up or spoke out that A.U.S.A could engage in and use unconstitutional tactics to convict and sentence these American citizens. As the government so profoundly stated, "although <u>Jones v us 526 us 227 (1999)</u> was handed down prior to the commencement of trial and should've alerted the appellants to the fact that serious questions could be raised about the proper characterization of aggravated factors. The appellants failed to make their argument to the district court. This was the A.U.S.A. so called justification

for using unconstitutional tactics and assessment of the facts, which the Supreme Court instructed them not to use in <u>Jones Vs. United States, 526 us 227 (1999)</u>, case as pointed out above. However, the A.U.S.A knowingly, willingly, and intentionally violated a number of landmark cases and the defendants fifth, sixth, and fourteenth amendment while utilizing the unconstitutional assessment of facts to convict and sentence Mr., White and the defendants. See <u>Exhibit i</u> for list of landmark cases where the government intentionally disavowed and violated from the commencement, as the government pointed out.

So, I ask you Chief Justice, are you going to allow this illegal sentence to stand? {Because this would constitute} a clear miscarriage of justice. See <u>United states Vs. Pawlinski 374 F.3d, 536, 540-41 (7th Cir. 2004)</u>. Quoting Justice Easterbook, "a sentence lengthened because of a constitutional violation meets the plain error standard of review."

When an issue or claim is properly before the court, the court is not limited to the legal theories advanced by the parties. Instead retains the independent power to identify and apply the proper construction of governing law, <u>Kamen Vs. Kemper Financial Services Inc. 500 U.S. 90 (1991)</u> Also review, <u>United States National Bank of Oregon Vs. Independent Insurance Agents of America Inc. 508 U.S. 439 (1993.)</u> In <u>Mullaney Vs. Wilbur 421 U.S. 684 (1975)</u> the Supreme Court unanimously extended the protection of <u>Winship</u> to determinations that isn't applied to a defendant's guilt or innocence but simply to the <u>length of their sentence.</u> 421 U.S. 697-98, 44 L. Ed 2d 508, 95 S. Ct. 1881 (1975). The traditional importance of this standard dates back to at least, the early years of this great nation <u>Magna Carta 1215</u>. This justifies the Supreme Court's conclusion that the "due process clause" protects the accused against convictions, except upon proof beyond a reasonable doubt of every [fact]. As we know today under Alleyne, sections 841(b)(1)(A), (B) and (C) are not "<u>sentencing factors.</u>" They are "<u>elements of a new offense</u>" a

distinct and aggravated crime. Alleyne, Supra, and under the "FSA" these sections are called "covered offenses." Accordingly, with this new wisdom we must ~~respect~~ REJECT the old unconstitutional "wisdom" no matter what the indictment alleges. When the PSR subject Mr. White to a 10 to life sentence. See <u>United States Vs. Davis 2019 U.S. Dist. LEXIS 36348 (W.D.N.Y 2019)</u> it is the (statute of conviction) not actual conduct (stated in the PSR) that controls eligibility under the first step act. Quoting Judge Harry D. Leinenweber in <u>United States Vs. Terry Young 2019 U.S. Dist. LEXIS 218534 Case No. 97 CR 63-1</u> decided December 19, 2019.

<u>The jury did not return a special verdict with respect to the quantity of drugs involved in counts one and two therefore, the court will disregard the sentencing courts fact finding about the quantities of drugs involved in Young's crime when determining his eligibility under the first step act.</u> As this court recently held in its Mansoori opinion, because the jury did not make a special finding on drug quantity in this case, the fair sentencing act modified the statutory penalty for 21 U.S.C. 841 (A)(1) rendering Young's count one conviction a "covered offense" under the first step act. See <u>Mansoori, 2019 U.S. Dist. LEXIS 211803, 2019 WL. 6700166 at 3</u>. Young is eligible for relief under the first step act. Judge Leinenweber goes on to state that, the court determines whether a sentence reduction is warranted for a first step act eligible defendant, using the 3553(A) factors that Congress has expressly instructed district courts to consider at sentencing. See <u>Pepper Vs. United States 562 U.S. 476 (2011.)</u> Therefore, the court turns to what reduced sentence is appropriate for Young and pursuant to the Supreme Court's decision in <u>Apprendi Vs. New Jersey 530 U.S. 466 (2000)</u>. A jury must find that a drug offense involves a <u>specific threshold amount</u> before a court may sentence a defendant to the statutory minimums outlined in [841 (b) (1) (a)]. See Apprendi, 530, U.S. at 476-79. <u>In the absence of a jury finding a specific quantity of narcotics for an 841(A)</u> conviction, the default statutory maximum is 20

4

years, 21 U.S.C 841(b)(1)(c). <u>The seventh circuit observed that, because the jury was not asked to determine a specific amount of cocaine, that Young distributed in accord with Apprendi</u>. The district court may not impose a sentence in excess of 20 years for count two. Therefore, the court turns the new sentence the district court will most certainly be obliged to honor Apprendi. The same logic applies to reducing Young's sentence for count one. See <u>United States Vs. Williams 402 F. Supp 3d 442, 448 (N.D 111 (2018)</u>. Holding that in applying the first step act "congress would not have expected federal courts to continue to base sentencing on impermissible judicial fact findings at sentencing, "Judge Harry Leinenweber.

    The foundational role of the jury is to stand as a neutral arbiter between the defendant and the government bent on depriving Mr. White of his life and liberty. So the government should not be allowed to have two bites at the apple "meaning" one at trial "under the constitution" and a second by relying on findings in the PSR. Which were never considered by the jury or grand jury "under the unconstitutional scheme." [Because I question], what did the government go to the Grand Jury with? Because they had no drugs, no drug buys, no audio or video recordings. "Quoting Justice Kennedy, "Prosecutors in the federal system have gained unprecedented authority to influence sentencing outcomes."

    Being sentenced pursuant to an invalid system, presents an actual concrete invasion of a legally protected interest in every meaningful sense of the phrase. The court's duty is to uphold the constitutions framework, even in cases where the affected branches might prefer otherwise. The Supreme Court has unanimously explained in <u>United States Vs. Gaudin</u> that, the historical foundation of the courts recognition of these principles extending down centuries into common law. So, it's quite impossible for the A.U.S.A and the late Judge Mckinney to not have been aware of these principles of clearly established law, since they are the touchstone for determining

facts that must be found by a jury. No matter how the A.U.S.A. tries to explain it their statement conceding to sentencing the defendants over their 20-year maximum and the use of the judge found facts exceeding the jury verdict is unconstitutional alone. In return the defendants are being illegally held on two unconstitutional violations of a clearly established law. Knowingly willingly and intentionally committed by the A.U.S.A. and the sentencing judge. Quoting the late Justice Ginsburg and Justice Steven's concur, "that if it were not for the Judge found facts, the defendants sixth amendment rights would not have been violated, which clearly exceeds the jury's verdict by treating a particular fact as a sentencing factor rather than an element."

As one's loss of liberty is hard to balance when the infringement of justice has been incurred by an unconstitutional reasoning of law. Furthermore, the government had the benefit of Jones Vs. United States 526 U.S. 227(1999). Reasoning when they evoked this sinister idea of a measurable amount to the jury only to change course at sentencing. Which is a complete defiance of their oath of office, obligation and moral values as officers of the court. The defendants Mark White, Wille Boddie and Anthony Spradley all deserve to be sentenced based on the drug quantity attributable to them as individuals that the jury determined, not the quantity attributable to the entire conspiracy. See United States v Haines, 803 F.3d 713, 742 (2015), United states v Stoddard 892 F.3d 1203,1221 (D.C. Cir 2018) and see Burrage Vs. United States 134 S. Ct 881 (2014) "citing Apprendi and Alleyne." Explaining that, because an aggravating element in section 841(b)(1) and Burrage concluded that, a violation of section 841(A)(1) is a violation of the law. Also, when the court reviews United states vs. Davison 761 F. 3d 683(7th cir. 2014), please keep in mind that the district court nor the government has ~~ever~~ NEVER addressed whether Mr. White accompanied any of the other conspirators in a "jointly undertaking as an objective" or if " Mr. White had agreed to such an undertaking." So, with the judge and the government equating

6.

a "jointly undertaken criminal activity" to conspiracy "means" that is incorrect. See <u>United States v. Davison</u>. Considering in Mr. Whites original 782 order, the district court "characterize" and denied Mr. Whites motion on the grounds that "White's offense" involved 500 kilograms of cocaine and 1.5 kilograms of crack cocaine, but under amendment 782 the amount of cocaine base was raised to 25.2 kilograms for a offense level of 38 and amendment 750 was 8.4 kilograms of cocaine base. So according to the 7th Cir. they are also "characterizing Mr. Whites offense as a crack cocaine case," by affirming the district courts opinion. Also, the 7th Cir. states that, Mr. White did not challenge the amount of drugs attributed to him in his direct appeal. Chief judge, you have the objections in your possessions. See <u>Exhibit d-e-k</u>, where Mr. William H. Dazey did object, so by the 7th Cir. court of appeals and the district court characterization of Mr. Whites case, makes him even more equal to Ahmad Williams 144080 decided August 25, 2019 WL 4014241 where Ahmad Williams plead guilty to powder cocaine' not crack cocaine" it bears noting.

For decades the 7th circuit position has always been that, "<u>if drug amount was a true element of 841(A) then a failure by the jury to agree on the amount would mean that, there is no offense at all.</u>" United states Vs. Byorkman 270 F. 3d 49(7th Cir. 2004) and United States Vs. Smith 308 F. 3d 726 (7th Cir), where they have constantly held that 841 drug type and quantity are not elements. "We are aware that the 7th circuit position is wrong and unconstitutional and has been violating the 5th and 6th amendment of the constitution and guarantees for years." When we look at the opinion in <u>United States Vs. Krieger 628 F. 3d 857(7th Cir 2010)</u>. By Judge Rovner, as he pointed out that, "the proposition in this circuit is that, 841(A) contains the elements and 841(b) the sentencing factors." But what we have really articulated is that drafting, ordering and labeling does not matter. Well to the Supreme Court and the framers of the

7

constitution, elements do matter and labeling them anything other than elements of the offense is unconstitutional as Mr. White has pointed out. The "due process clause" of the fifth and fourteenth amendment makes the jury the right decision maker and this standard of law was established long before Apprendi vs. New Jersey and that the A.U.S.A and the district court violated Mr. Whites, Mr. Spradley and Mr. Boddies 5th and 6th amendment, because the characteristics of the offense. So, as we know today under Alleyne section 841(b)(1)(a), (b) and (c) are not "sentencing factors" under the FSA these sections are "covered offenses." So, <u>the seventh circuit has been completely unconstitutionally wrong in their sentencing proceedings while knowingly and intentionally violating the 5th and 6th amendment</u>. However as other courts have explained "when construing section 404 in the context provided by Alleyne, courts should reject a reading of the statute that would preclude eligibility for relief under the first step act due to judicial fact finding of drug quantity many years ago <u>United States v. Allen 384 F. Supp .3d 238, 242-43 (D.Conn 2019) and Rust Vs. Sullivan 500 US 173(1991)</u>. Because under Alleyne each mandatory-minimum threshold is an element of a crime "not just a sentencing factor." So for those of us who care deeply about criminal sentencing are indebted to "Justice Scalia" for helping ensure that a jury, not a judge finds facts beyond a reasonable doubt. That includes all of the facts that could increase a defendant's prison sentence. Scalia described this as the fundamental meaning of the jury trial guarantee of the sixth amendment." Consequently, when the A.U.S.A quoted, "<u>Jones vs. United States 526 U.S. 227(1999)</u> in their brief, see <u>Exhibit c</u>.

    It's clear from the government's own words that Mr. Whites trial and sentencing started with error derived by an unconstitutional position of the federal government. In reference the contours of Jones vs. United states as the Supreme Court clarified our understanding of what constitutes an "element" of a crime and the determination that a "fact" is an element of the

offense, rather than a "sentencing factor." And the 5th & 6th amendment in conjunction with each other requires that each element of the crime be proved to the jury beyond a reasonable doubt. United States Vs. Gaudin 515 U.S. 506 (1995) and Winship 397 U.S. 358 (1970). So, the government completely [disregarded a clearly established law]. According to United States vs. Schooner Peggy(1 Cranch) 103, 119 2 L. Ed 49(1801), and Bradley vs. School Board of Richmond 416 US 696 (1974) where the general rule has been that, the court must apply the law in effect at the time it renders its decision This principle goes back to 200 years ago. Also, in Griffin V. Kentucky 479 Us 314 (1987) states that a new rule of law should be applied to all cases pending trial and direct review. So, by the government not applying Jones Vs. United States 529 U.S 227 (1999) it proves the government violated Rodriquez De Quijas vs Shearson American Express Inc 490 US 477 (1989).

  Supreme Court has repeatedly stated in decision that no one thinks fossilized, that the justices have directed trial and appellate judges to implement the Supreme Courts holding even if the reasoning in later opinions has undermined their rationale, if a precedent of this court has direct application in a case." Well, the government has admitted in Exhibit C in their brief that Jones Vs. United States had direct application to Whites sentence and conviction, which makes Mr. Whites sentencing and conviction without a valid "factual basis." Yet Mr. White remains incarcerated pursuant to that sentence and conviction. As the federal sentencing guidelines are in fact unconstitutional under Apprendi v New Jersey 530 US 466 (2000), as they were applied to defendants' sentences.

  As it follows inexorably that, Mr. White, Mr. Spradley and Mr. Boddie have been denied due process of law, according to the government's own words see Exhibit C. Thompson Vs. Louisville 362 U.S. 199 (1960) Jackson vs Virginia 443 U.S. 307 (1979). And due to this

constitutional error has clearly and concededly resulted in the imposition of an unauthorized sentence. It also follows that the defendants are victims of a clear miscarriage of justice. Wainwright Vs. Sykes 433 US 72 (1977). As Mr. White's understanding of an unconstitutional law is that, a court does not in the nature of things, it cannot give a "remedy" for an unconstitutional rule of law, since the unconstitutional rule of law is not in itself a "cognizable wrong." [Because, if it were, every citizen would have standing to challenge every law.) In fact what a court does with regard to an unconstitutional law is simply to ignore it "meaning' it should decide the case "disregarding the unconstitutional law, "Marbury vs Madison, 1 Cranch 137, 178, 2 L.Ed 60 (1803)]. Because a law repugnant to the constitution "is void and is as no law." Ex Parte Siebold 100 US 371, 376, 25 L. Ed 717 (1880) so no matter the claim dealing with the due process clause, ex post facto clause or the establishment clause. The success on the merits would require reversal of conviction. Because " an offense created by [an unconstitutional law]" the Supreme Court has held " is not a crime" Ex Parte Siebold and a conviction under such law is not merely erroneous, but is illegal and void and cannot be a 'legal cause of imprisonment" id at 376-377, 25 L. Ed 717. If a law is invalid as applied to the criminal defendant's conduct, then the defendant is entitled to go free. So, based on the moral culpability of the bench, there is no moral ~~compos~~ compus of justice to deny a man to be heard contesting his life and liberty, when the reasoning of his loss of life and liberty is based on an unconstitutional conviction and sentence. However, the constitutional guarantees in which US Vs. Alleyne stands on, are the constitutional guarantees that were restored in Winship and the principle of Magna Carta and Blackstone. Therefore, when deciding how to define the crime (the issue in Jones, Apprendi, and Alleyne) does all on the constitutional foundation of Duncan Vs. Louisiana 391 Us 145 (1968), Winship 397 US 358 (1970). And Magna Carta 20, 9 HEN 111 14 in English stat

our founding fathers' visions for "All" American citizens. "Because God commands us for our own good to give up wrongs and not rights." Mr. white points out that there are no drugs in this case, no drug buys, no audio or video recordings of the defendants. No verbal agreements to commit an unlawful act or crime between Mark White, Anthony Spradley or Willie Boddie whom are all fist time non-violent offenders. Whom has also served over the 20-year maximum, that the government has already admitted that, the defendant's sentences exceeds the 20-year maximum? Mr. White doesn't know if systematic racism or systematic injustice has played a role in their convictions and sentences. We do know that their proceedings started on an unconstitutional error of law and that their sentences ended in an unconstitutional error of law and is entitled to immediate and unconditional release, as section 404 of the first step act ~~authorities~~ AUTHORIZES. "Therefore, if this court can reasonably read this pleading to state a valid claim, then this honorable court should grant this action despite any failure to cite proper syntax. Haines Vs. Kerner 464 Us 519 (1972)

    Moreover, the duty to obey circuit precedent generally is dictated by the silent values and the extreme rigidity of the duty, eminently and sensibly reflects a more controversial judgement. See Gacy Vs Welborn 994 F. 2d 305, 310 (7th Cir. 1993). "Sua sponte" can be employed of the courts own will or motion, without prompting or suggestions? Wherefore Mr. white respectfully prays that this court grants his first step act section 404 and correct this miscarriage of justice, knowingly, willingly, and intentionally committed by the A.U.S.A. office of competent officers of the court against these American citizens. When the court looks at Exhibit D-E of the objections. Mr. White would also like the court to look at Exhibit K of the original sentencing transcript where it's clear from the record that Mr. William H. Dazey objected to paragraph 55 of the P.S.I. and was referring to a level of 35 as appropriate. Which is clearly an objection for a

lower drug amount. So once again the court has been misled to believe that there were not objections to the drug amounts below. Which Mr. White has objected and contested the drug amount from the very beginning of his legal proceeding because no jury found Mr. White guilty for any particular quantity of crack cocaine or powder? The Jury were instructed to find a measurable amount. As the government has admitted see <u>exhibit c.</u> Therefore congress enacted section 404 to rectify these wrongs just as the supreme court enacted Winship 397 U.S. 338 (1990) us vs. gaduin 515 US 506 (1995) and United States Vs. Alleyne 570 US 99 (2013) to do the same. So it would be untenable to assume that, congress and the Supreme court when actin to rectify these wrongs meant for the district court to perpetuate unconstitutional practices just like Judge Chang did for Ahmad Williams who plead guilty to powder cocaine, not crack cocaine but powder cocaine.

I Respectfully Submit

Mark A. White

*M. White*

Date: 12-4-2020

"The late Justice Ginsburg, Equal Justice for All."

I Mark A. White hereby certify under penalty of perjury pursuant to title 28 U.S.C. 1746 the aforesaid as true and correct.