Exhibit I

The list of landmark cases the government knowingly and intentionally violated by not applying

Jones Vs. United States 526 U.S. 227   *(1999)*

1. Magna Carta 20, 9 Hen, 111, 14, in 1 Eng Stat at Larges (1215)

2. In Re Winship 397 U.S. 358 (1970)

3. Duncan Vs. Louisiana 391 U.S. 145 (1968)

4. Marbury Vs. Madison 1 Cranch 137 (1803)

5. United States Vs. Schooner Peggy 1 Cranch 103, 110 (1801)

6. Bradley Vs. School Rd of Richmond 416 U.S. 696 (1974)

7. Shannon Vs. United States 512 U.S. 573 (1994)

8. Matthews Vs. United States 485 U.S. 58 (1988)

9. Ex Parte Siebold 100 U.S. 371   *(1880)*

10. Thorpe Vs. Housing Authority of Durham 393 U.S. 268 (1969)

11. Townsend Vs. Burke 334 U.S. 736 (1948)

12. United States Vs. Bryant 892 F. 2d 1466 (10th Cir 1989)

13. Griffith Vs. Kentucky 479 U.S. 314 (1987)

14. Court of Ulster Vs. Allen 442 U.S. 140 (1979)

15. Sullivan Vs. Louisiana 508 U.S. 275 (1993)

16. United States Vs. Gaudin 515 U.S. 506 (1995)

17. Bolling Vs. Sharpe 347 U.S. 497 (1954)

18. Ivan Vs. City of New York 407 U.S. 203 (1972)

19. United States Vs. United States Coin and Currency 401 U.S. 715 (1971)

20. Rodriquez De Quijas Vs. Shearson/American Express Inc. 490 U.S. 477 (1989)

21. Wainwright Vs. Sykes 433 U.S. 73 (1977)

22. Jackson Vs. Virginia 443 U.S. 307 (1979)

23. Thompson Vs. Louisville 362 U.S. 199 (1960)

24. Kamen Vs. Kemper Financial Services 500 U.S. 90 (1991)

25. Gacy Vs. Welborn 994 F. 2d 305 (7th Cir. 1993)

All fifth and sixth amendment cases black law dictionary

Unconstitutional = That which is contrary to or in conflict with the legislation, the constitution, the opposite of constitutional. This is no more than to say that it is unwise, or based upon a wrong or unsound principle.

Landmark Decision= A decision of the Supreme Court that significantly changes existing law.

*Exhibit C*

the court's instructions to consider each defendant and each count separately.  The court did not abuse its discretion in finding joinder was proper and refusing severance.

Finally, Johnson and Thompson fail to sustain their respective burdens to show that no rational trier of fact could have found the essential elements of the crimes charged against them beyond a reasonable doubt.  Thompson's arguments that he was not accountable for five kilograms of cocaine and that the two-level enhancement for weapon possession was erroneously applied, likewise fail.  The court found that Thompson was personally involved in at least five kilograms of cocaine and that he possessed a weapon more than once during the course of the conspiracy.  The factual determinations were not clearly erroneous and the guidelines were correctly applied.

## VII.  ARGUMENT

**A.   The Defendants Were Not Prejudiced by the District Court Exceeding The Statutory Maximum Sentence in The Absence of a Jury Finding of Drug Quantity.**

**1.   Standard of Review**

Applicability of Apprendi v. New Jersey, 120 S. Ct. 2348 (2000) is a question of law reviewed de novo.   United States v. Rogers, 228 F.3d 1318, 1321 (11th Cir. 2000).  As the appellants did not object to the failure to submit the drug quantity to the jury, the standard of review is plain error.   United States v. Parolin, 239 F.3d 922, 930  (7th Cir. 2001).

**2.   Legal Analysis**

Spradley, Boddie, White, Jones, and Walker allege that because their sentences of imprisonment exceed twenty years and there was no jury finding as to drug quantity, their sentences were imposed in violation of Apprendi.  Although Jones v. United States, 526 U.S.

*COVERED OFFENSE*

*Right Here ↓*

28

*The A.U.S.A knew they were not suppose to go against Jones and did it anyway. Violate's Mr White 5th and 6th Amendment Rights.*

*Exhibit C*

*We did object SEE Exhibit c-d-k, so how do the government And the courts not know About THESE objects?*

227 (1999) was handed down prior to the commencement of trial and should have alerted the

appellants to the fact that serious questions could be raised about the proper characterization of

aggravating factors, United States v. Nance, 236 F.3d 820, 823 (7th Cir. 2000), the appellants

failed to make their argument to the district court.  Neither did the appellants object to a

finding of the controlled substance quantity being made by the preponderance of the evidence

standard by the district court at sentencing.  Therefore, the appellants forfeited the Apprendi

argument, and plain error review applies.  United States v. Olano, 507 U.S. 725, 730 (1993);

United States v. Westmoreland, 240 F.3d 618, 633 (7th Cir. 2001).

Plain error review requires a determination of (1) whether there was error at all, (2)

whether it was plain, (3) whether it affected the defendant's substantial rights, and (4) whether

it seriously affected the fairness, integrity, or public reputation of the judicial proceedings.

United States v. Mietus, 237 F.3d 866, 875 (7th Cir. 2001), quoting Johnson v. United States,

520 U.S. 461, 466-67 (1997).  Appellants have the burden of establishing plain error on

appeal.  United States v. Patterson, 23 F.3d 1239, 1255 (7th Cir. 1996).  The Supreme Court

has held jury instructions omitting an element of the offense are subject to harmless error

analysis.  United States v. Neder, 571 U.S. 1 (1999).  This Court has held that this rule

applies to Apprendi errors; assuming the error was plain and affected substantial rights,

reversal was not required unless the error "seriously affected the 'fairness, integrity, or public

reputation of the judicial proceedings.'"  Mietus, 237 F.3d at 875.

   a.   Spradley, Boddie, White, and Jones.

*Right HERE*
*↓*

The indictment charged a conspiracy to possess with intent to distribute and to

distribute more than five kilograms of cocaine.  However, an erroneous jury instruction

29

*Exhibit C*

omitted the quantity of drugs as an element of the offense. As Spradley, Boddie, White, and Jones were sentenced to terms of imprisonment above the maximum penalty of twenty years provided under 21 U.S.C. § 841(b)(1)(C), the government concedes error occurred which was plain. Assuming substantial rights were effected by the imposition of sentences exceeding twenty years, reversal is not required. As in Mietus, id., the claim for relief fails because a properly instructed jury would certainly have found beyond a reasonable doubt that the quantity of cocaine exceeded five kilograms.

By its verdicts of guilty, the jury found beyond a reasonable doubt that each of the appellants was a member of the charged conspiracy to possess and distribute cocaine. As to the quantity of cocaine involved, the evidence supports no conclusion other than the amount exceeded five kilograms and no reasonable jury could have found otherwise. Nance, 236 F.3d at 826. Unlike Westmoreland, where properly admissible evidence supported but one finding, that the amount of cocaine was insufficient to sustain a life sentence, the evidence in the instant case unequivocally supports the opposite finding, that the amount of cocaine exceeded the quantity necessary to sustain a life sentence.

In reaching its verdicts of guilty, the jury necessarily credited the testimony of the criminal participants, regardless of any inconsistencies in their testimony or impeachment. The testimony of each of the co-conspirator witnesses, Robert, Edmonson, Cork, Cox, and Gates, considered individually, establishes the quantity of cocaine possessed and distributed by the Spradley organization exceeded five kilograms. The same is true of the customers of the organization, Coby and Douglas, as well as two minimal suppliers, Pierce and Green. Each of these witnesses personally received, supplied, handled, or observed more than five kilograms

30

*Exhibit*
*d*

## COURT RULINGS ON OBJECTIONS TO PRESENTENCE REPORT

### UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA
### UNITED STATES V. MARK WHITE, DOCKET NO. IP 98-38-CR-03

#### By the Defense

*THIS IS THE CRACK COCAINE THE AUSA SAID WAS NEVER CONSIDERED by the JUDGE.*

*No Jury finding*

**Objection No. 1, Paragraph Nos. 44 and 50:** Overruled - Court finds no reason to give a reduction for role.

**Objection No. 2, Paragraph No. 45:** Sustained - Court finds the defendant did not obstruct justice.

**Objection No. 3, Paragraph No. 48:** Overruled - The gun ehancement is correct.

**Objection No. 4, Paragraph No. 47:** Overruled - Court finds at least 550 kilograms of cocaine and 5 to 6 kilograms of crack cocaine was foreseeable to the defendant, who was high up in the conspiracy.   *CHARACTERIZATION = Ahmad Williams CASE - Judge CHANG*

**Objection No. 5, Paragraph No. 55:** Overruled - Amount of money of at least $10 million is conservative.

**Objection No. 6, Paragraph No. 64:** Adjusted offense level is 43.

The Court ruled all other objections to the presentence report concerning evidence at trial, and credibility of the witnesses, are overruled.

#### By the Government

*No JURY finding*

**Objection No. 1, Paragraph No. 51:** Overruled.  The defendant did not obstruct justice.

CERTIFIED BY:

*Barbara J. Roembke*

Barbara J. Roembke
Supervising U.S. Probation Officer

*FAZE THE 2 POINTS AT MY RESENTENCING*

BJR/jem

*The 7th Circuit And The government has stated on the Record And in there Opinions. That the defendants never made These objection. Which is Not TRUE. And A CLEAR MISCARRIAGE of law And legal ERROR of law. When the objections ARE Right here.*

*Exhibit d*

INSTRUCTION NO. __18__

In order to convict a defendant of conspiracy to possess with the intent to distribute and to distribute cocaine, a Schedule II, Narcotic Controlled Substance, in violation of 21 U.S.C §§ 841(a)(1) and 846, as charged in Count 1 of the Indictment, the government would have to prove the following elements:

    (1)    A conspiracy existed knowingly to possess with the intent to distribute and to distribute cocaine; and

    (2)    The defendant knowingly and intentionally became a member of the conspiracy.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

09/04/1999   COURTROOM MINUTES - Jury cont. their deliberation. Jury returns with their verdicts. Verdicts are read by the Court. Jurors are pulled and discharged. Court is adjourned. eod 09/08/99 [DLD]

09/04/1999   VERDICT - guilty verdicts: Counts 1,7,8,22 (See Verdict Forms) eod 09/08/99 [DLD]

11/02/1998   APPEARANCE - CJA William Dazey appointed for all proceedings on Voucher #0716823 (Nunc Pro Tunc) (KPF) eod 09/08/99 [MHK]

09/14/1999   ENTRY ASSIGNS SENTENCING DATE to 12/10/99 at 09:00AM Room 202 (LJM) c/m eod 09/14/99 [DLD]

09/17/1999   MOTION for witness fees and expenses. cs DEFT eod 09/17/99 [DLD]

09/21/1999   ORDER directing payment of witness fees and expenses. cm LJM eod 09/21/99 [DLD]

10/21/1999   ENTRY ASSIGNS CONF to 11/05/99 at 11:00AM Room 204 (LJM) c/m (Atty conf to discuss sentencing issues) eod 10/21/99 [SJD]

11/05/1999   ORDER on Briefing. Attorney conference held. The Court now orders defense briefing on sentencing issues on or before 11/15/99, and Government response thereto on or before 11/22/99. cm LJM eod 11/05/99 [DLD]

11/15/1999   SENTENCING MEMORANDUM cs DEFT eod 11/16/99 [DLD]

11/16/1999   OBJECTION to Proposed Guideline Computation. cs DEFT eod 11/18/99 [DLD]
*And drug Amount the government never said happens*

11/22/1999   RESPONSE to DEFTS' Objection to proposed guideline computation. cs PLTF eod 11/22/99 [DLD]
*And drug amount the government said. never happen*

12/07/1999   ENTRY - Court is called into session for oral argument on defts' objections to proposed guideline computations. Government, by counsel, and DEFTS, with counsel, are present. Court hears argument of counsel and takes the matter under advisement. Court is adjourned. cm LJM eod 12/07/99 [DLD]

12/07/1999   ORDER - OVERRULES Defts' Objections to Guideline Calculation cm/LJM eod 12/08/99 [SJD]

12/09/1999   ORDER - on Defts' Objections to Guideline Calculation (Second Order) cm/LJM eod 12/09/99 [SJD]
*And drug amount. the government said never happen*

12/10/1999   SENTENCING HELD J & C forthcoming. eod 12/10/99 [DLD]

12/10/1999   JUDGMENT ENTERED COUNT/FINDING: 21 USC 841 (a)(1)and 846 - Conspiracy to Possess with Intent to distribute and to distribute cocaine, Count 1, 18 USC 1956(a)(1)(A) and (h) Conspiracy to commit money laudry Count 7,8, 18 USC 1956(a)(1)(B) Conducting Financial Transaction with Proceeds from Unlawful Activity, IMPRISONMENT: Count 1 - Life, Counts 7,8,22 - 240 months SUPERVISED RELEASE: 5 years Standard & Special conditions of Supervision - See Judgment ASSESSMENT: 400.00 FINE: 5,000.00 COUNT(S) DISMISSED: Count 2-4, 13 cm LJM OBV 33 PG 209 eod 12/14/99 [DLD]

12/17/1999   NOTICE OF APPEAL from the final judgment entered on 12/14/99 c/s DEFT eod 12/17/99 [GRN]

12/17/1999   DOCKETING STATEMENT c/s DEFT/APPELLANT eod 12/17/99 [GRN]

12/17/1999   {"Circuit Rule 26.1 Disclosure Statement"} c/s Attorney for DEFT/APPELLANT eod 12/17/99 [GRN]

12/17/1999   SHORT RECORD SENT TO CA w Notice, Info Sheet & Docket Sheet Designation of record letter sent to

*[handwritten left margin: These are the objection the government said never happen]*

Exhibit K

26

MR. DAZEY:  I would first note the question as to the amount involved in the promotion under paragraph 55, if accepted, predicts a total offense level of 35 which accordingly is very little moment in the Court fixing the sentence here in this case.

I think the best observation I can make is that in the general course of the testimony in this trial various witnesses testified that Mark White was present when drug transactions occurred and/or that some money was picked up from Mark White without setting out the amounts that were picked up from Mark White.

One fact -- or one notion that I have tried to point out was that Mr. Edmonson, in his testimony at least in cross-examination, acknowledged that he had only -- he had been present with another person on two occasions when money was picked up personally from Mr. White and that he didn't count the money, he didn't know how much was involved. Clearly, the $305,000 that was intercepted in Kansas, if the testimony before the Court is believed, and it was by the jury, and supports the count of conviction related to money laundering in that capacity, the proposition that Mr. White rented the van, which was used for that notion, is probably going to cause at least the $305,000 to be foreseeable to Mr. White.  There is plenty of cocaine to go around.  There was testimony of plenty of cocaine to go around in this case,

*(handwritten annotations in margins)*

Left margin top: This is AN OBJECTION below I don't know why THE Court haven't seen this objection

Left margin, line 1: 12-10-99

Left margin bottom: This is ASSUMPTION, BECAUSE THE JURY WAS NOT ASKED THIS QUESTION. ANOTHER VIOLATION OF MY 5TH AND 6TH AMENDMENT RIGHTS

Right margin: JUST BECAUSE I'M PRESENT SOME WHERE DOESN'T MEAN I KNOW WHAT'S GOING ON. MR.S REA

Exhibit K

28

1    felons or, in fact, they almost all of them were, either that

2    or they had been charged in this case and received some

3    benefits from that.  So you look at that closely with close

4    scrutiny and then you look at the role that the evidence

5    showed that Mr. White played in this.  It is not a difficult

6    inference to draw that, for example, he is personally

7    responsible for five or six kilograms of crack cocaine, and

8    that his dealing, his activity toward the top of that

9    conspiracy by itself would be enough to infer that a

10   reasonable estimate of how much of the total amount of

11   cocaine that the conspiracy was able to deal was at least

12   foreseeable to him because he was so close to the top.  The

13   testimony is that he was among the better customers.  But

14   even so, his activities in renting vans and attempts to

15   continue the illegal activity showed that it wouldn't support

16   at least a reasonable inference that he was aware of the

17   nature and extent of this conspiracy at its highest and,

18   therefore, is charged with foreseeing those activities and

19   can, therefore, be considered as relevant conduct here.  And

20   I think that to say the conspiracy is responsible for 550

21   kilograms into this community is extremely conservative, and

22   I'll accept the 10 million as 20,000 per kilogram times a

23   reasonable amount to be ascribed to this defendant based on

24   the reasonable inferences from the testimony.

25        So I find that paragraph 64, the total offense level

*Handwritten margin notes:*

*Left margin (lines 1-7):* NO JURY DETERMINED THIS NOR WERE THEY ASKED OR INSTRUCTED TO. THIS VIOLATES MY 5TH AND 6TH AMEND RIGHT. JUDGE FOUND FACTS

*Left margin (lines 14-20):* ANOTHER VIOLATION, BECAUSE THE JURY WAS NOT INSTRUCTED FOR THIS EITHER

*Right margin (top):* CHARACTERIZATION JUST LIKE NO INDIVIDUAL DRUG AMOUNT, AHMAD WILLIAMS 144080, August 25, 2019

*Right margin (lower):* U.S V DAVISON, 761 F.3d 683 (8CIN7 NO INDIVIDUAL DRUG AMOUNT, NO AGREEMENT OF A JOINTLY UNDERTAKING OR OBJECTIVE.

*Bottom right:* THE QUESTION WAS NEVER ASKED BY THE GOVERNMENT OR THE DISTRICT JUDGE. VIOLATION OR INCORRECT

*Exhibit P*

# UNITED STATES DISTRICT COURT
### for the

### Southern District of Indiana

| | |
|---|---|
| United States of America<br>v.<br>Mark White | )<br>)<br>)<br>)<br>) Case No: 1:98CR00038-003<br>) USM No: 05671-028 |

Date of Original Judgment: 12/10/1999
Date of Previous Amended Judgment: 06/13/2003
*(Use Date of Last Amended Judgment if Any)*

Pro Se
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

    Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

    ☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months is reduced to _____.

        *(Complete Parts I and II of Page 2 when motion is granted)*

    Due to the amount of cocaine and cocaine base involved in his case, Mr. White's guideline range was not lowered by the two-level reduction to the base offense level of drug offenses. As such, he is not eligible for a reduction in sentence pursuant to Amendment 782.

A CERTIFIED TRUE COPY
Laura A. Briggs, Clerk
U.S. District Court
Southern District of Indiana

By _____
Deputy Clerk

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.

**IT IS SO ORDERED.**

Order Date: 07/14/2015 _____

Effective Date: _____
    *(if different from order date)*

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

*Exhibit*
*J*

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## ORDER

Submitted November 25, 2015
Decided December 7, 2015

Before

DIANE P. WOOD, *Chief Judge*
WILLIAM J. BAUER, *Circuit Judge*
MICHAEL S. KANNE, *Circuit Judge*

|  | UNITED STATES OF AMERICA, Plaintiff - Appellee |
|---|---|
| No. 15-2812 | v. |
|  | MARK A. WHITE, Defendant - Appellant |

| Originating Case Information: |
|---|
| District Court No: 1:98-cr-00038-LJM-MJD-3 Southern District of Indiana, Indianapolis Division District Judge Larry J. McKinney |

The following are before the court:

1. **MOTION FOR APPOINTMENT OF COUNSEL**, filed on August 31, 2015, by pro se Appellant.

2. **APPELLANT'S BRIEF**, filed on September 22, 2015, by pro se Appellant.

Appellant Mark White seeks counsel to represent him in his appeal, which is timely only with respect the denial of a motion to reconsider the denial of his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782. The district

that the firearm was ``[b]randished.'' App. 40.

The presentence report recommended a 7-year sentence on the § 924(c) count, which reflected the mandatory minimum sentence for cases **in** which a firearm has been ``brandished,'' § 924(c)(1)(A)(ii). Alleyne objected to this recommendation. He argued that it was clear from the verdict form that the jury did not find brandishing beyond a reasonable doubt and that he was subject only to the 5-year minimum for ``us[ing] or carr[ying] a firearm.'' Alleyne contended that raising his mandatory minimum sentence based on a sentencing judge's finding that he brandished a firearm would violate his Sixth Amendment right to a jury trial.

The District Court overruled Alleyne's objection. It explained that, under Harris, brandishing was a sentencing factor that the court could find by a preponderance of evidence without running afoul of the Constitution. It found that the evidence supported a finding of brandishing, and sentenced Alleyne to seven years' imprisonment on the § 924(c) count. The Court of Appeals affirmed, likewise noting that Alleyne's objection was foreclosed by Harris. 457 Fed. Appx. 348 (CA4 2011) (per curiam).

*This language cannot be ignored once it goes before a Judge. Since its clearly established IALS right.*

II

**[3]** The Sixth Amendment provides that those ``accused'' of a ``crime'' have the right to a trial ``by an impartial jury.'' This right, **in** conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt. **United States v. Gaudin**, 515 U.S. 506, 510, 115 S. Ct. 2310, 132 L. Ed. 2d 444 (1995); **In re Winship**, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). The substance and scope of this right depend upon the proper designation of the facts that are elements of the crime.

*This Rule of law was well a before*
*Apprendi v New Jersey*
*Alleyne v United States.*
*So why was it ignored? And not applied*
*properly? Because it affects to many drug cases*
*and Black and Brown people milk.*
*So lets see what the judge say, now that*
*it's before her under sect 404(b) which*
*allows her to correct the error of the*
*past. so good luck and may God be with you*

2LED2D

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

05671028

Chief Judge MAGNUS-STINSON

IN my final letter to you, I truly believe that the Spirit of God will instill in your heart and soul a blessing for a 46 year old father, son and grandpa a chance to hug my mother, my father, kids and loved one's this Christmas. As, I have already served 7 years over the 17 years that I would have had to serve, if I were sentenced to the 20 years that the government has admitted that they exceeded. However, in Judge williams concurring opinion in Crayton V United States at 799 f.3d 630. He stated that if the judge would have sentenced Crayton to 241 months, (20 years and 1 month) would have violated Apprendi. Yet the A.U.S.A is openly admitting to exceeding the 20 year maximum. According to 841(b)(1)(c). which has always been 0-20. years. So is my life and liberty worth more then Assumptions or a hypothetical? As judge Rebecca R Pallmeyer states in United States v Clark 2020 u.s dist Lexis 65980 decided 4-15-2020 where the government is asking the court to keep Mr Clark in prison based on a hypothetical, As she quote MANSOORI. 1:97 CR00063-9, 426 f supp 3d 511, 2019. In the absence of a jury finding a specific quantity for a 841(a) conviction the maximum is 20 years. So chief judge, PLEASE keep in mind that my jury was instructed to find a measurable amount. NOT these 500 kilograms of powder, or the 1.5 kilograms of crack cocaine. That the government is attempting to imply that Judge Mckinney never considered, when judge McKinney gave me 50 & kilograms of crack cocaine. At my original sentencing. So this is a clear characterization of a crack case. As Judge Chang described in the Ahmad Williams 402 f. supp 3d. where He states that, "it bears noting that williams did not plead to crack cocaine. He pled only to cocaine." In which judge chang's opinion has been cited in a number of decisions in this circuit And every judge has acknowledged And read that Ahmad williams did not plead guilty to crack cocaine. But only to powder cocaine. Which is very important chief judge.

Exhibit K

1

However, the formily incarcerated re-enter society transformed safely transitioning every person act. pub. L No. 115-391, 132 stat. 5194 allows a federal court to impose a new sentence, not just simply modify or reduce the current term of imprisonment. It also provides the long awaited relief to my sentence under this unconstitutionally impose sentence. More specifically "Any drug quantity that was attributable to me "MARK WHITE" must come with me stipulating it in a plea deal or found by a jury at trial." Which is my case chief judge, the jury was never required to make a finding that would support the application of a 10 to life minimum or maximum. But, they were instructed to find a measurable amount of a 0-20 841(b)(1)(c). As exhibit C explains. However chief judge I'm paying the penance with my life and liberty for the constitutional errors of the A.U.S.A. while leaving me to serve a sentence that is based on a unconstitutional framework and wrong. But with this newest legislation, congress has indeed taken the first step to begin correcting the wrongs done to people like me between 1984-2005. who has lived and felt the effects of a sentencing scheme that has had a racially disparate impact on me and my family as a whole. When the jury was never asked or required to ~~makes~~ make a finding to support a 10 to life applications. Which this principle regarding the application of a mandatory minimum sentences applies regardless of whether the drug quantity threshold is derived from before or after the passage of the F.S.A and it's clear from the trial and appellate record that. I "MARK WHITE" and my two codefendants left in prison were convicted by the jury for a measure amount ". Which is a unspecified quantity of drugs. But sentenced to the pre-FSA version of a 841(b)(1)(A). Which is such a situation that you chief judge should now conclude that me "MARK WHITE" ~~and~~ must be resentenced for an unspecified drug quantity pursuant to 841(b)(1)(c). As my jury was instructed.

2.

However Chief Judge, it's very important to acknowledge the pre-existing right that, Winship 397 U.S 358 is to the fundamental fairness to trial by jury. Which is the right to have all convictions supported by proof beyond a reasonable doubt. So the error's committed by the A.U.S.A has seriously affected the fairness, integrity and public reputation of judicial proceedings. So chief Judge, I beg you not to turn a blind eye to the land mark decisions of Winship and Gaudin that, were both pre-existing law before appellee and alleyne. Because, for 24 years now, I have set in these prison cells night after night looking up to heaven and the stars and praying to our Heavenly father and asking for the inter session of the virgin mary for help, as I have no other choice or hope. But to have faith, trust and belief in our God. When our justice system has failed me and the A.U.S.A can openly admit to violating my 5th and 6th amendment Rights. Which are clear ethical wrongs to the court and the constitution. But I am the one who has served 24 years in prison. So, as my fate remains at your discretion. I must trust in God and have faith and hope in our Lord Jesus Christ our God. As I read Matthew 6. I pray that you have some compassion for my family. As I am truly and deeply remorseful for my youth and during these trying times of covid-19 I ask you as God as my witness to please give me one chance to hug my family outside these prison walls. Also chief judge to show my growth as a man, Christian, and American citizen. please order me to speak to any group home of youths or trouble teenagers who might be in need of a sound voice who has come from where they have come from. However, my out date right now is 2032, which would mean that, if completed I would be serving 18 years over the 20 year max that, the government has already admitted to exceeding and violating. So there's no sound reason or argument they can make except unjust punishment. Because I have 2 jobs lined up. a place to stay, a family that loves me and I have learned my lesson. So I honestly pray that our Holy father God work through you, as I have also implored the virgin mary for help in you granting me time serve and a chance to go home as I still have 3 years of supervise release to do. So please allow me to go home for christmas and grant me Mark A White his immediate release and time served. I ask in the name of Jesus Christ my lord my God.

M.A. White