UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:98-cr-00038-JMS-MJD |
| ) | |
| MARK WHITE, ) -03 | |
| ) | |
| Defendant. ) | |

**ORDER**

In 1999, a jury convicted Defendant Mark White of conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and three counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (B)(i), and (h). *United States v. White*, 406 F.3d 827, 829 (7th Cir. 2005). Currently serving a 480-month sentence, he now seeks a reduction pursuant to the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, §§ 2-3, 124 Stat. 2372, 2372 (2010), and the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018). *See* dkts. 142, 145, 157, 167, 183, 206. He asks the Court to reduce his sentence to time-served and to order his immediate release. The United States opposes Mr. White's motion. Dkt. 175. For the reasons set forth below, the Court **denies** Mr. White's motion.

**I. Background**

Mr. White seeks a sentence reduction pursuant to § 404(b) of the First Step Act. The foundation of Mr. White's argument is an argument he pressed—and lost—on direct appeal: At sentencing, this Court found that the conspiracy in which Mr. White participated had trafficked in more than 5 kilograms of cocaine. As a result, Mr. White was subjected to a minimum mandatory sentence of 10 years for his drug charge and a guidelines range of 360 months to life. He was

sentenced accordingly. Mr. White contends, however, that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), this Court erred when it failed to submit the drug quantity to the jury. As a result, because the jury never determined the quantity or type of drugs attributable to Mr. White, he contends that his conviction should have been under 21 U.S.C. § 841(b)(1)(C), which today carries a maximum sentence of 20 years of incarceration—3 years less than he has already served. *See, e.g.*, dkt. 145. Mr. White also revives an argument that he pressed—and lost—in an earlier motion for sentence reduction under 18 U.S.C. § 3582(c)(2). Specifically, he argues that he is entitled to the benefit of a retroactive guidelines change and that, if sentenced today, he would be subject to much lower guidelines range—with the low end of the range being no more than 262 months (just less than 22 years).[1] Because he has already served more than 23 years, he argues that the Court should order his immediate release. In response, the United States argues that the Court should deny relief because the First Step Act did not change the statutory penalties or the guidelines range for Mr. White's crimes and because his argument is based on arguments that the Seventh Circuit has already rejected. Dkt. 175.

---

[1] Mr. White is not entirely consistent in explaining what he thinks his guidelines range would be if he were sentenced today. When Mr. White was resentenced, the Court found his base offense level to be 38. It also added 2 levels for possessing a weapon and 2 levels for obstruction of justice, resulting in a final offense level of 42. *See* dkt. 162 at 17–18; *see also United States v. White*, 406 F.3d 827, 836 (7th Cir. 2005). With a criminal history category of II, his guidelines range was 360 months to life. *Id.* That range remains the same today. U.S.S.G., Ch. 5, Sentencing Table (2018). In his opening motion, Mr. White argued that, if sentenced today, the low end of his guidelines range would be 235 months "for a first time, non-violent offender, "dkt. 142 at 4–5, which seems to suggest that, if sentenced today, he would be sentenced at offense level 38 and criminal history category I. U.S.S.G., Ch. 5, Sentencing Table (2018) (showing guidelines range of 235–293 months for offense level 38 and criminal history category I). In his supplemental brief, Mr. White changes his argument and contends that he is entitled to a two-level reduction (apparently referring to Amendment 782 to the Sentencing Guidelines), which would bring his base offense level to 36 , which would result in a guidelines range of 210–262 months, assuming a criminal history category of II. *See* dkt. 167 at 3–4. He then adds back in "a 2 point enhancement, that the Jury did not determine," which "puts Mr. White at level 38, 262–326 months," *id.* at 4, which is the current guidelines range for an offense level of 38 with a criminal history category of II. U.S.S.G., Ch. 5, Sentencing Table (2018). Although Mr. White is not entirely consistent in his analysis, the Court understands him to be arguing that—if he were sentenced today—he would be sentenced with an offense level of 38 and a criminal history category of I or II, which would result in the low-end of his guidelines range being not more than 262 months, which is less than the 23 years he has currently served.

### A. Fair Sentencing Act and First Step Act

Congress passed the Anti-Drug Abuse Act of 1986 in an effort to remedy the nationwide fear of drug abuse—in particular—cocaine base. *See generally United States v. Shull*, 793 F. Supp. 2d 1048, 1050 (S.D. Ohio 2011) (discussing the history of cocaine base sentencing and the Anti-Drug Abuse Act of 1986); *United States v. Watts*, 775 F. Supp. 2d 263, 266–67 (D. Mass 2011) (same). The Anti-Drug Abuse Act created a harsh sentencing disparity between cocaine base and powder cocaine offenses. *Kimbrough v. United States*, 552 U.S. 85, 94–95 (2007); *see also Dorsey v. United States*, 567 U.S. 260, 263 (2012) (noting the act imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount in cocaine base).

That disparity was not addressed until Congress enacted the Fair Sentencing Act in 2010. *Dorsey*, 567 U.S. at 264; *see also United States v. Dodd*, 372 F. Supp. 3d 795, 799 (S.D. Iowa 2019) (noting the Fair Sentencing Act was passed to remedy the disproportionately harsh sentences imposed for cocaine base). Among other things, the Fair Sentencing Act increased the amount of cocaine base required to trigger certain mandatory minimums. *United States v. Booker*, No. 07-CR-843-7, 2019 WL 2544247, at *1 (N.D. Ill. June 20, 2019) (citing *Dorsey*, 567 U.S. at 264). For example, when a defendant has a prior felony drug conviction, it increased the amount of cocaine base required to trigger a sentence between the range of twenty years to life in prison from 50 grams to 280 grams. 21 U.S.C. § 841(b)(1)(A)(iii)[2]; *see also Booker*, 2019 WL 2544247 at *1.

---

[2] Section 404 of the First Step Act again amended the sentences set forth in § 841(b) in cases in which the United States filed an information under 21 U.S.C. § 851 alleging that the defendant had certain prior felony convictions. *See* 132 Stat. at 5220-21. These changes are not relevant to this case because the United States did not file an information under § 851.

3

Signed into law on December 21, 2018, the First Step Act makes retroactive the Fair Sentencing Act's reduction in the disparity between cocaine base and powder cocaine sentences. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 115th Cong. § 404 (2018). Section 404 reads as follows:

> (a) Definition of covered offense.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) Defendants previously sentenced.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) Limitations.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Pub. L. No. 115-391, § 404.

In other words, the First Step Act permits this court to impose a reduced sentence for certain offenses that were committed before August 3, 2010, in accordance with the Fair Sentencing Act, if no such reduction was previously granted. *Id.* §§ 404(b), (c).

Mr. White hopes to benefit under these statutes because his offense involved cocaine base.

**B. Procedural History**

On direct appeal, the Seventh Circuit summarized the facts of Mr. White's case as follows:

> Defendants Willie Boddie, Stephanie Johnson, Dennis Jones, Anthony Spradley, Anthony Thompson, Ellis Walker, and Mark White were charged with crimes arising out of their participation in a large, Indianapolis-based drug conspiracy. The

4

>conspiracy reigned from 1992 to 1997 and involved the trafficking of hundreds of kilograms (kilos) of cocaine, the accumulation and laundering of substantial profits, and two short-lived business pursuits. The conspiracy seemed invincible until November 1996, when Marcus Willis, working on behalf of law-enforcement officials, arrived on the scene. He worked for law enforcement for approximately eight months (through June of 1997) until he was murdered in one of the defendant's vehicles. Not long after his murder, charges were filed against each of the defendants and several others not part of this appeal.

*United States v. Thompson*, 286 F.3d 950, 956 (7th Cir. 2002). The superseding indictment charged Mr. White with: (1) conspiracy to possess with intent to distribute and to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); (2) murdering Marcus Willis with the intent to prevent communication by Mr. Willis to a law enforcement officer of information relating to the commission or possible commission or a federal offense, in violation of 18 U.S.C. § 1512(a)(1)(C) (Count 2); (3) murdering Mr. Willis with the intent to retaliate against him for providing information to a law enforcement officer relating to the commission or possible commission of a federal offense, in violation of 18 U.S.C. § 1111(a) (Count 3); (4) using a firearm during an in relation to a crime of violence (the murder of Mr. Willis), in violation of 18 U.S.C. § 924(c) and 2 (Count 4); and (5) 4 counts of money laundering (Counts 7, 8, 13, and 22). Dkt. 166-3. Following a trial, the jury convicted Mr. White of Counts 1, 7, 8, and 22—that is, one drug count and three counts of money laundering. Dkt. 162. The drug quantity was not submitted to the jury. *See Thompson*, 286 F.3d at 966.

This Court originally sentenced Mr. White to life imprisonment on Count 1, based on its finding at sentencing that the conspiracy trafficked in more than 5 kilograms of cocaine and its conclusion that the murder cross-reference in U.S.S.G. § 2D1.1(d)(1) applied. *Id.* With those parameters, the minimum mandatory sentence for Count 1 was 10 years, *see* 21 U.S.C. § 841(b)(1)(A) (eff. Oct. 21, 1998 to Feb. 17, 2000); dkt. 162 at 23, and the maximum sentence for Counts 7, 8, and 22 was 20 years per count, *see* 18 U.S.C. § 1956, dkt. 162 at 23. At sentencing,

5

the Court found that at least 550 kilograms of cocaine and 5–6 kilograms of crack cocaine was reasonably foreseeable to Mr. White. *See* dkt. 167-1 at 10; *see also* dkt. 183-1 at 10. Thus, the guideline range for imprisonment was life. Dkt. 162 at 23. The Court sentenced Mr. White to life imprisonment on Count 1. *See Thompson*, 286 F.3d at 956.

Mr. White appealed. On appeal, Mr. White raised a claim under *Apprendi*. The Seventh Circuit rejected that claim, reasoning:

> All the defendants, except Johnson, challenge their sentence based on the rule established in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that any fact (other than a prior conviction) that increases the sentence beyond the statutory maximum must be submitted to the jury and proven beyond a reasonable doubt. The defendants claim that the district court erred by failing to submit drug quantity to the jury because drug quantity determines the maximum sentence under 21 U.S.C. § 841(a). *See United States v. Nance,* 236 F.3d 820, 825 (7th Cir.2000) (holding that it is *Apprendi* error not to submit drug quantity to the jury). Because the defendants did not object below, plain error is the appropriate standard of review. *Id.* To succeed on plain error review, the defendants must show that a jury would not have been able to find that the conspiracy distributed over five kilos of cocaine, the amount necessary to support the sentences imposed by the court. *See Id.* at 826. Based on the evidence presented at trial, the defendants cannot make that showing.
>
> The vast majority of the testimony from which the jury could conclude that a conspiracy existed among the defendants involved transactions amounting to over five kilos . . . . The only evidence supporting an inference of conspiracy among each of the defendants that describes a less-than-five-kilo transaction was that of Officer Neukam, relaying the uncorroborated hearsay testimony of murdered informant Marcus Willis. We think it unlikely that the jury would have relied solely on this evidence to convict the defendants of conspiracy for two reasons. First, uncorroborated hearsay testimony is not particularly compelling. Second, and more to the point, it is much more likely that when determining that the conspiracy trafficked in over five kilos, the jury relied on the overwhelming evidence that the conspiracy trafficked in over five kilos, which included not only the testimonial evidence described above but additional evidence presented at trial of conspiracy members' purchases of extravagant vehicles, homes, and motorcycles (amounting to over $500,000) as well as the seizure during the pendency of the conspiracy of over $350,000 that was never reclaimed.
>
> Based on the totality of this evidence, we believe that any reasonable jury would have concluded that the conspiracy distributed in excess of five kilos. Therefore, the district court's failure to submit drug quantity to the jury was not plain error worthy of reversal.

*Thompson*, 286 F.3d at 966–67. Ultimately, the Seventh Circuit affirmed Mr. White's conviction but remanded the case for resentencing, finding that this Court erred in applying the murder cross-reference. *Id.* at 960–61.

On remand, this Court found that the obstruction of justice enhancement in U.S.S.G. § 3C1.1 applied as to Count 1. This resulted in a final offense level of 42 (representing a base offense level of 38 because Mr. White was accountable for 550 kilograms of cocaine, plus a 2-level obstruction-of-justice enhancement, plus a 2-level enhancement for possessing a weapon). *See White*, 406 F.3d at 836; *see also* dkt. 162 at 17–18, 23. With a criminal history category of II, Mr. White's guidelines range was 360 months to life. *White*, 406 F.3d at 836. At the time, the guidelines were mandatory. The Court resentenced Mr. White to 480 months of imprisonment on Count 1 and to concurrent terms of 240 months of imprisonment on Counts 7, 8, and 22. *Id.* at 831. Mr. White again appealed. After Mr. White appealed, the U.S. Supreme Court issued its ruling in *United States v. Booker*, 543 U.S. 220 (2005), holding that the sentencing guidelines were no longer mandatory, but advisory. The Seventh Circuit affirmed this Court's application of the obstruction-of-justice enhancement but ordered a limited remand so that the Court could advise whether it would impose the same sentence in light of *Booker*. *White*, 406 F.3d at 836. On remand, this Court confirmed that it would have imposed the same sentence today knowing that the guidelines are not mandatory. *United States v. White*, 155 F. App'x 901, 902 (7th Cir. 2005). Thereafter, the Seventh Circuit affirmed this Court's imposition of a 480-month sentence. *Id.* at 902–03. Mr. White's petition for certiorari review was denied on November 6, 2006, *see White v. United States*, 127 S. Ct. 552 (2006), and his petition for rehearing was denied on January 8, 2007, *see White v. United States*, 127 S. Ct. 1043 (2007).

In 2008, Mr. White filed a motion under 28 U.S.C. § 2255. *White v. United States*, No. 1:08-cv-30-LJM-DML ("Habeas Dkt."), dkt. 1. Among other things, he argued that his trial counsel was ineffective for failing to raise an objection under *Apprendi*. *Id.* The Court denied that motion because it was not timely filed and because Mr. White had not shown an adequate excuse for the untimely filing. Habeas Dkt. 17 (S.D. Ind. Mar. 3, 2009). The Seventh Circuit denied a certificate of appealability. Habeas Dkts. 33, 45.

In 2015, Mr. White filed a motion for modification of sentence under 18 U.S.C. § 3582(c)(2), which allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." Dkt. 39. He relied on Amendments 706, 750, and 782, and argued that his guidelines range should now be 188–235 months. Dkt. 49. The Court denied the motion, concluding that Mr. White was not eligible for a reduction in sentence under Amendment 782 because his guideline range was not lowered due to the amount of cocaine and cocaine base involved in his case. Dkt. 54. Mr. White asked the Court to reconsider, arguing that the drug weight attributed to him at sentencing was inaccurate and that the Court should recalculate the weight pursuant to *United States v. Duncan*, 639 F.3d 764, 767–68 (7th Cir. 2011). Dkt. 56. The Court denied his motion to reconsider. Dkt. 57. Mr. White appealed, and the Seventh Circuit summarily affirmed this Court's judgment reasoning:

> White's conspiracy involved large amounts of cocaine, he was involved for five years, and he did not challenge the amount of drugs attributed to him in his direct appeal. Under the current drug quantity table, 450 kilograms or more of cocaine results in a base level of 38, and White's base level remains 38. Because his guidelines range remains unchanged, the district court lacked the authority to reduce his sentence pursuant to § 3582(c)(2).

Dkt. 68 (internal citations omitted).[3]

On October 22, 2019, Mr. White filed a pro se motion titled "Motion Requesting Recalculation of Sentence Pursuant to the First Step Act of 2018 Sec. 404." Dkt. 142. In the motion, he sought a recalculation of his sentence under § 404 of the First Step Act. *Id.* He also submitted a supplemental letter in support of his motion. Dkt. 145. The Court appointed counsel to represent him. Dkt. 146. Counsel appeared on his behalf, dkt. 147, but later withdrew, dkts. 158, 159. Mr. White supplemented his motion on June 22, 2020. Dkt. 157. After counsel withdrew, the Court also directed Mr. White to supplement his motion with any information or argument that may inform the Court's discretion to grant or deny his motion for sentence reduction. Dkt. 160. Mr. White submitted a supplemental brief in support of his motion on August 28, 2020. Dkt. 167. The United States responded on November 24, 2020. Dkt. 175. Mr. White replied on December 11, 2020, and submitted another supplemental letter on February 11, 2021. Dkts. 183, 206. Thus, his motion is ripe for review.

## II. Discussion

When considering a motion to reduce sentence, a district court is first "faced with the question of whether the defendant is eligible for a sentence reduction. If the defendant is eligible, then the court faces the question of whether it *should* reduce the sentence. *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020) (citing *United States v. Shaw*, 957 F.3d 734, 736 (7th Cir. 2020)). Mr. White argues both that he is eligible for a sentence reduction and that he should receive a sentence reduction. The United States argues that Mr. White is ineligible for a sentence reduction

---

[3] Mr. White was sentenced and resentenced by the Honorable Larry J. McKinney. Judge McKinney also ruled on Mr. White's § 2255 motion and his § 3582(c)(2) motion. The undersigned was assigned to this case in 2018.

because the Fair Sentencing Act did not change the statutory range or the guidelines range for Count 1.

### A. Eligibility for Sentence Reduction

Section 404(b) of the First Step Act provides that a court "may" reduce the sentence of a defendant convicted of a "covered offense." *See United States v. Bethany*, 975 F.3d 642, 650 (7th Cir. 2020). "A 'covered offense' is defined as an offense (1) committed before the enactment of the Fair Sentencing Act on August 3, 2010, and (2) involving a quantity of drugs that no longer triggers enhanced penalties." *Bethany*, 975 F.3d at 650 (quoting § 404(a) of the First Step Act). Additionally, to be eligible for a sentence reduction, a defendant must not have previously sought relief under § 404 or been denied relief "after a complete review of the motion on the merits." Pub. L. No. 115-391, § 404(a), (c).

#### 1. Offense Committed Before Enactment of the Fair Sentencing Act

Mr. White committed Count 1 before enactment of the Fair Sentencing Act. The superseding indictment alleged that Mr. White participated in a conspiracy that extended from around 1992 through and including late 1997 or early 1998. Dkt. 163-3 at 2. This timeframe is well before enactment of the Fair Sentencing Act in August 2010.

#### 2. Previous Relief

The next inquiry is whether Mr. White has previously sought relief under § 404 or been denied relief "after a complete review of the motion on the merits." Pub. L. No. 115-391, § 404(a), (c). Mr. White has not previously sought or been denied relief under § 404 after a complete review of the motion on the merits.

### 3. Change in Penalties Applicable to Offense of Conviction

The final requirement of eligibility for a sentence reduction is that the offense of conviction involved a quantity of drugs that no longer triggers enhance penalties. *Bethany*, 975 F.3d at 650. Although this inquiry is "somewhat complicated," the Seventh Circuit has stated that "whether an offense is covered simply depends on the statute under which a defendant was convicted." *Id.* (quoting *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020)). "[T]he statute of conviction alone determines eligibility for First Step Act relief." *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020). To determine whether a crime is a "covered offense," a court must determine: (1) the exact criminal statute that the defendant was convicted of violating; and (2) whether its statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act of 2010. *United States v. Hogsett*, 982 F.3d 463, 465 (7th Cir. 2020) (citing *Shaw*, 957 F.3d at 738). For a defendant convicted of violating 21 U.S.C. § 841(a), the statute of conviction is "not § 841(a) or § 841 as a whole," but rather includes "both the conduct and the quantity provisions"—that is, that statute of conviction includes § 841(a) and the specific subsection of § 841(b) setting forth the penalties for the drug quantity at issue. *Id.* at 466 (holding that defendant's statute of conviction included both § 841(a) and § 841(b)(1)(C)).

The superseding indictment charged Mr. White only with violating 21 U.S.C. § 841(a)(1). Dkt. 166-3 at 2. It did not specify which subsection of § 841(b) applied. That said, it specified that Mr. White and his co-defendants conspired together to possess with intent to distribute and to distribute more than 5 kilograms of cocaine, thereby making it clear that Mr. White was charged with violating § 841(a)(1) and § 841(b)(1)(A)(ii). *See* 21 U.S.C. § 841(b)(1)(A) (eff. Oct. 13, 1996 to Oct. 20, 1998) (specifying penalties for offenses involving 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine). Likewise, this Court sentenced Mr. White

as if the provisions of § 841(b)(1)(A)(ii) controlled, and the Seventh Circuit affirmed the conviction. Dkt. 68 (Mandate, Case No. 15-2812). For these reasons, this Court now finds that Mr. White's statute of conviction was § 841(b)(1)(A)(ii).

While §§ 2 and 3 of the Fair Sentencing Act changed the statutory penalties for some offenses under § 841, they did not change the penalties for convictions under § 841(b)(1)(A)(ii). Specifically, at the time Mr. White was charged, sentenced, and resentenced, a violation of § 841(b)(1)(A)(ii) carried a mandatory minimum sentence of 10 years, with an enhancement to 20 years with one prior drug felony, and life with two or more prior drug felonies. 21 U.S.C. § 841(b)(1)(A)(ii) (eff. Oct. 13, 1996 to Oct. 20, 1998); *id.* (eff. Oct. 21, 1998 to Feb. 17, 2000); *id.* (eff. Nov. 2, 2002 to Mar. 8, 2006). After passage of the Fair Sentencing Act, the penalties for violating § 841(b)(1)(A)(ii) remained the same. *See id.* (eff. Aug. 3, 2010 to Dec. 20, 2018). Because the Fair Sentencing Act did not change the penalties for the crimes of which Mr. White was convicted, he is not eligible for relief under § 404 of the First Step Act.

Mr. White attempts to avoid this conclusion by recharacterizing his statute of conviction based on the *Apprendi* argument he made to the Seventh Circuit. Specifically, Mr. White contends that he should not have been convicted under § 841(b)(1)(A)(ii) because the drug weight was not submitted to the jury. *See, e.g.*, dkt. 145. Thus, according to him, he should only have been convicted of violating § 841(b)(1)(C), which does not require any particular drug weight. And if he were sentenced under § 841(b)(1)(C) post-Fair Sentencing Act, he would be subject to a maximum sentence of 20 years of imprisonment. Mr. White also adds complaints that the prosecutors knew that they were required to submit the drug weight to the jury and generally argues that his sentence is unconstitutional because the jury never determined the drug weight. *See, e.g.*, dkt. 183.

But the fact remains that Mr. White *was* convicted of violating § 841(b)(1)(A)(ii).[4] He made his *Apprendi* argument on direct appeal and argued that he should not have been convicted under that section, but the Seventh Circuit rejected his argument and affirmed his conviction. Mr. White cannot use his § 404 motion to revisit the validity of his conviction. Neither can he use it as an opportunity to relitigate arguments that could have been raised in a timely § 2255 motion. *Cf. See United States v. Musgraves*, __ F. App'x __, 2021 WL 945092, at *2 (7th Cir. Mar. 12, 2021) (affirming district court's denial of motion for compassionate release under § 603 of the First Step Act and reasoning, "Compassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction . . . . [T]he correct vehicle to challenge a conviction or sentence is 28 U.S.C. § 2255 or, in rare circumstances, 28 U.S.C. § 2241 . . . . [W]hether [the defendant] committed a qualifying "controlled substance offense" [for purposes of the career offender designation] goes to the validity of the sentence, which is a hallmark use of § 2255(a).").

Mr. White's other arguments in favor of a sentence reduction are equally unavailing. As explained, he claims entitlement to the benefit of a guidelines change, contending that, if he were sentenced today, the low-end of his guideline range would be, at most, 262 months. Dkts. 142, 167. That is, he attempts to relitigate his motion for relief under § 3582(c)(2). Section 404 of the First Step Act does not, however, give the Court the authority to reduce a sentence based on a guideline change. Regardless, the Court has already rejected Mr. White's argument that he was entitled to the benefit of retroactive guideline changes, finding that his guideline range had not

---

[4] In this respect, Mr. White's reliance on various district court cases discussing eligibility for First Step Act relief is unavailing. He points the Court to a number of cases in which district courts found that eligibility for relief under the First Step Act is determined by looking to the statute of conviction, not the actual drug weights (as reflected by the Presentence Investigation Report or other evidence). *See, e.g.*, dkt. 145. Those cases are no help to Mr. White because he was convicted under § 841(b)(1)(A)(ii), and the penalties for that section did not change. That is, the Court has not determined Mr. White's eligibility for relief by looking to the actual amounts of drugs involved. Instead, it has determined his eligibility by looking to his statute of conviction, as the Seventh Circuit has instructed the Court to do.

been lowered due to the quantity of drugs involved in his case. The Seventh Circuit affirmed that decision, and the Court will not revisit it here. *See* dkt. 68.

Mr. White contends that the Court can revisit the issue of his eligibility for relief under § 3582(c)(2) because of an intervening change in law—namely, the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018). But *Hughes* is wholly inapplicable to Mr. White's case because it applied to defendants who entered binding plea deals, and Mr. White was convicted by a jury. Regardless, even if the Court could revisit this issue, it would not change its conclusion: Mr. White's sentence was based on a final offense level of 42, representing a base offense level of 38 because he was accountable for 450 kilograms or more of cocaine, plus 2 levels for possessing a weapon and 2 levels for obstruction of justice. *See* dkt. 162 at 17–18; *see also* dkt. 68; *White*, 406 F.3d at 836. He also had a criminal history of II. *White*, 406 F.3d at 836. The guidelines range was thus 360 months to life at the time of his resentencing. *Id.* Currently, Mr. White still qualifies for a base offense level of 38 because the minimum threshold for that level is still 450 kilograms of cocaine. U.S.S.G. § 2D1.1(c)(1). And the enhancements for possessing a weapon and obstructing justice still apply, too, *see id.* § 2D1.1(b)(1) and (b)(16)(D), resulting in a final offense level of 42. The guidelines range for offense level 42 and criminal history category II is still 360 months to life. U.S.S.G., Ch. 5, Sentencing Table (2018).

Mr. White complains that the jury did not determine the drug weight, *see, e.g.*, dkt. 167, but—where the guidelines were treated as advisory—the drug weights used to determine guidelines ranges do not have to be submitted to the jury. *See, e.g.*, *United States v. Bryant*, 420 F.3d 652, 656 (7th Cir. 2005) ("By treating the guidelines as advisory, the judge necessarily sidestepped the constitutional infirmity identified in *Booker*—judicial factfinding coupled with mandatory application of the guidelines . . . . *Booker* and its predecessor cases . . . do not foreclose

judicial factfinding in the sentencing context, nor do they dictate that judges must find those facts beyond a reasonable doubt."). Mr. White also complains that two of his co-defendants were granted relief under § 3582(c)(2), *see* dkt. 167, but those defendants were found responsible for smaller drug weights than Mr. White, thus making them inapposite. In addition, Mr. White complains that the Court did not find that 550 kilograms of cocaine was reasonably foreseeable to him, but rather attributable to the conspiracy as a whole. *See* dkt. 142 at 4 n.5. Mr. White's own evidence belies this claim. *See* dkt. 167-1 at 10 (Court's rulings on objections to PSR, stating that Court found "at least 550 kg of cocaine and 5 to 6 kg of crack cocaine was foreseeable to the defendant, who was high up in the conspiracy"). Regardless, neither a § 404 motion nor a § 3582(c)(2) motion is the appropriate vehicle to challenge the validity of his underlying sentence. Finally, Mr. White complains that the Seventh Circuit was incorrect when it said that he had not challenged the drug weight on direct appeal, citing as support his counsel's objections at sentencing in the trial court to the Presentence Investigation Report. *See, e.g.,* dkt. 167-1 at 10. Again, a § 404 motion is not the proper vehicle to challenge the validity of Mr. White's underlying sentence, nor does this district court have the authority to review Seventh Circuit holdings.

In sum, Mr. White is not eligible for a sentence reduction under § 404 of the First Step Act because §§ 2 and 3 did not change the penalties for his statute of conviction, specifically 21 U.S.C. § 841(b)(1)(A)(ii). Thus, his motion for sentence reduction must be denied.

**B.    Section 3553 Factors**

Even if the Court were to find that Mr. White was technically eligible for relief under § 404 of the First Step Act because his case involved cocaine base, it would still decline to reduce Mr. White's sentence. Section 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." 132 Stat. at 5222. In

determining whether to exercise its discretion to grant a sentence reduction under § 404, courts may consider the sentencing factors in 18 U.S.C. § 3553(a). *Shaw*, 957 F.3d at 741. And, in determining whether the sentence imposed is "sufficient, but not greater than necessary," under 18 U.S.C. § 3553(a), a court may consider "updated statutory benchmarks, current Guidelines, and post-sentencing conduct when determining whether a reduced sentence is merited." *United States v. Hudson*, 967 F.3d 605, 613 (7th Cir. 2020).

Upon consideration, the Court finds that the applicable § 3553(a) sentencing factors weigh against reducing Mr. White's 480-month sentence. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. White's motion.

To Mr. White's credit, he has made good use of his 23 years of incarceration. He has completed multiple classes, and he has earned his GED. *See, e.g.*, dkt. 142; dkt. 167-1 at 23. The 23 years he has already served also represents a significant sanction for his crimes, and he is now 46 years old and perhaps less likely to recidivate. His convictions in this case represent his only

adult convictions. Dkt. 162 at 19. He expresses remorse for his actions and states that he plans to obtain employment if he is released. *See, e.g.*, dkts. 167-1 at 1.

However, none of the other § 3553(a) factors have changed since Mr. White was resentenced. As this Court determined at sentencing, Mr. White was responsible for trafficking huge sums of drugs—more than 500 kilograms of cocaine alone. And the conspiracy in which he was involved was violent. While Mr. White was not ultimately convicted of killing Mr. Willis, the fact remains that Mr. Willis—a government informant—was murdered in Mr. White's vehicle and that Mr. White covered up the murder. Dkt. 162 at 10, 16. Such conduct is extremely serious and warrants a significant sanction. The statutory penalties and guidelines for Mr. White's crimes also have not changed. That is, even if he were sentenced today, he would face a mandatory minimum sentence of 10 years, and his guidelines range would be 360 months to life. While the Court commends Mr. White for his efforts at rehabilitation, it concludes that those facts do not outweigh the other § 3553(a) factors. Mr. White's 480-month sentence was appropriate when it was imposed, and the Court continues to conclude that that sentence is sufficient, but not greater than necessary. Releasing Mr. White now would not adequately reflect the seriousness of his crime or the need to deter Mr. White and others from engaging in similar activity. *See United States v. Colon*, __ F. App'x __, No. 20-2394, 2021 WL 1158155 (7th Cir. Mar. 26, 2021) (affirming district denial of motion for sentence reduction under § 404 where defendant was eligible for relief, but district court found that defendant's good behavior and educational efforts in prison did not outweigh the seriousness of his crime and the need for deterrence); *United States v. Dilworth*, 840 F. App'x 29, 29 (7th Cir. 2021) (affirming district court denial of request to reduce sentence of imprisonment under § 404 where defendant was eligible for relief but district court found that defendant's completion of coursework and minor disciplinary history did not change its original evaluation of

§ 3553(a) factors because his crime was serious, the conspiracy was significant, the court needed to deter defendant and others from engaging in similar activity, and the low end of defendant's guidelines had not changed).

### III. Conclusion

For the foregoing reasons, Mr. White's motion to reduce sentence, dkt. [142], is **denied**.

**IT IS SO ORDERED.**

Date: 4/13/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Mark A. White
Reg. No. 05671-028
FCI Pekin
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555