UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:98-cr-00038-JMS-MJD-03 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARK WHITE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:98-cr-00038-JMS-MJD |
| | ) | |
| MARK WHITE, | ) | -03 |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant Mark White seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the

reasons explained below, Mr. White's motion is **denied**.

## I. Background

On direct appeal, the Seventh Circuit summarized the facts of Mr. White's case as follows:

> Defendants Willie Boddie, Stephanie Johnson, Dennis Jones, Anthony Spradley, Anthony Thompson, Ellis Walker, and Mark White were charged with crimes arising out of their participation in a large, Indianapolis-based drug conspiracy. The conspiracy reigned from 1992 to 1997 and involved the trafficking of hundreds of kilograms (kilos) of cocaine, the accumulation and laundering of substantial profits, and two short-lived business pursuits. The conspiracy seemed invincible until November 1996, when Marcus Willis, working on behalf of law-enforcement officials, arrived on the scene. He worked for law enforcement for approximately eight months (through June of 1997) until he was murdered in one of the defendant's vehicles. Not long after his murder, charges were filed against each of the defendants and several others not part of this appeal.

*United States v. Thompson*, 286 F.3d 950, 956 (7th Cir. 2002). The superseding indictment charged

Mr. White with: (1) conspiracy to possess with intent to distribute and to distribute more than 5

kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); (2) murdering Marcus Willis

with the intent to prevent communication by Mr. Willis to a law enforcement officer of information

relating to the commission or possible commission or a federal offense, in violation of 18 U.S.C. §

1512(a)(1)(C) (Count 2); (3) murdering Mr. Willis with the intent to retaliate against him for

providing information to a law enforcement officer relating to the commission or possible commission of a federal offense, in violation of 18 U.S.C. § 1111(a) (Count 3); (4) using a firearm during an in relation to a crime of violence (the murder of Mr. Willis), in violation of 18 U.S.C. § 924(c) and 2 (Count 4); and (5) 4 counts of money laundering (Counts 7, 8, 13, and 22). Dkt. 166-3. Following a trial, the jury convicted Mr. White of Counts 1, 7, 8, and 22—that is, one drug count and three counts of money laundering. Dkt. 162. The drug quantity was not submitted to the jury. *See Thompson*, 286 F.3d at 966.

This Court originally sentenced Mr. White to life imprisonment on Count 1, based on its finding at sentencing that the conspiracy trafficked in more than 5 kilograms of cocaine and its conclusion that the murder cross-reference in U.S.S.G. § 2D1.1(d)(1) applied. *Id.* Mr. White appealed. Ultimately, the Seventh Circuit affirmed Mr. White's conviction but remanded the case for resentencing, finding that this Court erred in applying the murder cross-reference. *Id.* at 960–61.

On remand, the Court resentenced Mr. White to 480 months of imprisonment on Count 1 and to concurrent terms of 240 months of imprisonment on Counts 7, 8, and 22. *See White*, 406 F.3d at 831. Mr. White again appealed. After Mr. White appealed, the U.S. Supreme Court issued its ruling in *United States v. Booker*, 543 U.S. 220 (2005), holding that the sentencing guidelines were no longer mandatory, but advisory. The Seventh Circuit affirmed this Court's application of the obstruction-of-justice enhancement but ordered a limited remand so that the Court could advise whether it would impose the same sentence in light of *Booker*. *White*, 406 F.3d at 836. On remand, this Court confirmed that it would have imposed the same sentence today knowing that the guidelines are not mandatory. *United States v. White*, 155 F. App'x 901, 902 (7th Cir. 2005). Thereafter, the Seventh Circuit affirmed this Court's imposition of a 480-month sentence.[1] *Id.* at 902–03.

---

[1] Mr. White also filed the following motions, all of which were denied: (1) a motion under 28 U.S.C. § 2255, *White v. United States*, No. 1:08-cv-30-LJM-DML, dkt. 1; (2) a motion for modification of sentence under 18 U.S.C. § 3582(c)(2) due to an alleged sentencing range that has subsequently been lowered by the Sentencing

Mr. White filed his motion for compassionate release pro se. Dkt. 239. In his submission, Mr. White argues that he establishes extraordinary and compelling reasons for compassionate release because he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions (type 2 diabetes, hypertension, high cholesterol, hypothyroidism, severe nerve pain in lower back and legs, cyst on his brain, obesity). Dkt. 239 at 11. Mr. White also argues that his mother is currently ill, and he serves as her primary caregiver. Dkt. 239 at 13. Mr. White would also like to be released so he can help care for his adult son who currently suffers from several serious medical conditions. Dkt. 239 at 13. Mr. White argues that the BOP and FCI Pekin have mishandled the pandemic, resulting in multiple large-scale outbreaks. Dkt. 239 at 13-16. He further argues that the lockdown procedures have resulted in harsh prison conditions since the start of the pandemic. Dkt. 239 at 18. Mr. White also states that medical care has been insufficient since the start of the pandemic, resulting in delayed care for all inmates. Dkt. 239 at 20. Mr. White further argues that, due to changing to sentencing guidelines and sentencing errors, if he were sentenced today, he would likely receive a shorter sentence. Dkt. 239 at 24. Finally, Mr. White also argues that his rehabilitation establishes an extraordinary and compelling reason for release.[2] After filing his motion, Mr. White filed several supplements, which the Court has also considered.[3] Dkts. 241, 242, 243. The Court has determined that it can resolve the motion without a response from the United States.

---

Commission pursuant to 28 U.S.C. 994(o), dkt. 39; and (3) a pro se motion titled "Motion Requesting Recalculation of Sentence Pursuant to the First Step Act of 2018 Sec. 404," dkt. 142.

[2] Mr. White briefly refers to monkeypox and the trauma he experienced as a heterosexual having to watch two inmates engage in sex acts. Dkt. 239-1 at 70. It is not clear to the Court if he intended to raise those issues as additional extraordinary and compelling reasons for release, but—to the extent that he did—those arguments fail. Mr. White has put forth no evidence to support his argument that monkeypox is running rampant in his facility let alone that he is at particularized risk of a bad outcome, and he has no evidence that witnessing sex acts is any more problematic for him than it would be for any other inmate. *See United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument regarding conditions).

[3] Mr. White's reliance on a district court case that was not applying Seventh Circuit precedent, dkt. 242, and his reliance on President Biden's recent decision to engage in a prisoner exchange with another country, dkt.

## II. Discussion

### A. Appointment of Counsel

In his motion, Defendant has requested the appointment of the federal public defender's office to represent him in this matter. Dkt. 239-1 at 1. Defendant states that he is in need of counsel because: (1) mail in the prison is significantly delayed, particularly if it is not labeled as "legal mail;" (2) if the prison goes into modified lockdown, Defendant may not be able to access computers and other necessary tools to respond to the government; and (3) the public defender's office is in a much better position to stay current with case law.

There is no statutory authority requiring the Court to appoint defense counsel when pursuing a compassionate release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Accordingly, Defendant's request for the appointment of the federal public defender's office is denied.

The Court also finds that Defendant is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019)

---

243, do not alter the Court's conclusion that he has not established an extraordinary and compelling reason to grant release.

(because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Defendant has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His request for assistance with recruiting counsel must therefore be denied.

## B. Compassionate Release

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. White's first reason for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th

801, 803 (7th Cir. 2021). Mr. White is fully vaccinated dkt. 239-1 at 52, and he has presented no evidence that he is unable to receive or benefit from the vaccine.[4] Additionally, Mr. White "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). The BOP also reports that, as of December 23, 2022, no inmates and 11 staff members at Mr. White's current facility (FCI Pekin) have active cases of COVID-19. https://www.bop.gov/coronavirus/ (last visited Dec. 27, 2022). For these reasons, Mr. White has not carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A). *Barbee*, 25 F.4th at 533.

Mr. White next argues that the BOP has mishandled the pandemic, and due to the mishandling, the past two years of incarceration have been much more difficult than contemplated by the Court at sentencing, thus warranting a sentence reduction. Allegations regarding the handling of the pandemic might form the basis for relief in a civil suit filed in Mr. White's district of incarceration, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v.*

---

[4] To the extent that Mr. White intended to argue that vaccination does not prevent infection due to the everchanging variants of COVID-19 that continue to emerge, that argument is unpersuasive. While it may be true that vaccinated individuals are nevertheless contracting COVID-19 due to variants such as Delta and Omicron, the vaccines still provide significant protection against severe illness, which is the Court's focus in a compassionate release motion. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Dec. 27, 2022) ("COVID-19 vaccines used in the United States continue to protect against severe disease, hospitalization, and death from known circulating variants. They may not be as effective in preventing *infection* from these variants") (emphasis added).

*Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up). Every inmate at Mr. White's facility, and indeed, many inmates across the country, have dealt with similar issues due to the pandemic over the past two years. Mr. White has simply not shown that his situation is extraordinary as compared to other inmates. *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). Mr. White's argument regarding alleged delayed access to medical care during the height of the pandemic and beyond is also unavailing for these reasons.

Mr. White contends that the sentencing disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Seventh Circuit precedent holds to the contrary. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)); *see also United States v. Carr*, No. 21-3108, 2022 WL 1421441, at *1 (7th Cir. May 5, 2022) ("Changes in sentencing law are not extraordinary and compelling reasons for compassionate release."); *United States v. Herbert*, No. 21-3321, 2022 WL 1791964, at *2 (7th Cir. June 2, 2022) (non-retroactive changes to the guidelines are not grounds for compassionate release); *United States v. Watts*, No. 21-2867, 2022 WL 2208517, at *1 (7th Cir. June 21, 2022) (The court "lack[s] discretion under § 3582(c)(1)(A)(i) to reduce a statutory-minimum sentence asserted to be unfairly long. The appropriate path for prisoners to contest the length of their sentences is set forth in 28 U.S.C. § 2255.") (internal citation omitted). But Mr. White claims that such precedent was recently overruled by the United States Supreme Court in *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022), which

held that "the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." Dkt. 241. Thus, he invites the Court to find an extraordinary and compelling reason for a sentence reduction based on the fact that he would likely receive a shorter sentence if sentenced today.

Defendant's argument is not well-taken. *Concepcion* addressed a different portion of the First Step Act—§ 404, which allows a district court to resentence a defendant in certain situations. It has no bearing on Mr. White's motion, which falls under § 603 of the Act. As recently explained by the Seventh Circuit in a binding opinion:

> That the First Step Act did multiple things—lowering sentences for some cocaine cases, enabling prisoners to seek compassionate release on their own motions, and more—does not mean that every decision about any aspect of the First Step Act applies to every potential question under that statute. The First Step Act did not create or modify the "extraordinary and compelling reasons" threshold for eligibility; it just added prisoners to the list of persons who may file motions. We take the Supreme Court at its word that *Concepcion* is about matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the threshold question whether any given prisoner has established an "extraordinary and compelling reason for release."

*United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022); *see also United States v. Sanford*, No. 22-2416, 2022 WL 17176481, at *1 (7th Cir. Nov. 23, 2022).  As a result, the Seventh Circuit reiterated that "[t]here's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255." *Id.* at 594. Thus, under controlling Seventh Circuit precedent, Mr. White cannot establish extraordinary and compelling reasons warranting relief under § 3582(c)(1)(A) based on changes in caselaw or his statute of conviction or the Guidelines, even if those changes mean that Mr. White might receive a shorter sentence if he were sentenced today. Similarly, to the extent Mr. White argues that there were errors at his sentencing, "*Concepcion* thus did not alter our conclusion that 'a claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release.'" *Sanford*, No. 22-

9

2416, 2022 WL 17176481, at *1 (citing *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021).

Prisoners should challenge these alleged errors on direct appeal or through collateral review under 28

U.S.C. § 2255. *See King*, 40 F.4th at 595.

Mr. White's desire to be released so he can help care for his mother and/or son is also not an

extraordinary and compelling reason to grant him release, alone or in conjunction with any other

reason. While it is admirable that Mr. White would like to be there for his family in their time of need,

and though his mother states that she is disabled and her "health is failing rapidly," there is no

evidence that his mother is incapacitated and unable to care for herself. Dkt. 239-1 at 24. Additionally,

Mr. White's mother acknowledges that there are other available caregivers, but they "work out of

town" and are therefore unable to take her to doctor's appointments. Even if there were no other

available caregivers, the Court would not find this to be a valid reason for granting Mr. White

compassionate release. Many inmates have aging and sick parents and family members whom they

might like to support. The desire to care for an elderly or ill relative, however, is not an extraordinary

and compelling reason warranting a sentence reduction. *Cf. United States v. Trice*, No. 1:13-cr-222-

TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting

compassionate release to care for elderly or ill parent); *United States v. Ingram*, 2019 WL 3162305,

at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such

circumstance is not extraordinary.").

With regard to Mr. White's son, by Mr. White's own admission, his son is currently living

with, and being cared for, by the son's mother and maternal grandmother. Dkt. 239 at 13. This is not

a situation where his son has no caregivers. Mr. White's inability to help alleviate the burden on his

son's current caregivers is simply an unfortunate consequence of incarceration that many inmates and

their families face. It is not an extraordinary and compelling reason for release, whether considered

alone or together with any other reason.

That leaves Mr. White with one potentially extraordinary and compelling reason for a sentence reduction—his rehabilitation. While the strides Mr. White has made in prison are admirable, rehabilitation alone cannot be an extraordinary and compelling reason to reduce his sentence. *See United States v. Peoples*, 41 F.4th 837 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme… rehabilitation cannot serve as a stand-alone reason for compassionate release") (cleaned up); *see also* 28 U.S.C. § 994(t). The Court does not find that Mr. White's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

In sum, the Court does not find that any of the arguments made by Mr. White establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

## III. Conclusion

For the reasons stated above, Mr. White's request for appointment of counsel, dkt. 239-1 at 1, and his motion for compassionate release, dkt. [239], are **denied.**

**IT IS SO ORDERED.**

Date: 12/27/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

11

Distribution:

All Electronically Registered Counsel

Mark A. White
Reg. No. 05671-028
FCI Pekin
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555