UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:98-cr-00038-JMS-MJD |
| | ) |
| MARK WHITE, | ) -03 |
| | ) |
| Defendant. | ) |

**Order Denying Motion to Reconsider**

On December 27, 2022, the Court denied Defendant Mark White's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 244. Mr. White argued that he established extraordinary and compelling reasons for compassionate release because: (1) he is at risk of severe illness should he contract COVID-19 due to his underlying medical conditions; (2) his mother is currently ill, and he served as her primary caregiver; (3) he wanted to help care for his adult son who currently suffers from several serious medical conditions; (4) the BOP and FCI Pekin have mishandled the pandemic, resulting in multiple large-scale outbreaks; (5) lockdown procedures have resulted in harsh prison conditions since the start of the pandemic; (6) medical care has been insufficient since the start of the pandemic, resulting in delayed care for all inmates; (7) due to changes to sentencing guidelines and sentencing errors, if he were sentenced today, he would likely receive a shorter sentence; and (8) he substantially rehabilitated himself while in prison. Dkt. 239. The Court found that none of these arguments established an extraordinary and compelling reason to grant him compassionate release, whether considered alone or in conjunction with any other reason, and denied his motion. Dkt. 244.

On January 11, 2023, Mr. White filed a motion asking the Court to reconsider its ruling, arguing that the Court misconstrued one of his arguments. Dkt. 245. Mr. White states that he is not asking the Court to apply sentencing laws that have changed since his conviction, but rather he is arguing that the Court failed to properly apply controlling caselaw when he was originally convicted and sentenced. Specifically, Mr. White argues that the Court failed to properly apply *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and several other Supreme Court cases. The Court has concluded that it can resolve the motion without a response from the United States.[1]

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Federal Rule of Civil Procedure 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal citations omitted).[2] A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

---

[1] The Court notes that despite Mr. White's pending appeal, it maintains jurisdiction to deny his motion for reconsideration. *United States v. Barrett*, 834 F. App'x 264, 265 (7th Cir. 2021) (cleaned up); *see also* Fed. R. Crim. P. 37(a).

[2] Mr. White filed his motion less than 28 days after the Court denied his motion for compassionate release. *See* dkt. 245. Thus, the Court considers the motion to be a Rule 59 motion.

A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

Mr. White has not shown reasons warranting reconsideration of the Court's order denying his motion for compassionate release. As the Court informed him in its prior Order,

> [T]o the extent Mr. White argues that there were errors at his sentencing, "*Concepcion* thus did not alter our conclusion that 'a claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release.'" *Sanford*, No. 22-2416, 2022 WL 17176481, at *1 (citing *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021). Prisoners should challenge these alleged errors on direct appeal or through collateral review under 28 U.S.C. § 2255. *See King*, 40 F.4th at 595.

Dkt. 244 at 9-10. Nothing presented by Mr. White in the instant motion compels the Court to change that conclusion. The Seventh Circuit has repeatedly held that defendants may not use the compassionate-release statute to challenge supposed errors in sentencing. *See United States v. Onamuti*, No. 22-2984, 2023 WL 2759051, at *2 (7th Cir. Apr. 3, 2023) (collecting cases). In fact, Mr. White previously raised an argument pursuant to *Apprendi* which was rejected by the Seventh Circuit on direct appeal. *United States v. Thompson*, 286 F.3d 950, 967 (7th Cir. 2002).

Accordingly, Mr. White's motion to reconsider, dkt. [245], is **denied.**[3]

**IT IS SO ORDERED.**

Date: 4/12/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[3] The Court also declines Mr. White's request to hold its order in abeyance until the Sentencing Commission and Congress decide "what is to be considered and applied as extraordinary and compelling reasons for a compassionate release motion." Dkt. 245 at 5. To the extent there are changes in the future as to what qualifies as "extraordinary and compelling" for purposes of compassionate release in this Circuit, Mr. White is free to file a new motion.

Distribution:

All Electronically Registered Counsel

Mark A. White
Reg. No. 05671-028
FCI Pekin
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555