UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:98-cr-00038-JMS-MJD |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARK WHITE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| vs. | ) | No. 1:98-cr-00038-JMS-MJD |
| | ) | |
| MARK WHITE, | ) | -03 |
| | ) | |
| *Defendant.* | ) | |

**ORDER**

Defendant Mark White has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). [Filing No. 288.] For the reasons explained below, his motion is **DENIED**.

**I.
BACKGROUND**[1]

The Seventh Circuit Court of Appeals summarized the facts underlying Mr. White's case as follows:

> Defendants Willie Boddie, Stephanie Johnson, Dennis Jones, Anthony Spradley, Anthony Thompson, Ellis Walker, and Mark White were charged with crimes arising out of their participation in a large, Indianapolis-based drug conspiracy. The conspiracy reigned from 1992 to 1997 and involved the trafficking of hundreds of kilograms (kilos) of cocaine, the accumulation and laundering of substantial profits, and two short-lived business pursuits. The conspiracy seemed invincible until November 1996, when Marcus Willis, working on behalf of law-enforcement officials, arrived on the scene. He worked for law enforcement for approximately eight months (through June of 1997) until he was murdered in one of the defendant's vehicles. Not long after his murder, charges were filed against each of the defendants and several others not part of this appeal.

---

[1] Much of this Background is taken from the Court's December 27, 2022 Order denying Mr. White's first Motion for Compassionate Release. [Filing No. 244.]

2

*United States v. Thompson*, 286 F.3d 950, 956 (7th Cir. 2002). Mr. White was charged in a Superseding Indictment with: (1) conspiracy to possess with intent to distribute and to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); (2) murdering Marcus Willis with the intent to prevent communication by Mr. Willis to a law enforcement officer of information relating to the commission or possible commission of a federal offense, in violation of 18 U.S.C. § 1512(a)(1)(C) (Count 2); (3) murdering Mr. Willis with the intent to retaliate against him for providing information to a law enforcement officer relating to the commission or possible commission of a federal offense, in violation of 18 U.S.C. § 111(a) (Count 3); (4) using a firearm during and in relation to a crime of violence (the murder of Mr. Willis), in violation of 18 U.S.C. § 924(c) and 2 (Count 4); and (5) four counts of money laundering (Counts 7, 8, 13, and 22). [Filing No. 166-3.] A jury convicted Mr. White of Counts 1, 7, 8, and 22 – one drug count and three money laundering counts. [Filing No. 162.]

This Court originally sentenced Mr. White to life imprisonment on Count 1, based on its finding at sentencing that the conspiracy trafficked more than 5 kilograms of cocaine and its conclusion that the murder cross-reference in United States Sentencing Guidelines § 2D1.1(d)(1) applied.[2] *Thompson*, 286 F.3d at 956. Mr. White appealed and the Seventh Circuit affirmed Mr. White's conviction but remanded for re-sentencing, finding that this Court erred in applying the murder cross-reference. *Id.* at 960-61.

On remand, the Court re-sentenced Mr. White to 480 months of imprisonment on Count 1 and to concurrent terms of 240 months of imprisonment on Counts 7, 8, and 22. *See United States v. White*, 406 F.3d 827, 831 (7th Cir. 2005). Mr. White again appealed and, subsequently, the

---

[2] The murder cross-reference "directs judges to apply the First Degree Murder Guideline, § 2A.1.1, if the defendant's relevant conduct includes the killing of a victim under circumstances that would constitute premeditated murder as defined by 18 U.S.C. § 1111." *Thompson*, 286 F.3d at 957.

3

United States Supreme Court issued its ruling in *United States v. Booker*, 543 U.S. 220 (2005), in which it held that the sentencing guidelines were no longer mandatory, but advisory. The Seventh Circuit affirmed this Court's application of an obstruction-of-justice enhancement that had been factored into Mr. White's sentence, but ordered a limited remand so that the Court could advise whether it would impose the same sentence in light of *Booker*. *White*, 406 F.3d at 836. On remand, this Court confirmed that it would have imposed the same sentence today knowing that the guidelines are not mandatory. *United States v. White*, 155 F. App'x 901, 902 (7th Cir. 2005). Thereafter, the Seventh Circuit affirmed this Court's imposition of a 480-month sentence. *Id.* at 902-03.

Mr. White has filed a second Motion for Compassionate Release, in which he argues that he establishes extraordinary and compelling reasons for compassionate release because: (1) his sentence is unusually long; (2) he needs to care for his ill mother and father; (3) he suffers from diabetes and is not receiving adequate treatment in prison; (4) there is a sentencing disparity between Mr. White and some of his co-defendants; and (5) he has participated in rehabilitation programs while incarcerated. [Filing No. 286 at 3-11.] The United States opposes the motion, [Filing No. 291], and Mr. White filed a reply, [Filing No. 292]. The motion is now ripe for the Court's consideration.

## II.
### DISCUSSION

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

4

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exists and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. White argues that five extraordinary and compelling reasons exist here, and the Court addresses each in turn.

### A. Unusually Long Sentence

First, Mr. White argues that the Court can consider whether he is serving an unusually long sentence under U.S.S.G. § 1B1.13(b)(6), which permits the consideration of non-retroactive changes in law, and that his sentence is unusually long because acquitted conduct is no longer

5

considered relevant conduct under an amendment to the Sentencing Guidelines, so the Court should not have considered the facts surrounding the murder of which he was acquitted when it sentenced him. [Filing No. 286 at 3-4.] He asserts that instead of a base offense level of 42 and a guidelines range of 360 months to life, his base offense level should have been 38 with a criminal history category of II and a guidelines range of 262 to 327 months. [Filing No. 286 at 4.] Mr. White also argues that "[r]eceiving 480 months, forty years, for dealing in powder and base cocaine is excessive and out of line for others similarly situated and being sentenced today." [Filing No. 286 at 6.] He argues further that his total offense level would be different if he were sentenced today because he should not have received a two-level enhancement for obstruction of justice or for firearms. [Filing No. 286 at 2-3.] The Government argues that the United States Sentencing Commission exceeded its authority in promulgating § 1B1.13(b)(6) but that, in any event, Mr. White's sentence is not unusually long. [Filing No. 291 at 10-15.]

Effective November 1, 2023, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (last visited Jan. 21, 2025). One such new circumstance is related to defendants who received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Putting aside the issue of whether the Sentencing Commission exceeded its authority in promulgating § 1B1.13(b)(6), the Court finds that Mr. White has not shown that he meets the requirements of this subsection in any event because he has argued no specific change in the law that results in a "gross disparity" between the sentence he received and the sentence he would receive today. As to Mr. White's acquitted conduct argument, U.S.S.G. § 1B1.3(c) provides that "[r]elevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction." Mr. White was acquitted of murder and using a firearm during and in relation to a crime of violence, but he was convicted of conspiring to distribute and distributing cocaine over a period of multiple years. The Presentence Report noted that Mr. White was found with loaded weapons on his person or in his vehicle numerous times in connection with the conspiracy to distribute cocaine, that he also had loaded weapons in his home or a home with which he was associated, and that co-conspirators testified that he routinely carried a firearm. [Filing No. 162 at 7.] The firearm enhancement applies unless "it is clearly improbable that the weapon was connected with the offense," and Mr. White did not, and has not, shown that this is the case with respect to the conspiracy to distribute cocaine charge. Accordingly, his total offense level and his criminal history category remain the same and U.S.S.G. § 1B1.3(c) does not apply to shorten his sentence. Additionally, the Seventh Circuit Court of Appeals already found that the obstruction of justice enhancement was appropriate. *White*, 406 F.3d at 834. The length of Mr. White's sentence is not an extraordinary and compelling reason for compassionate release, whether considered alone or in conjunction with any other reason.

### B. Need to Care for Ill Mother and Father

Mr. White argues that his mother "needs his help" because she is 65 years old and has type II diabetes with peripheral numbness, along with a history of "renal cell carcinoma with left robotic partial nephrectomy last year," anemia, anxiety, arthritis, asthma, chronic obstructive pulmonary disease, depression, gastroparesis, GERD, Hepatitis C, and hypertension. [Filing No. 286 at 8.] He notes that his mother is single, lives alone, and is on multiple medications, and that his father is also in poor health, including that his left leg is partially amputated. [Filing No. 286 at 8.] He states that his mother and father do not live together, so "are no support for each other." [Filing No. 286 at 8.]

The Sentencing Guidelines permit a court to find that extraordinary and compelling reasons for release exist where a defendant's parent is incapacitated and the defendant would be the only available caregiver for them. U.S.S.G. § 1B1.13(b)(3)(C). Mr. White, however, has not shown that either of his parents is incapacitated. While he has provided medical records demonstrating that they both have health issues, the records do not show that they are unable to care for themselves. Moreover, Mr. White has not shown that he is the only available caregiver for them. Additionally, he states that he would live with his sister if released, [Filing No. 286 at 11], so would not be living with either parent in any event. His parents' health issues do not constitute extraordinary and compelling reasons warranting compassionate release, whether considered alone or in conjunction with any other reason.

### C. Mr. White's Health Issues

Mr. White claims that he suffers from diabetes and is not receiving adequate medical care in prison, including missing three doses of his medication in October 2024 because the insulin he was to receive was expired. [Filing No. 286 at 8-9.] U.S.S.G. § 1B1.13(b)(1)(C) provides that

8

extraordinary and compelling reasons can exist where the defendant is "suffering from a medical condition that requires long-term or specialized medial care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." The extent of Mr. White's argument is that he missed a day and a half of treatment, which the Court finds does not rise to the level of the denial of care for his condition. Further, Mr. White's allegation that he is not receiving adequate medical care might form the basis for relief in a civil suit filed in Mr. White's district of incarceration, but it does not constitute an extraordinary and compelling reason under § 3582(c)(1)(A), whether considered alone or in conjunction with any other reason. *United States v. Miller*, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022).

### D.    Sentencing Disparity

Mr. White notes that he has been in prison for 26 years with 8 years left, and argues that the Court granted a motion for compassionate release filed by his co-defendant, Willie Boddie, and that Mr. Boddie was released after serving approximately 21 years in prison. [Filing No. 286 at 9.] He asserts that another co-defendant, Anthony Spradley, was also granted compassionate release and his sentence was reduced to the same sentence as Mr. White, despite Mr. White being "less culpable in the conspiracy than…[Mr.] Spradley." [Filing No. 286 at 10.] He notes that Mr. Spradley's guideline calculation was enhanced because the Court found that he was a leader of the conspiracy, but that Mr. White did not receive the leadership enhancement. [Filing No. 286 at 10.]

In 2021, the Court granted Mr. Boddie's motion for compassionate release and released him from imprisonment (but increased his supervised release from 5 to 10 years) because it found that he suffered from medical conditions which increased his risk of severe illness if he were to contract COVID-19. [Filing No. 199.] But the Court has already found that Mr. White's medical condition does not warrant compassionate release. As for Mr. Spradley, he was sentenced to a

9

mandatory life sentence, but his sentence was reduced from life to 480 months when the sentencing guidelines became advisory rather than mandatory under *Booker*. Conversely, the Seventh Circuit reviewed Mr. White's 480-month sentence after *Booker* and determined that it was reasonable. *White*, 155 F. App'x at 901. Mr. White has not pointed to any change in the law that results in a lesser sentence and the Court finds that there is not a sentencing disparity that constitutes an extraordinary and compelling reason for compassionate release, whether considered alone or in conjunction with any other reason.

### E. Rehabilitation

Mr. White points to numerous programs he has participated in while incarcerated, although he also notes that he was disciplined for interfering with a security device but that video footage will exonerate him. [Filing No. 286 at 10-11.] While it is commendable that Mr. White has engaged in programming while in prison, rehabilitation alone, no matter how exceptional, cannot be an extraordinary and compelling reason to reduce his sentence. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d) (Nov. 2023); *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022) ("We cannot read § 3582(c) to permit good prison conduct and rehabilitation alone to override Congress's determinate sentencing scheme."). The Court does not find that Mr. White's rehabilitation, whether considered alone or in conjunction with any other reason, is an extraordinary and compelling reason to grant him compassionate release.

The Court, in its discretion, finds that Mr. White has not carried his burden to show that there are extraordinary and compelling reasons for his release, whether considered alone or in conjunction with any other reason. In any event, even if the Court found that extraordinary and compelling reasons exist, it also finds that Mr. White is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Mr. White

10

and his co-defendants distributed large amounts of cocaine into the Indianapolis community over the course of several years. These circumstances indicate that Mr. White is a danger to the safety of any other person or to the community, making compassionate release unwarranted. Mr. White's reentry plan, including that he has a job waiting for him and that he would live with his sister, does not alleviate the Court's concerns.

In sum, the Court finds that Mr. White has not presented extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason, and also finds that he is a danger to the safety of any other person or to the community. Given these determinations, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.
### CONCLUSION

For the reasons stated above, Mr. White's Motion for Compassionate Release, [288], is **DENIED**.

Date: 1/22/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**