UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:98-cr-00038-JMS-MJD |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MARK WHITE | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | 1:98-cr-00038-JMS-MJD |
| | ) | |
| MARK WHITE, | ) | -03 |
| | ) | |
| *Defendant.* | ) | |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

Defendant Mark White (03) has filed a Motion for Compassionate Release, [Filing No. 301], which is ripe for the Court's review.

## I.
### BACKGROUND[1]

The Seventh Circuit Court of Appeals summarized the facts underlying Mr. White's case as follows:

> Defendants Willie Boddie, Stephanie Johnson, Dennis Jones, Anthony Spradley, Anthony Thompson, Ellis Walker, and Mark White were charged with crimes arising out of their participation in a large, Indianapolis-based drug conspiracy. The conspiracy reigned from 1992 to 1997 and involved the trafficking of hundreds of kilograms (kilos) of cocaine, the accumulation and laundering of substantial profits, and two short-lived business pursuits. The conspiracy seemed invincible until November 1996, when Marcus Willis, working on behalf of law-enforcement officials, arrived on the scene. He worked for law enforcement for approximately eight months (through June of 1997) until he was murdered in one of the defendant's vehicles. Not long after his murder, charges were filed against each of the defendants and several others not part of this appeal.

---

[1] This Background is taken from the Court's December 27, 2022 and January 22, 2025 Orders denying Mr. White's two previous Motions for Compassionate Release. [Filing No. 244; Filing No. 297.]

2

*United States v. Thompson*, 286 F.3d 950, 956 (7th Cir. 2002). Mr. White was charged in a Superseding Indictment with: (1) conspiracy to possess with intent to distribute and to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); (2) murdering Marcus Willis with the intent to prevent communication by Mr. Willis to a law enforcement officer of information relating to the commission or possible commission of a federal offense, in violation of 18 U.S.C. § 1512(a)(1)(C) (Count 2); (3) murdering Mr. Willis with the intent to retaliate against him for providing information to a law enforcement officer relating to the commission or possible commission of a federal offense, in violation of 18 U.S.C. § 111(a) (Count 3); (4) using a firearm during and in relation to a crime of violence (the murder of Mr. Willis), in violation of 18 U.S.C. § 924(c) and 2 (Count 4); and (5) four counts of money laundering (Counts 7, 8, 13, and 22). [Filing No. 166-3.] A jury convicted Mr. White of Counts 1, 7, 8, and 22 – one drug count and three money laundering counts. [Filing No. 162.]

The Court originally sentenced Mr. White to life imprisonment on Count 1, based on its finding at sentencing that the conspiracy trafficked more than 5 kilograms of cocaine and its conclusion that the murder cross-reference in United States Sentencing Guidelines § 2D1.1(d)(1) applied.[2] *Thompson*, 286 F.3d at 956. Mr. White appealed and the Seventh Circuit affirmed Mr. White's conviction but remanded for re-sentencing, finding that this Court erred in applying the murder cross-reference. *Id.* at 960-61.

On remand, the Court re-sentenced Mr. White to 480 months of imprisonment on Count 1 and to concurrent terms of 240 months of imprisonment on Counts 7, 8, and 22. *See United States v. White*, 406 F.3d 827, 831 (7th Cir. 2005). Mr. White again appealed and, subsequently, the

---

[2] The murder cross-reference "directs judges to apply the First Degree Murder Guideline, § 2A1.1, if the defendant's relevant conduct includes the killing of a victim under circumstances that would constitute premeditated murder as defined by 18 U.S.C. § 1111." *Thompson*, 286 F.3d at 957.

3

United States Supreme Court issued its ruling in *United States v. Booker*, 543 U.S. 220 (2005), in which it held that the sentencing guidelines were no longer mandatory, but advisory. The Seventh Circuit affirmed this Court's application of an obstruction-of-justice enhancement that had been factored into Mr. White's sentence, but ordered a limited remand so that the Court could advise whether it would impose the same sentence in light of *Booker*. *White*, 406 F.3d at 836. On remand, this Court confirmed that it would have imposed the same sentence today knowing that the guidelines are not mandatory. *United States v. White*, 155 F. App'x 901, 902 (7th Cir. 2005). Thereafter, the Seventh Circuit affirmed this Court's imposition of a 480-month sentence. *Id.* at 902-03.

      Mr. White then filed two Motions for Compassionate Release, [Filing No. 239; Filing No. 288], and the Court denied both, [Filing No. 244; Filing No. 297]. He has now filed a third Motion for Compassionate Release, in which he argues that: (1) his sentence is unconstitutional; (2) if he were sentenced today he would have received a reduced sentence; and (3) he has established extraordinary and compelling reasons for his release, including that his mother has been diagnosed with Stage 3 kidney failure and that he intends to live with his mother upon release and care for her. [Filing No. 301 at 6-37.] The Government opposes the motion, [Filing No. 307], and Mr. White filed a reply, [Filing No. 311]. The motion is now ripe for the Court's consideration.

## II.
### DISCUSSION

      The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth the following considerations when evaluating a request for compassionate release: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement"; and second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(1)(A) and (a)(2). If a court finds that extraordinary and compelling reasons exist and that the defendant is not a danger to the safety of any other person or to the community, it goes on to consider the sentencing factors in 18 U.S.C. § 3553(a), "to the extent that they are applicable." U.S.S.G. § 1B1.13(a).

### A.     Unconstitutional Sentence

First, Mr. White argues that the Court engaged in impermissible fact-finding when it sentenced him to 480 months' imprisonment. [Filing No. 301 at 6-17.] Specifically, he states that the Court impermissibly made factual findings regarding "the quantity of drugs involved, [his] role in the conspiracy, and other factors…." [Filing No. 301 at 7-8.]

Mr. White made a similar argument earlier in this case, when he relied on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) – as he does in his current Motion – and argued that his conviction was impermissible because the drug weight determination was not submitted to the jury. [*See, e.g.*, Filing No. 145.] As the Court stated when it rejected his *Apprendi* argument the first time, Mr. White cannot use a motion for compassionate release to revisit the validity of his conviction. He also cannot use it as an opportunity to relitigate arguments that could have been raised in a timely § 2255 motion. *See United States v. Musgraves*, 840 F. App'x 11, 13 (7th Cir. Mar. 12, 2021) (affirming district court's denial of motion for compassionate release under § 603 of the First Step Act and reasoning, "[c]ompassionate release is a mechanism for inmates to seek a sentence reduction for compelling reasons, not for remedying potential errors in a conviction…. [T]he

5

correct vehicle to challenge a conviction or sentence is 28 U.S.C. § 2255 or, in rare circumstances, 28 U.S.C. § 2241…. [W]hether [the defendant] committed a qualifying 'controlled substance offense' [for purposes of the career offender designation] goes to the validity of the sentence, which is a hallmark use of § 2255(a)."). Mr. White's argument that his sentence was unconstitutional does not provide a reason for compassionate release.

### B. Reduced Sentence If Sentenced Today

Next, Mr. White argues that if he were sentenced today, he would be safety-valve eligible under 18 U.S.C. § 3553(f) which would result in a lower sentence. [Filing No. 301 at 28-31.]

Under 18 U.S.C. § 3553(f), for certain crimes (including those of which Mr. White was convicted), a court must sentence a defendant under the Sentencing Guidelines without regard to any statutory minimum if the Court makes certain findings, including that the defendant did not possess a firearm in connection with the offense, the offense did not result in death or serious bodily injury to any person, and the defendant cooperated with the Government. 18 U.S.C. § 3553(f)(2), (3), and (5). The revisions to the safety valve provision were not made retroactive. 132 Stat. at 5221 ("The amendments made by this section shall apply only to a conviction entered on or after the date of enactment of this Act.").

It is not clear that a non-retroactive change to the rules for sentencing defendants can be an "extraordinary and compelling reason" under § 3582(c)(1)(A)(i). In any event, Mr. White would not be safety-valve eligible even if he were sentenced today. He possessed a firearm in connection with the offense, the offense resulted in death to a person, and he did not cooperate with the Government. [*See* Filing No. 162.]

### C.  Extraordinary and Compelling Reasons

Finally, Mr. White argues that he has established extraordinary and compelling reasons for compassionate release, including that his mother was diagnosed with Stage 3 kidney failure in April 2025 and that he plans to live with and care for her upon his release. [Filing No. 301 at 30-31.]

The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180-81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction," *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

U.S.S.G. § 1B1.13(b)(3)(c) provides that an extraordinary and compelling reason for release includes "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent." Mr. White has not established that his mother's Stage 3 kidney failure has resulted in her incapacitation, but only that it is "a serious and progressive medical condition" and that her health has declined. [Filing No. 301 at 30.] And the "medical records" that he submits in support of his argument that his mother is incapacitated consists of a list of medical conditions and appears to have been created by Mr. White. [Filing No. 311-1.] Further, he has not established that he would be the only available caregiver for his mother. [*See* Filing No. 311 at 22 (Mr. White only stating that he will live with his mother, "[t]herefore, making

7

him the only available caregiver," and that his father's health is also declining).] Mr. White has not established that his mother's health constitutes an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.[3]

In sum, Mr. White may not raise issues with the constitutionality of his sentence in his Motion for Compassionate Release, he would not be safety-valve eligible even if sentenced today, he has not presented extraordinary and compelling reasons to release him whether considered alone or in conjunction with any other reason, and at present he is a danger to the safety of any other person or to the community. Given these determinations, the Court need not address whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.
### CONCLUSION

For the foregoing reasons, Mr. White's Motion for Compassionate Release, [301], is **DENIED**.

Date: 9/11/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[3] In any event, even if the Court found that extraordinary and compelling reasons exist, the Court stands by its finding in connection with Mr. White's previous Motions for Compassionate Release that Mr. White is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). Mr. White and his co-defendants distributed large amounts of cocaine into the Indianapolis community over the course of several years. These circumstances indicate that Mr. White is a danger to the safety or any other person or to the community, making compassionate release unwarranted. Mr. White's plan to live with his mother and his arguments that he has engaged in rehabilitation, displayed good conduct while incarcerated, has family and community support, and has participated in programs designed to reduce recidivism, [Filing No. 301 at 26; Filing No. 311 at 24], do not alleviate the Court's concerns.

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Mark White
#05671-028
FCI MARION
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 1000
Marion, IL 62959