UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| _Plaintiff_, | ) | |
| | ) | |
| _vs._ | ) | 1:98-cr-00038-JMS-MJD |
| | ) | |
| MARK WHITE, | ) | -03 |
| | ) | |
| _Defendant_. | ) | |

### ORDER DENYING MOTION TO RECONSIDER

On September 11, 2025, the Court denied Defendant Mark White's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). [Filing No. 312.] Mr. White had argued that: (1) his sentence was unconstitutional; (2) if he were sentenced today he would have received a reduced sentence; and (3) he has established extraordinary and compelling reasons for his release, including that his mother has been diagnosed with Stage 3 kidney failure and that he intends to live with his mother upon his release and care for her. [Filing No. 301 at 6-37.]   The Court found that Mr. White could not use a motion for compassionate release to revisit the validity of his conviction; that Mr. White would not receive a reduced sentence if sentenced today because he would not be safety-valve eligible pursuant to 18 U.S.C. § 3553(f); and that Mr. White had not established that his mother's health was an extraordinary and compelling reason for his release because he had not shown that her Stage 3 kidney failure diagnosis has resulted in her incapacitation and did not submit medical records to support her diagnosis in any event.  [Filing No. 312 at 5-8.] The Court also found that Mr. White is a danger to the safety of any other person or the community under 18 U.S.C. § 3142(g), making compassionate release unwarranted.  [Filing No. 312 at 8.]

1

On September 24, 2025, Mr. White filed a Motion to Reconsider Denial of Compassionate Release in which he argues that the Court concluded that he is a danger to the community based on firearm and drug quantity findings that were never proven to a jury.  [Filing No. 313 at 1-2.] He also argues that his mother's health is declining, she requires full-time care, he is prepared to provide new medical documentation, and he is the only available caregiver because his siblings refuse to assume responsibility.  [Filing No. 313 at 2.]  Mr. White contends further that several co-defendants "with greater culpability, leadership roles, or more serious criminal histories have been resentenced or released."  [Filing No. 313 at 2.]  He argues that the fact that he has served 28 years of his sentence, is a "first-time federal offender," and does not have a violent record; that more culpable defendants have been granted relief; that "[o]ngoing reliance on acquitted conduct contravenes the Fifth and Sixth Amendments; and that he has "completed over 126 educational programs and is scored by BOP as low risk of recidivism" are extraordinary and compelling reasons warranting his release.  [Filing No. 313 at 2 (emphasis omitted).]  Finally, he argues that the § 3553(a) factors weigh in favor of release and that he will live with and care for his mother "within nine months of release" and will "secure stable housing, maintain compliance with any supervision requirements, and pursue employment or community service."  [Filing No. 313 at 3.]

In its response, the Government argues that Mr. White did not specifically raise an issue in his Motion for Compassionate Release regarding the firearm enhancement finding, but that the Court correctly found that Mr. White cannot challenge the constitutionality of his conviction related to either the firearm enhancement or drug quantity finding through a motion for compassionate release.  [Filing No. 316 at 3-5.]  As to his argument that co-defendants have been treated more favorably, the Government notes that the Court rejected that argument in connection with an earlier motion for compassionate release filed by Mr. White.  [Filing No. 316 at 5.]  The

Government argues further that Mr. White has not provided any additional evidence regarding his mother's health.  [Filing No. 316 at 5.]

"[M]otions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010).  Federal Rule of Civil Procedure 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505-06 (7th Cir. 2016) (internal citations omitted).[1]  A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted).  "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted).  Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

Mr. White has not presented circumstances warranting reconsideration of the Court's Order denying his Motion for Compassionate Release.  First, the Court's finding that Mr. White is a danger to the safety of any other person or to the community was based on the fact that "[he] and his co-defendants distributed large amounts of cocaine into the Indianapolis community over the

---

[1] Mr. White filed his Motion to Reconsider Denial of Compassionate Release less than 28 days after the Court denied his Motion for Compassionate Release.  [*See* Filing No. 312; Filing No. 313.]  Accordingly, the Court considers the Motion to Reconsider to be a Rule 59 motion.

course of several years," [Filing No. 312 at 8], and not on firearm and drug quantity findings that were never proven to a jury, as Mr. White argues.

Second, his argument that his mother's health is declining and he would be her sole caregiver is a rehash of an argument already considered by the Court in connection with his Motion for Compassionate Release, and Mr. White has not provided any additional evidence indicating that this conclusion is erroneous.[2]

Third, the Court has already found in connection with a previous motion for compassionate release that co-defendants who have been granted relief presented different circumstances than those presented by Mr. White. [*See* Filing No. 297 at 9-10.]

Fourth, Mr. White has not shown that the Court's finding that he has not presented extraordinary and compelling reasons for his release constituted a manifest error of law. The Court has already rejected Mr. White's various arguments in connection with earlier motions for compassionate release, and Mr. White has not presented any additional evidence or argument showing that the Court's conclusions were erroneous.

Finally, Mr. White's arguments regarding the § 3553(a) factors are inappropriate because the Court explicitly declined to consider those factors in its Order denying his Motion for Compassionate Release given its finding that Mr. White had not presented extraordinary and compelling reasons for his release. [*See* Filing No. 312 at 8.] While it did conclude that Mr. White is "a danger to the safety or any other person or to the community" under 18 U.S.C. § 3142(g), [Filing No. 312 at 8], Mr. White has not shown that this conclusion was erroneous.

---

[2] There is no legal impediment to Mr. White filing a new motion for compassionate release which includes additional evidence regarding his mother's health. At this time, however, Mr. White has not provided such evidence.

In sum, Mr. White has not shown that the Court committed a manifest error of law or fact and has not presented newly discovered evidence warranting reconsideration of its denial of his latest Motion for Compassionate Release.  Accordingly, his Motion to Reconsider Denial of Compassionate Release, [313], is **DENIED**.  Of course, there is no legal prohibition against Mr. White pursuing a new motion for compassionate release and supporting it with appropriate legal argument and evidence.

Date: 1/7/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

**Distribution via United States Mail to:**

Mark White
#05671-028
FCI MARION
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 1000
Marion, IL 62959